**Brian W. Steffensen (3092)**
**STEFFENSEN ❖ LAW ❖ OFFICE**
PO Box 2279
Salt Lake City, Utah 84110
Telephone (801) 866-3707
Facsimile (866) 221-7980
brianwsteffensen@gmail.com
Attorneys for Defendants

### IN THE UNITED STATES DISTRICT COURT
### STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Darrell L. Deem, et al.<br><br>        Plaintiffs,<br>vs.<br><br>Tracey Baron, et al.<br><br>        Defendants. | **Defendants' Verified Motion to Dismiss or Transfer Case**<br><br>Civil No. 2:15-CV-755<br>Judge David Sam |

Come Now the Defendants and move the Court pursuant to FRCP Rule 12(b)(3) and 28 U.S.C. 1404(a) and/or 1406(a) to dismiss this case for improper venue or in the alternative to transfer it to the United States District Court for Oregon because all of the Defendants are located in Oregon, as well as a majority of the witnesses, documents and other evidence pertinent hereto.

## **STATEMENT OF FACTS**

1. The Plaintiffs are Utah entities.

2. But, all of the Defendants are Oregon entities or residents.

3. None of the real estate properties or other activities which are the subject of the Plaintiffs' claims are located in Utah.

4. The majority of the same are located in Oregon.

5. Therefore, the majority of witnesses, documents and other relevant evidence to this action and the claims herein are all located in Oregon – not Utah, such as:

    a. Bankruptcy Court records and witnesses (none in Utah);

    b. Real property acquisition and title records and witnesses (none in Utah);

    c. Records and witnesses relating to expenses incurred in repairing and renting the real properties (none in Utah);

    d. Defendants' bank and accounting records and witnesses (none in Utah).

6. Consequently, the filing of this lawsuit in Utah was improper and will be

extremely unfair and burdensome upon the Defendants – and actually all of the parties.

## RELEVANT AUTHORITY

**FRCP Rule 12(b)(3)** authorizes a motion to dismiss based upon improper venue.

**28 U.S.C. 1406(a)** provides that if a case was filed in the wrong division, the district court shall dismiss it, or if it be in the interests of justice transfer it to the correct court.

**28 U.S.C. 1404(a)** provides that a court may transfer a case in the interests of justice and for the convenience of the parties and witnesses to any other district where the case might have been brought.

**Section 78B-3-304, Utah Code**, governs the venue of actions arising from a written contract. The section provides:

"78B-3-304.  Actions on written contracts.

An action on a contract signed in this state to perform an obligation may be commenced and tried in the following venues:

(1)  If the action is to enforce an interest in real property securing a consumer's

obligation, the action may be brought only in the county where the real property is located or where the defendant resides.

(2)  An action to enforce an interest other than under Subsection (1) may be brought in the county where the obligation is to be performed, the contract was signed, or in which the defendant resides."

# ARGUMENT

## I.  None of Plaintiffs' Complaints Contain Sufficient Facts to Support Finding That Venue is Proper In Utah

Each of Plaintiffs' complaints contains the same conclusory allegation as to jurisdiction and venue:

"1.   This Court has diversity jurisdiction and venue over the parties in that Plaintiffs are located in the State of Utah and the Defendants are located in the State of Oregon."

This fails to set forth any facts upon which this Court can conclude that venue in Utah is proper.

Once venue is challenged as being in the wrong place, the Plaintiffs have the obligation to prove that venue is properly laid here in Utah. *Rice Contracting Corp. V. Callas Contractors*, Inc., No. 1:08c1163, 2009 U.S. Dist. LEXIS 3, 2009 WL 21597, at 1 (E.D. Va. Jan 2, 2009).

There are no allegations in the Complaints upon which this Court can find that Plaintiffs have met or could meet their burden of proving that venue is proper in Utah.

This action should, therefore, be dismissed.

## II.   Utah is Not the Proper Venue For an Action Which Seeks to Affect Title to Real Property Not Located in Utah

The Utah venue statute cited above prohibits a plaintiff from bringing an action which affects real property in a location other than where the real property is located.

In this case, the Plaintiffs pursuant to their written agreements with defendants seek to impose a constructive trust on, and otherwise claim an interest in, title to various parcels of real property.

From Plaintiffs' own pleading it is clear that none of that real property is located in Utah.  It is located in Oregon.

Under Utah law as to venue, this case should have been filed in Oregon.

Pursuant to 28 U.S.C. 1406(a), this Court "shall" dismiss a lawsuit filed in an improper venue.

## III. It Will Certainly Be Inconvenient to the Parties and Witnesses to Stay in Utah

The public policy behind the Utah venue statute – i.e., that cases be brought where the defendants reside and/or where the property in question is located – is based upon principles of fairness and judicial convenience.

The same policies and considerations underlie the analysis adopted by the Courts when deciding 1404(a) and/or 1406(a) motions to dismiss or change venue.

When determining whether a transfer of the action for the convenience of the parties and witnesses is in the interest of justice, a court is vested with wide discretion. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789, 793 (1955); *King v. Johnson Wax Associates, Inc.*, 565 F.Supp. 711, 719 (D.Md.1983).

Section 1404(a) is intended to place discretion in the District Court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22, 31 (1988) (citing *Van* 169 Md.App. 295 *Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11

L.Ed.2d 945, 953 (1964)).

When a 1404(a) motion is made, as opposed to a 1406(a) motion, it is the moving party who has the burden of proving that the interests of justice would be best served by transferring the action, *Texas Gulf Sulphur Company v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967); *Equitable Bank v. Finn*, 671 F.Supp. 374, 380 (D.Md.1987); *King*, 565 F.Supp. at 719, and a motion to transfer should be granted only when the balance weighs strongly in favor of the moving party. *Akers v. Norfolk and Western Railway Company*, 378 F.2d 78, 80 (4th Cir.1967); *King* at 719. To reach this decision, a court " must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.' " *Stewart*, 487 U.S. at 30, 108 S.Ct. at 2244, 101 L.Ed.2d at 32.

In this case, **the factors in favor of dismissal and/or transfer are compelling**.

### Witnesses:

Only the Plaintiffs reside in Utah. The Defendants and all non-party witnesses all reside in Oregon.

The convenience to the party witnesses is a wash – but the convenience to all of the non-party witnesses favors dismissal of this case and/or transfer to Oregon.

**Documents and other evidence**:

Other than copies of relevant documents in the Plaintiffs' current possession, all documents that evidence the business conducted by the Defendants in Oregon are found in Oregon.  Bank records, court records, land records, records held by repairmen, etc., are all located in Oregon.  None of it is in Utah.

Consequently, the argument for dismissing this case and requiring it to be brought in Oregon is compelling.

For these reasons, the Plaintiffs ask this Court to dismiss this case without prejudice.  In the alternative, this case should be transferred to the United States District Court for Oregon.

Dated this _15th___ day of _____January_____, 2016

**Steffensen ❖ Law ❖ Office**

*/s/ Brian W. Steffensen*

## Sworn Verification of Factual Statements in the Motion

I, Tracey Baron, declare the following to be true under penalty of perjury:

1. I am one of the defendants herein and principal in most of the entity defendants.

2. I have personal knowledge of the facts relevant to this dispute, and of everything that has occurred in Oregon and the persons, entities and documents which will be relevant.

3. I have read the foregoing Motion to Dismiss or Transfer and the factual allegations therein and verify under oath that they are all true and correct.

4. It will be hugely inconvenient for all concerned if all of the witnesses and documents relating to this action and the business which the defendants have done in Oregon have to be brought down to Utah for a lawsuit down there.

           */s/ Tracey Baron*

## Certificate of Service

I hereby certify that on the _15th____ day of __January_____, 2016, that I caused a true and correct copy of the foregoing instrument to be efiled with the Court which in turn served a copy thereof on all counsel of record.

           */s/ Brian W. Steffensen*