**Brian W. Steffensen (3092)**
**STEFFENSEN ❖ LAW ❖ OFFICE**
PO Box 2279
Salt Lake City, Utah 84110
Telephone (801) 866-3707
Facsimile (866) 221-7980
brianwsteffensen@gmail.com
Attorneys for Defendants

### IN THE UNITED STATES DISTRICT COURT
### STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **Darrell L. Deem, et al.**<br><br>      **Plaintiffs,**<br>vs.<br><br>**Tracey Baron, et al.**<br><br>      **Defendants**. | **Defendants' Motion to Dismiss (A) For Lack of Standing and/or (B) for Failure to Join Indispensable Parties**<br><br>Civil No. 2:15-CV-755<br>Judge David Sam |

Come Now the Defendants, without waiver of defects in service and their currently filed Motion to Strike Second Amended Complaint and to Quash Service, and move the Court for an Order dismissing this action under Rules 12, 17 and 19 for (A) Lack of Standing and (B) Failure to Join Indispensable Parties

# Statement of Facts

1. Plaintiff Darrell L. Deem is listed as a plaintiff individually and on behalf of his Roth IRA #14459.

2. Plaintiff David G Law is listed as a plaintiff individually and on behalf of his Roth IRA #11396.

3. Plaintiff Janine W. Law is listed as a plaintiff individually and on behalf of her Roth IRA #12075.

4. The Defendants previously filed (a) a Motion to Strike the Second Amended Complaint and to Quash Service and (b) a Motion to Dismiss or Transfer this Case due to improper venue.

5. The Plaintiffs admitted that the Second Amended Complaint was filed in violation of Rule 15.

6. The Plaintiffs opposed the Motion to Dismiss by submitting to the Court a copy of a Promissory Note (Exhibit 2 to their opposition) and a Supplemental Loan Agreement (Exhibit 3 to their opposition).

7. Upon receipt of the Plaintiffs' opposition and the copies of these two documents, the Defendants noted:

    a.    That the Promissory Note in Exhibit 2 to the Opposition is made payable to "**American Pension Services, Inc. Administrator for David G. Law Roth IRA #11396**;" and

    b.    That the Supplemental Loan Agreement in Exhibit 3 is between RenX Group, LLC and "**American Pension Services Inc., Administrator for David G. Law Roth IRA #11396**" and "**American Pension Services, Inc. Administrator for Darrell L. Deem Roth IRA #14459.**"

8. It is clear from these documents, that the "parties" to these agreements were/are:

    –    "American Pension Services, Inc. Administrator for David G. Law Roth IRA #11396;" and

    --    "American Pension Services, Inc. Administrator for Darrell L. Deem Roth IRA #14459."

9. Mr. Deem and Mr. and Mrs. Law are not parties to these agreements.

10. The custodian/ administrator for the ROTH IRAs is the party to the agreements.

11. Yet, the custodian/ administrator of the ROTH IRAs is not name as a party herein.

12. Further, Mr. Deem and Mr. Law appear to have purported to be able to sign the Supplemental Loan Agreement for and on behalf of their ROTH IRAs.

# ARGUMENT

## I. A ROTH IRA Is a Trust Created Pursuant to the Internal Revenue Code

A ROTH IRA is a trust[1] created by the Internal Revenue Code the income of which is treated in a special way – if the requirements/ restrictions established by the Code are followed.  An individual person causes the ROTH IRA to be created and is usually declared to be its beneficiary.

But, like all trusts, a ROTH IRA's actions/ activities can only be carried out or effected by a "trustee" – which are called "custodians" or "administrators."

When the ROTH IRA is created, the individual creating it formally names and appoints a trustee/ custodian/ administrator to take possession and control of

---

[1] See, e.g., In re Zott, 225 B.R. 160,168 n. 10 (Bankr.E.D.Mich.1998) (finding that "an IRA is, by nature, a self-settled trust"); In re Herbert, 140 B.R. 174,178 (Bankr.N.D.Ohio 1992) (concluding that "an IRA is a self-settled trust"); In re Ree, 114 B.R. 286, 289 (Bankr.N.D.Okla.1990) (finding that, if the IRA in question were a trust, it would be a self-settled trust).

the assets of the trust/ ROTH IRA.

Consequently, like all trusts, ROTH IRAs can only act by and through their duly appointed trustees/ custodians/ administrators.

This means that the assets in the ROTH IRAs are held in the name of the trustee/ custodian/ administrator.

It further means that all actions taken by, and agreements entered into for and on behalf of, the ROTH IRA can only be done/ executed by the properly appointed and acting custodian/ administrator/ trustee.

Mr. Deem and Mr. and Mrs. Law are the beneficiaries of their respective trusts/ ROTH IRAs – not the trustees/ Custodians/ administrators of them.

Because these individuals were not the duly appointed and authorized trustees/ custodians/ administrators of their respective ROTH IRAs, any and all agreements signed by them purporting to act for their ROTH IRAS, but without legal authority to do so, are null and void.

## II. Deem and the Law Do Not Have Standing to Sue on Behalf of their ROTH IRAs

Fed. R. of Civ. P. 17(a) requires an action/ motion to be brought by the real

party in interest:

"An action must be prosecuted in the name of the real party in interest."

From the documents attached to the Plaintiffs' opposition to the Defendants' Motion to Dismiss or Transfer Case (Exhibit 2 (Promissory Note) and Exhibit 3 (Supplemental Loan Agreement)), it is clear that Deem and the Laws are not the real parties in interest.

The real parties in interest are:

- "American Pension Services, Inc. Administrator for David G. Law Roth IRA #11396;" and

-- "American Pension Services, Inc. Administrator for Darrell L. Deem Roth IRA #14459."

- "American Pension Services, Inc. Administrator for Janine W Law Roth IRA #12075."

Consequently, since the named Plaintiffs herein lack standing to bring the claims in this lawsuit, the complaint as currently constituted must be dismissed..

## III. This Complaint Should be Dismissed for Failure to Join Indispensable Parties – the Custodians/ Administrators of the ROTH IRAs

The Federal Rules of Civil Procedure provide:

> "Rule 19. Required Joinder of Parties
>   (a) Persons Required to Be Joined if Feasible.
>
>     (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>       (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
>       (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>         (I) as a practical matter impair or impede the person's ability to protect the interest; or
>
>         (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest

For the reasons already discussed above, the custodians/ administrators of the ROTH IRAs are clearly necessary, indispensable parties as defined in Fed. R. Civ. P. Rule 19 with respect to any action raising claims under agreements like the Promissory Note and Supplemental Loan Agreement attached as Exhibits 2 and 3 to the Plaintiffs' opposition to the Defendants' Motion to Dismiss or Transfer Case.

Rule 12 of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for "failure to join a party under Rule 19."[2]

This complaint as currently constituted should be dismissed for failure to join these clearly indispensable parties.

For either or both of these reasons, this lawsuit should be dismissed.

**Request for Cost and Fees.** The defects in this complaint are so obvious that Defendants should be awarded their costs and fees in having to bring this motion addressing them.

Dated this _11th__ day of _____February_____, 2016

**Steffensen ❖ Law ❖ Office**

_/s/ Brian W. Steffensen_____

**Certificate of Service**

I hereby certify that on the _11____ day of __February____, 2016, that I caused a true and correct copy of the foregoing instrument to be efiled with the Court which in turn served a copy thereof on all counsel of record.

_/s/ Brian W. Steffensen_____

---

[2] FRCP 12(b)(7). *See also* Ethicon v. United States Surgical Corp., 135 F. 3d at 1468; Merial Ltd. v. Intervet Inc., 430 F. Supp. 2d 1357, 1364 (N.D. Ga. 2006)(granting motion to dismiss)