**EXHIBITS – 2A, 2B, 2C, 2D, 2E**

**CONTRACTS – SAMPLES OF CONTRACTS WITH NOTES and ALL CONTRACTS**

**2A. Page one of this 11 page exhibit is this summary page. Followed by a sample copy of an actual "Promissory Note" with a few underlined phrases and some notations on the contract to point out key points.**

**Pages 8 -11 Is a Promissory Note with an addendum connected to four Illinois properties. The addendum guarantees payments for the loans by the Lake Oswego based property management firm which is RenX Group, LLC.**

**2B. Exhibit 2B is a copy of a "Supplemental Loan Agreement" with notes and underlined portions to highlight important points.**

**2C. Exhibit 2C is a copy of an "Assignment of Rents" contract with notes and underlined portions to highlight important points.**

**2D. This 575 page exhibit contains copies of all of the contracts that are in default.**

**2E. This five page exhibit includes two letters to tenants regarding rent payments and activating the assignment of rents contracts in favor of the lenders.**

*OXBOW DOCS*

## PROMISSORY NOTE

Date: _____                                    $5,250.00 (Principal Amount)

1. On this date, above stated, and for value received, the undersigned Maker (hereinafter "Maker") promise to pay in lawful money of the United States of America to the order of **American Pension Services, Inc., Administrator for David G. Law ROTH IRA #11396** (hereinafter "Holder") at 4168 West 12600 South, Third Floor, Riverton, Utah 84065 (or at location as Holder may otherwise designate), the sum of **$5,250.00 (five thousand two hundred fifty and 00/100 US Dollars)** within (eight calendar months) from the date this Promissory Note is executed by the Maker (the "Due Date"). Interest, in the amount of (six (6) percent per annum,) compounded monthly, shall accrue from the date of this Promissory Note. One payment, comprising all outstanding principal and interest shall be due on the Due Date. The final interest and principle payment will be made in accordance with a payoff statement provided by Holder. This Promissory Note contemplates, without limit, dealings between the Maker and Holder concerning property commonly known as at **8965 Oxbow Terrace, Beaverton, OR 97008** (the "Subject Property").

*Lender 1*

2. During the term of this Promissory Note, payments in the amount of $656.25 are to be made on a monthly basis with the first payment due 30 days from funding the loan and will continue monthly until the principal is paid in full, according to that Supplemental Loan Agreement ("SLA") entered into between Maker and Holder (or Holder's designee) concerning the above Subject Property. Thereafter payments shall be made according to the SLA and the loan made under this Promissory Note shall be sufficient consideration for any and all additional payments required under the SLA.

3. There shall be no penalty for prepayment. Time is of the essence.

4. This Promissory Note is unsecured. The benefits of Holder herein should be interpreted broadly in favor of Holder considering the duties of Maker under the SLA. It is anticipated that this Promissory Note will become secured in the future by the property commonly known as at **8965 Oxbow Terrace, Beaverton, OR 97008**, and at such time as document(s) evidencing security are executed this Promissory Note shall be considered as a secured instrument *ab initio*, regardless of whether an amendment has been made to this Promissory Note or not. *Trust Deeds and Notes were never recorded in favor of Lenders.*

5. Upon the Maker's failure to pay any sum required to be paid by the terms of this note or any security instrument, promptly when due, or upon the breach of any stipulation, agreement, warranty or covenant of this note, the SLA, or any security instrument, Maker shall be in default. Upon default, holder of this note must notify Maker that they are in default and that Maker must cure said default within 10 days of the notice. Maker shall have no other option to cure any default except as written above.

*Demand letter was sent to Tracey*

Promissory Note, Page 1 of 3

6. Upon any of the following occurrences, the entire sum remaining unpaid shall, at the option of the Holder hereof, become immediately due and payable: a) the failure of the Maker to make payment in full on or before the 10 days after expiration of default cure period outlined in paragraph 5 above; b) the death of any principal of Maker; c) the application for the appointment of a receiver for any Maker; d) the making of a general assignment for the benefit of any Maker's creditors; e) the insolvency of any Maker; f) a misrepresentation by any Maker for the purpose of obtaining or extending credit and/or any other benefit under this instrument, any security instrument and/or the SLA; g) the sale, taking or other transfer of any property securing this Promissory Note.

7. Should it become necessary or expedient, in Holder's sole discretion, to collect and/or contest this Promissory Note through an attorney the undersigned do all hereby agree to pay all costs of collection, including reasonable attorneys' fee.

8. If any one or more of the provisions of this Promissory Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

9. No term(s) contained herein shall be interpreted as to create a joint venture, partnership, company, corporation or any other business relationship between any Maker and any Holder. Due to the unique and special circumstances between the parties, and the personal nature of the performances contemplated herein, Holder may not assign this Promissory Note. *Four loans on Illinois properties were assigned without any approval documents.*

10. This Promissory Note is the result of negotiations and/or the mutual agreement between the parties and their legal counsel and reflects the mutual understanding of the parties. As such, no deference shall be given to any alleged draftee, or against any alleged draftor, hereof as to any defect contained in this document, whether latent, patent and/or any other defect(s). This Promissory Note shall be interpreted to give broad protection to the Parties protected hereunder and is considered the full and final expression of the intent of the parties herein.

11. No renewal or extension of this Promissory Note, delay in enforcing any right of the Holder under this Promissory Note, or attempted assignment by Holder shall affect the liability or the obligations of a Maker. Any failure of Maker to immediately enforce any provision of this Promissory and Note may not be considered a waiver of Holder's rights hereunder. No waiver may be made by Holder unless made via a written instrument and delivered to Holder. All rights of the Holder under this Promissory Note are cumulative and may be exercised concurrently or consecutively at the Holder's option.

12. This Promissory Note is governed by the laws of the State of Utah without regard to its conflicts of law provisions. Maker and Holder expressly agree that the State and/or Federal courts within the State of Utah shall have sole jurisdiction over the enforcement of this Promissory Note and also any and all issues surrounding and/or pertaining to this Promissory Note, whether specifically contemplated herein or not.

AGREED TO AS OF THE DATE FIRST WRITTEN ABOVE BY:

MAKER:

RenX Group, LLC

_____ Owner 2-14-14   2/14/14
Signature and title                              Date

STATE OF OREGON      )
                     )ss.
County of Clackamas  )

The foregoing instrument was acknowledged before me this 14 day of February, 2014,

_____   [seal]
Notary Public for Oregon

OFFICIAL SEAL
SUSAN H ELLIOTT
NOTARY PUBLIC-OREGON
COMMISSION NO. 474963
MY COMMISSION EXPIRES JANUARY 21, 2017

## PROMISSORY NOTE

Date: _____                                  $5,250.00 (Principal Amount)

1.   On this date, above stated, and for value received, the undersigned Maker (hereinafter "Maker") promise to pay in lawful money of the United States of America to the order of **American Pension Services, Inc., Administrator for Darrell L. Deem ROTH IRA #14459,** (hereinafter "Holder") at 4168 West 12600 South, Third Floor, Riverton, Utah 84065 (or at location as Holder may otherwise designate), the sum of **$5,250.00 (five thousand two hundred fifty and 00/100 US Dollars)** within **eight calendar months** from the date this Promissory Note is executed by the Maker (the "Due Date"). Interest, in the amount of six (6) percent per annum, compounded monthly, shall accrue from the date of this Promissory Note. One payment, comprising all outstanding principal and interest shall be due on the Due Date. The final interest and principle payment will be made in accordance with a payoff statement provided by Holder. This Promissory Note contemplates, without limit, dealings between the Maker and Holder concerning property commonly known as at **8965 Oxbow Terrace, Beaverton, OR 97008** (the "Subject Property").

[handwritten margin note: "Lender 2 same property"]

2.   During the term of this Promissory Note, payments in the amount of $656.25 are to be made on a monthly basis with the first payment due 30 days from funding the loan and will continue monthly until the principal is paid in full, according to that Supplemental Loan Agreement ("SLA") entered into between Maker and Holder (or Holder's designee) concerning the above Subject Property. Thereafter payments shall be made according to the SLA and the loan made under this Promissory Note shall be sufficient consideration for any and all additional payments required under the SLA.

3.   There shall be no penalty for prepayment. Time is of the essence.

4.   This Promissory Note is unsecured. The benefits of Holder herein should be interpreted broadly in favor of Holder considering the duties of Maker under the SLA. It is anticipated that this Promissory Note will become secured in the future by the property commonly known as at **8965 Oxbow Terrace, Beaverton, OR 97008**, and at such time as document(s) evidencing security are executed this Promissory Note shall be considered as a secured instrument *ab initio*, regardless of whether an amendment has been made to this Promissory Note or not.

5.   Upon the Maker's failure to pay any sum required to be paid by the terms of this note or any security instrument, promptly when due, or upon the breach of any stipulation, agreement, warranty or covenant of this note, the SLA, or any security instrument, Maker shall be in default. Upon default, holder of this note must notify Maker that they are in default and that Maker must cure said default within 10 days of the notice. Maker shall have no other option to cure any default except as written above.

Promissory Note, Page 1 of 3

6. Upon any of the following occurrences, the entire sum remaining unpaid shall, at the option of the Holder hereof, become immediately due and payable: a) the failure of the Maker to make payment in full on or before the 10 days after expiration of default cure period outlined in paragraph 5 above; b) the death of any principal of Maker; c) the application for the appointment of a receiver for any Maker; d) the making of a general assignment for the benefit of any Maker's creditors; e) the insolvency of any Maker; f) a misrepresentation by any Maker for the purpose of obtaining or extending credit and/or any other benefit under this instrument, any security instrument and/or the SLA; g) the sale, taking or other transfer of any property securing this Promissory Note.

7. Should it become necessary or expedient, in Holder's sole discretion, to collect and/or contest this Promissory Note through an attorney the undersigned do all hereby agree to pay all costs of collection, including reasonable attorneys' fee.

8. If any one or more of the provisions of this Promissory Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

9. No term(s) contained herein shall be interpreted as to create a joint venture, partnership, company, corporation or any other business relationship between any Maker and any Holder. Due to the unique and special circumstances between the parties, and the personal nature of the performances contemplated herein, Holder may not assign this Promissory Note.

10. This Promissory Note is the result of negotiations and/or the mutual agreement between the parties and their legal counsel and reflects the mutual understanding of the parties. As such, no deference shall be given to any alleged draftee, or against any alleged draftor, hereof as to any defect contained in this document, whether latent, patent and/or any other defect(s). This Promissory Note shall be interpreted to give broad protection to the Parties protected hereunder and is considered the full and final expression of the intent of the parties herein.

11. No renewal or extension of this Promissory Note, delay in enforcing any right of the Holder under this Promissory Note, or attempted assignment by Holder shall affect the liability or the obligations of a Maker. Any failure of Maker to immediately enforce any provision of this Promissory and Note may not be considered a waiver of Holder's rights hereunder. No waiver may be made by Holder unless made via a written instrument and delivered to Holder. All rights of the Holder under this Promissory Note are cumulative and may be exercised concurrently or consecutively at the Holder's option.

12. This Promissory Note is governed by the laws of the State of Utah without regard to its conflicts of law provisions. Maker and Holder expressly agree that the State and/or Federal courts within the State of Utah shall have sole jurisdiction over the enforcement of this Promissory Note and also any and all issues surrounding and/or pertaining to this Promissory Note, whether specifically contemplated herein or not.

AGREED TO AS OF THE DATE FIRST WRITTEN ABOVE BY:

MAKER:

RenX Group, LLC

_____ Owner    Date: 2-14-14
Signature and title

STATE OF OREGON    )
                   )ss.
County of Clackamas )

The foregoing instrument was acknowledged before me this 14 day of February, 2014,

_____     [seal]
Susan Elliott
Notary Public for Oregon

OFFICIAL SEAL
SUSAN H ELLIOTT
NOTARY PUBLIC-OREGON
COMMISSION NO. 474963
MY COMMISSION EXPIRES JANUARY 21, 2017

Promissory Note, Page 3 of 3

## PROMISSORY NOTE

**Date:** February 11, 2014                                $7,250.00  (Principal Amount)

1.      On this date, above stated, and for value received, the undersigned Maker (hereinafter "Maker") promise to pay in lawful money of the United States of America to the order of **American Pension Services, Inc., Administrator for Janine W. Law ROTH IRA #12075** (hereinafter "Holder") at 4168 West 12600 South, Third Floor, Riverton, Utah 84065 (or at location as Holder may otherwise designate), the sum of **$7,250.00 (seven thousand two hundred fifty and 00/100 US Dollars** within eight calendar months from the date this Promissory Note is executed by the Maker (the "Due Date"). Interest, in the amount of six (6) percent per annum, compounded monthly, shall accrue from the date of this Promissory Note. One payment, comprising all outstanding principal and interest shall be due on the Due Date. The final interest and principle payment will be made in accordance with a payoff statement provided by Holder. This Promissory Note contemplates, without limit, dealings between the Maker and Holder concerning property commonly known as at **1490 Falcon Lane, Hoffman Estates. IL 60192** (the "Subject Property").

2.      During the eight month term of this Promissory Note, principle payments are scheduled and due on the 10th of each month as follows: April $1,034.00, May $1,034.00, June $1,034.00, July $1,500.00, August $1,500.00, September $1,250.00.   Thereafter payments shall be made according to the SLA and the loan made under this Promissory Note shall be sufficient consideration for any and all additional payments required under the SLA.

3.      There shall be no penalty for prepayment. Time is of the essence.

4.      This Promissory Note is unsecured. The benefits of Holder herein should be interpreted broadly in favor of Holder considering the duties of Maker under the SLA. It is anticipated that this Promissory Note will become secured in the future by the property commonly known as at 1490 Falcon Lane, Hoffman Estate, IL 60192, and at such time as document(s) evidencing security are executed this Promissory Note shall be considered as a secured instrument *ab initio*, regardless of whether an amendment has been made to this Promissory Note or not.

5.      Upon the Maker's failure to pay any sum required to be paid by the terms of this note or any security instrument, promptly when due, or upon the breach of any stipulation, agreement, warranty or covenant of this note, the SLA, or any security instrument, Maker shall be in default. Upon default, holder of this note must notify Maker that they are in default and that Maker must cure said default within 10 days of the notice. Maker shall have no other option to cure any default except as written above.

6.      Upon any of the following occurrences, the entire sum remaining unpaid shall, at the option of the Holder hereof, become immediately due and payable: a) the failure of the Maker to make payment in full on or before the 10 days after expiration of default

Promissory Note, Page 1 of 4

cure period outlined in paragraph 5 above; b) the death of any principal of Maker; c) the application for the appointment of a receiver for any Maker; d) the making of a general assignment for the benefit of any Maker's creditors; e) the insolvency of any Maker; f) a misrepresentation by any Maker for the purpose of obtaining or extending credit and/or any other benefit under this instrument, any security instrument and/or the SLA; g) the sale, taking or other transfer of any property securing this Promissory Note.

7.  Should it become necessary or expedient, in Holder's sole discretion, to collect and/or contest this Promissory Note through an attorney the undersigned do all hereby agree to pay all costs of collection, including reasonable attorneys' fee.

8.  If any one or more of the provisions of this Promissory Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

9.  No term(s) contained herein shall be interpreted as to create a joint venture, partnership, company, corporation or any other business relationship between any Maker and any Holder. Due to the unique and special circumstances between the parties, and the personal nature of the performances contemplated herein, Holder may not assign this Promissory Note.

10. This Promissory Note is the result of negotiations and/or the mutual agreement between the parties and their legal counsel and reflects the mutual understanding of the parties. As such, no deference shall be given to any alleged draftee, or against any alleged draftor, hereof as to any defect contained in this document, whether latent, patent and/or any other defect(s). This Promissory Note shall be interpreted to give broad protection to the Parties protected hereunder and is considered the full and final expression of the intent of the parties herein.

11. No renewal or extension of this Promissory Note, delay in enforcing any right of the Holder under this Promissory Note, or attempted assignment by Holder shall affect the liability or the obligations of a Maker. Any failure of Maker to immediately enforce any provision of this Promissory and Note may not be considered a waiver of Holder's rights hereunder. No waiver may be made by Holder unless made via a written instrument and delivered to Holder. All rights of the Holder under this Promissory Note are cumulative and may be exercised concurrently or consecutively at the Holder's option.

12. This Promissory Note is governed by the laws of the State of Utah without regard to its conflicts of law provisions. Maker and Holder expressly agree that the State and/or Federal courts within the State of Utah shall have sole jurisdiction over the enforcement of this Promissory Note and also any and all issues surrounding and/or pertaining to this Promissory Note, whether specifically contemplated herein or not.

13. See Addendum A to the Supplemental Loan Agreement for the Multiple Collateral, Multiple Loan Structure Guarantee Pool.

AGREED TO AS OF THE DATE FIRST WRITTEN ABOVE BY:

MAKER:

RenX Group Illinois, LLC

_____    2-11-14
Signature and title                Date

STATE OF OREGON        )
                       )ss.
County of Clackamas    )

The foregoing instrument was acknowledged before me this 11 day of February, 2014

_____    [seal]
Notary Public for Oregon

OFFICIAL SEAL
JEAN B WILSON
NOTARY PUBLIC-OREGON
COMMISSION NO. 475025
MY COMMISSION EXPIRES JANUARY 23, 2017

## ADDENDUM A
## CHICAGO FUNDING
## MULTIPLE COLLATERAL, MULTIPLE LOAN STRUCTURE

### PORTFOLIO PROPERTIES USED AS COLLATERAL AS OF 01/10/14:

1. 1431 Larsen Ln, Naperville, IL 60563
2. 1701 Baltimore Drive Elk Grove Village, IL 60007
3. 3547 S Dearborn Street Chicago IL 60609
4. 1490 Falcon Lane, Hoffman Estates, IL 60192

## MULTIPLE COLLATERAL, MULTIPLE LOAN STRUCTURE GUARANTEE POOL

The Maker, RenX Group Illinois, LLC will instruct its property manager, iMove Chicago to collect monthly rents on all of the above referenced portfolio properties, herein referred to as ("Collateral Pool") and pay out 80% of the rents collected to the Holder of the Properties until such point that all of them are on schedule to have their principal balances repaid within 8 months of loan origination.

Each new loan will add to the Collateral Pool which will stay in place until the property is liquidated. The Collateral Pool will act as a guarantor to the Holder to insure that all principal payments are made, even if the property is no longer generating rental income.

In the case of a default by RenX Group Illinois, LLC on any of the Collateral Pool Property's, 100% of the rental income will be paid to the Holder to guarantee the return of the principal invested. Once the default has been cured, the contractual payouts will resume.

Should the revenues from the Chicago based properties as noted above not be sufficient to make the required payments then the Lake Oswego Oregon based property management will contribute sufficient funds to meet the monthly obligation as noted above.