# SUPPLEMENTAL LOAN AGREEMENT

This Supplemental Loan Agreement (the "Agreement") is entered into on this **13th day of January, 2014** (the "Effective Date"), by and between **RenX Group, LLC**, an Oregon limited liability company ("BBC" or "Borrower") as the first part and **American Pension Services, Inc., Administrator for David G. Law ROTH IRA #11396** and **American Pension Services, Inc., Administrator for Darrell L. Deem ROTH IRA #14459.** ("Lender") as the second part. Borrower and Lender may be collectively referred to herein as the "Parties" and may be referred to singularly as a "Party." This Agreement specifically pertains to that property located at **8965 Oxbow Terrace, Beaverton, OR 97008**, along with the associated promissory notes each listing an party of Lender as Holder and executed by Borrower as Maker and of even date herewith (herein the "Note"), and the exhibits to this Agreement.

*[handwritten margin note: References both lenders]*

1. *Payments*. The Borrower will make monthly payment installments of not less than **$1,312.50**. Payments will continue until the **$10,500.00** principal loan amount is received by Lender, after such time, the Lender will receive 20% of the gross rents of the property located at **8965 Oxbow Terrace, Beaverton, OR 97008** for as long as the property is rented as may be from time to time. Payments shall be made to each party of Lender on a prorata basis dependent on the amount of each party of Lender's note (for example purposes only, if the David Law IRA lends $6,000 and the Darrell Deem IRA lends $4,000, and rents in total payable to Lender for the month is $1,000, the David Law IRA would receive $600.00 and the Darrell Deem IRA would receive $400.00). The Lender will also receive a thirty percent (30%) interest in the net proceeds of the property at settlement as evidenced by the HUD-1 Settlement Statement at closing as follows: First, 4% of the 30% profit payment shall be disbursed to American Pension Services, Inc., Administrator for David G. Law ROTH IRA #11396, and then 48 % (forty eight percent of the profit payment) shall be disbursed to American Pension Services, Inc., Administrator for David G. Law ROTH IRA #11396 and the remaining 48% (forty eight percent of the profit payment ) shall be disbursed to American Pension Services, Inc., Administrator for Darrell L. Deem ROTH IRA #14459. Net proceeds are defined as the difference between the appraised value of the property less commissions if paid (generally 6% but could be less per the settlement statement) and the payoff amount paid for the release of the underlying liens at the time of settlement. The first monthly installment is due 30 days after funding of the Promissory Note related to the above stated property. In the event that borrower ceases to collect rents from the property by reason of foreclosure of any superior lien or interest in the property, borrower's obligation to pay on the Note and under this Agreement will continue until such time as all of the principal and interest balance of the notes of both parties of Lender have been repaid, at which time all obligations under the Note and this Agreement shall cease with the exception of payment of 30% of profits as described above. Lender may request additional security for Borrower's obligation to repay the principal balance in accordance with

Supplemental Loan Agreement, Page **1 of 10**

section 9 herein. In addition to the above duties, Borrower shall execute an "Assignment of Rents to Lender" in favor of Lender and in substantially the same form as contained in Exhibit "A" to this Supplemental Loan Agreement.

2. *Default and Acceleration.* In the event of a default, there are two remedies in addition to all other remedies provided at law and/or in equity: 1) the Lender will have the right to 100% of the rental income until the principal balance of the Note is paid in full and 2) the loaned funds are guaranteed by the Elizabeth Steiner Trust, Jeffrey A. Long Trustee pursuant to the revolving line of credit made available to RenX Group, LLC on April 4, 2012. Borrower hereby expressly represents that said line of credit is validly existing, contains a reserve amount available to provide the security promised herein and that Lender may directly take under the line of credit upon demand and submission of evidence of an uncorrected default. Lender may declare the principal of the Note, together with interest, to be due and payable in full if any one of the following events occur: (a) Borrower defaults in the performance of, or compliance with, any term or provision of this Agreement, the Note or the Trust Deed given as security, after not less than ten (10) days' written notice to Borrower specifying with reasonable particularity the nonperformance or noncompliance and Borrower's failure to correct the default within that time period; (b) any party having liability under this Agreement of the Note suffers bankruptcy or insolvency or makes any assignment for the benefit of creditors; or (c) an action is commenced to appoint a receiver for the properties of any party having liability under this Agreement or the Note, or any other action or proceeding under the federal bankruptcy laws is commenced against any such person, which action is not dismissed within 75 days after the date of filing. Any forbearance or failure to exercise this right will not constitute a waiver of Lender's right to exercise its rights with respect to the default and any subsequent default, or any other provision herein.

3. *Default Interest Rate.* Interest shall accrue at a rate of 1.5% per month on the unpaid principle balance. *[handwritten: Default interest rate of 1.5% has been accruing for approx 12 months.]*

4. *Attorney Fees; Costs.* If Lender, or either of them, takes any action, judicial or otherwise, to enforce this Agreement or the Note, Lender will be entitled to recover from Borrower all expenses that Lender may reasonably incur in taking such action, including, but not limited to, costs and expenses, as well as reasonable attorney fees determined by the court, whether incurred in a suit or an action or on appeal from a judgment or decree, in connection with any bankruptcy proceeding, and/or in connection with a non-judicial action. Upon demand, Borrower will reimburse Lender for expenses so incurred, together with interest from the date of invoice to Borrower until repaid at the rate specified in Section 3.

5. *Governing Law; Severability.* This Agreement is to be governed by and construed in accordance with the laws of the State of Utah. The parties hereby submit to the jurisdiction of the State and/or Federal courts within the State of Utah for the resolution of all claims. If any

provision or clause of this Agreement is construed by a court of competent jurisdiction to be void, invalid, or unenforceable, that construction will not affect other provisions of this Agreement that can be given effect without the void, invalid, or unenforceable provision, and to this end the provisions of this Agreement are declared to be severable.

6. *Security*. This Agreement and the Note are unsecured at the time of signing, however the Borrower, including Tracey Baron as an individual, is pledging to modify the Note to a secured Trust Deed Note upon receipt of a TRUSTEE's DEED for the real property located at **8965 Oxbow Terrace, Beaverton, OR 97008**. Bankruptcy Trustee **Rodolfo A. Camacho** has agreed to sell the Deed to the property per a Trustee Settlement Agreement. The Notice of Sale has been sent to creditors and no objection to the sale has been returned. If this loan is modified which may include additional funds to pay for the Trustee's Deed, then security will be, among other things, a Trust Deed among Borrower, as Grantor, to Chris L. Andrus, Esq., as Trustee, in favor of Lender, as Beneficiary (the "Trust Deed") encumbering the Mortgaged Property. Said Trust Deed shall reflect both parties of Lender as Beneficiaries. The Modified Note evidences, and the Trust Deed and any of the other documents that provide that they will secure the Note, secure the indebtedness described in the Note and this Agreement. Specifically this security and encumbrance is to continue until the 30% share of net proceeds due at settlement, (See Paragraph 1. Under "Payments"), has been paid to Lenders. Any further loans or advances that may be made to or on behalf of Borrower by Lender at any time or times hereafter under the Trust Deed, and any other amounts required to be paid by Borrower under any of the Loan Documents that provide that they secure the Note, and any such loans, advances, or amounts will be added to the indebtedness evidenced by the Note, and will bear interest at the interest rate set forth in this Agreement. In the event that the Trustee Deed is not or cannot be issued by the Bankruptcy Trustee, then the full loan amount will be refunded to the Lender immediately and the Note and this Agreement shall be deemed satisfied. In the event of impairment of the security by any reason, including, but not limited to reason of foreclosure of any superior lien upon the subject property secured by the Trust Deed, Borrower will provide Lender with additional security in any other property owned by Borrower and already secured by a Trust Deed in favor of Lender.

7. *Bankruptcy*. Borrower agrees that, notwithstanding Oregon Revised Statutes 73.0602 and 73.0604, and or its sister states counterparts, any payment under the Note and/or this Agreement that is avoided in a later bankruptcy proceeding or otherwise will not be deemed a payment, and Borrower's obligations under the Note and this Agreement will be reinstated and/or supplemented to the extent of any payment so avoided. In that event, Borrower will not be discharged even if the Note and/or this Agreement have been canceled, renounced, or surrendered.

8. *Unique Nature of the Purchase of the Property* The parties hereto acknowledge that the Real Estate at **8965 Oxbow Terrace, Beaverton, OR 97008** is being purchased from a chapter 7 bankruptcy estate by way of a Trustee's deed and that the property remains subject to

Supplemental Loan Agreement, Page 3 of 10

one or more mortgages, deeds of trust and /or liens that the Borrower intends to litigate and or negotiate to settlement. The parties hereto acknowledge and expect that such litigation may commence at any time and may result in the property being sold at sheriff's sale or through other action by the beneficiary of the deeds or trust or lienholders associated with the property. The parties further acknowledge that the Borrower intends to aggressively defend claims of deed of trust trustees or other lienholders and will do so in good faith, but that there is no guarantee that Borrower's ownership of the property will not be terminated prior to payment in full of the Note. If ownership of this property is terminated prior to payment in full of the Note, Borrower will forego its interest in any other rental income associated with the Lender until the entire principal has been repaid. The Borrower will continue litigation of the remaining properties; even if rental income designated for litigation purposes is being used to repay Lender for a property that is no longer owned by Borrower.

*[handwritten margin note: Defend not just walk away and give property back to lien holder.]*

9. The loan is non-recourse in nature to the individual partners of the Borrower. However, the Borrower will forego any rights to any other rental income associated in any manner with the Lender, to the extent that there is an outstanding principal balance remaining on a property that was foreclosed on or otherwise had Borrower's rights extinguished prior to the principal balance being repaid.

10. This Agreement may be executed in any number of counterparts, (including by facsimile transmission or by electronic mail with scan or attachment signature) each of which will be deemed an original, but all of which together will constitute but one and the same instrument.

11. Lender, and each of them, shall be entitled to all rights herein without being responsible for any additional costs other than funding the initial principal in the Note. All parties will have access and full transparency to all records, files and paperwork attributable to the transaction(s) contemplated herein, including but not limited to accounting, litigation, leases, expenses, etc. All parties will be granted a login and password to view transactions in the escrow account. As renovation, if any, is proceeding, Lender will be kept current through a video library that stores the progress of the rehab. This will be kept on Borrower's Google Drive or Drop box folder.

*[handwritten margin note: Important]*

12. In the event of any discrepancy between this Agreement and the Note, the Note shall control.

13. No term(s) contained herein shall be interpreted as to create a joint venture, partnership, company, corporation or any other formal business relationship between the parties. Due to the unique and special circumstances between the parties, and the personal nature of the performances contemplated herein, Borrower may not assign its duties herein without the express written permission of Lender.

Supplemental Loan Agreement, Page **4** of **10**

14. If fulfillment of any provision hereof or any transaction related hereto or to any indebtedness secured hereby, at the time performance of such provisions shall be due, shall involve transcending the limit of validity prescribed by law, then ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity; and if any clause or provisions herein contained operate or would prospectively operate to invalidate this Note in whole or in part, then such clause or provision only shall be held for naught, as though not herein contained, and the remainder of this Note shall remain operative and in full force and effect.

[THIS SPACE INTENTIONALLY LEFT BLANK, SIGNATURE PAGE TO FOLLOW]

The undersigned have caused this Agreement to be duly executed on the day and year first written above.

LENDER: American Pension Services, Inc., Administrator for David G. Law ROTH IRA #11396

*[signature]*

David G. Law for my ROTH IRA #11396 Administered by American Pension Services, Inc.

LENDER: American Pension Services, Inc., Administrator for Darrell L. Deem ROTH IRA #14459

*[signature: Darrell L. Deem]*

Darrell L. Deem for my ROTH IRA #14459

BORROWER:

*[signature]*

RanX Group, LLC
Tracey Baron, Managing Member

STATE OF OREGON )
                 ) ss.
County of Clackamas )

The foregoing instrument was acknowledged before me this 14 day of February, 2014,

*[signature: Susan Elliott]*

Notary Public for Oregon        Tracey Baron

**OFFICIAL SEAL**
**SUSAN M ELLIOTT**
**NOTARY PUBLIC-OREGON**
**COMMISSION NO. 474963**
**MY COMMISSION EXPIRES JANUARY 31, 2017**

Supplemental Loan Agreement, Page 6 of 10