UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL L. DEEM, et. al., | **MEMORANDUM DECISION** |
| Plaintiffs, | **AND ORDER** |
| v. | |
| TRACEY BARON, et. al., | 2:15-CV-00755-DS |
| Defendants. | District Judge David Sam |

Defendants have filed yet another motion to dismiss, this time for lack of standing and/or for failure to join indispensable parties.[1] Defendants note that the plaintiffs are listed as plaintiffs individually and on behalf of their ROTH IRAs. Plaintiffs had previously submitted as exhibits to the Court a copy of a Promissory Note made payable to "American Pension Services, Inc. Administrator for David G. Law Roth IRA #11396;" and a Supplemental Loan Agreement between RenX Group, LLC, and "American Pension Services Inc., Administrator for David G. Law Roth IRA #11396" and "American pension Services, Inc., Administrator for Darrell L. Deem Roth IRA #14459." Defendants argue that the party to these agreements was American Pension Services, as the custodian/administrator for the ROTH IRAs, and not Mr. Deem and Mr. and Mrs. Law. The Court disagrees.

Fed. R. of Civ. P. 17(a) states that "An action must be prosecuted in the name of the real party in interest." The question before this court is who the real party in interest is. Defendants argue that American Pension Services, Inc., the administrator for the Roth IRAs is the real party

---

[1] Dkt. No. 19.

in interest.  Defendants cite a handful of bankruptcy cases for the proposition that a Roth IRA is a trust created by the Internal Revenue Code, the income of which is treated in a special way.  An individual person causes the ROTH IRA to be created and is usually declared to be its beneficiary.  This individual appoints a custodian/administrator of the self-directed trust, in this case, American Pension Services, Inc.  Defendants argue, without reference to any authority, that a ROTH IRA's actions/activities can only be carried out or affected by a "trustee," called a "custodian" or "administrator":  "like all trusts, ROTH IRAs can only act by and through their duly appointed trustees/custodians/administrators," and "all actions taken by, and agreements entered into for and on behalf of, the ROTH IRA can only be done/executed by the properly appointed and acting custodian/administrator/trustee."[2]  Defendants conclude that because Mr. Deem and Mr. and Mrs. Law are the beneficiaries of their respective trusts/ROTH IRAs, not the trustees/custodians/administrators of them, they have no legal authority to act for their ROTH IRAs, and they lack standing to bring the claims in this lawsuit.

     Plaintiffs, on the other hand, point out some persuasive federal cases stating that a self-directed IRA is not a trust and is not to be treated like a trust.[3]  At least two federal cases have found that an owner of a self-directed IRA has standing to sue on behalf of his or her own IRA.  In the New York case of *Vannest v. Sage, Rutty & Co., Inc.*,[4] a plaintiff sued his securities broker for fraud and related activities.  The broker argued that Plaintiff could not recover because it was not he who had purchased the securities, but his self-directed IRA.  The court held that Plaintiff was the true purchaser and so he had standing:  "Because Vannest controlled the investment

---

[2] Dkt. No. 19, 5.
[3] See *Lewis v. Delaware Charter Guarantee & Trust Co.,* 2015 WL 1476403 (E.D. N.Y. 2015).
[4] 2015 WL 1476430 (E.D. N.Y. 2015)

decisions, he certainly was a purchaser/seller for all practical purposes. Investors in self-directed IRAs have standing as "purchasers/sellers" to assert claims under the securities laws."[5]

The second federal case dealing with this issue, *FBO David Sweet IRA v. Taylor*,[6] has a similar fact situation to this case. Plaintiff Sweet was the sole decision maker on all investments and actions on behalf of his IRA. Equity Trust Company (ETC), an independent company which was the holding company/administrator for the IRA, did not provide investment advice or related services. The court in *FBO David Sweet IRA* determined that "a Self-Directed IRA, like the one at issue here, is unique in that the owner or beneficiary of the IRA acts as a trustee for all intent and purposes. While the IRS and SEC require that all IRA's be placed with a holding company that serves as a trustee or custodian of the account, it is the owner of the Self-Directed IRA who manages, directs, and controls the investments."[7] The court then found that for purposes of the case, "ETC served as merely a holding company while Sweet acted as trustee of his Self-Directed IRA. Accordingly, Sweet's suit on behalf of David Sweet IRA is proper."[8]

In the case before the court, the actual agreement between Plaintiff David Law, and the custodian, American Pension Services, clearly states that the owner, David Law, not the custodian, has sole responsibility for decisions. The custodian was to have "no responsibility."[9] Following the logic of the *Vannest* case and the *FBO David Sweet IRA* case, which this court finds compelling, the Plaintiffs, not the holder or custodian of the IRA are the true parties in interest. Since the custodian/holder has not been involved in the decision-making process, it lacks the knowledge of the facts which would allow it to bring this action.

---

[5] *Vannest, at* 658.
[6] 4 F.Supp.3d 1282 (E.D. Ala. 2014).
[7] *FBO David Sweet IRA*, at 1285.
[8] *Id.*
[9] Dkt. No. 21-2, Exhibit 2

Since the Plaintiffs named in this action are the true and real parties in interest on every contract which form the basis of this action and since they are the ones most knowledgeable of all of the facts and circumstances surrounding those contracts, and since they are also the ones for whose benefit all of the transactions were performed, they are the appropriate parties to prosecute the case. For the above reasons, and for good cause appearing, the court hereby denies Defendants' Motion to Dismiss (A) For Lack of Standing and/or (B) for Failure to Join Indispensable Parties.[10]

DATED this 14th day of April, 2016.

BY THE COURT:

*[signature]*

DAVID SAM

United States District Judge

---

[10] Dkt. No. 19.