UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL L. DEEM, et. al., | **MEMORANDUM DECISION** |
| Plaintiffs, | **AND ORDER** |
| v. | |
| TRACEY BARON, et. al., | 2:15-CV-00755-DS |
| Defendants. | District Judge David Sam |

There are two motions pending before the court in this case: Defendants' Motion to Dismiss and Order That These Claims Proceed to Arbitration, and Plaintiffs' Motion for Preliminary Injunction. The court has considered Defendant's motion regarding arbitration and notes that both parties agree that all of the relevant agreements between them contain mandatory mediation/arbitration clauses. Plaintiffs argue that they have substantially complied with these clauses by offering to arbitrate, an offer which Defendants did not accept. The court finds that this offer to mediate or arbitrate was insufficient to constitute substantial compliance with the mandatory mediation/arbitration clauses. Therefore, the court orders that the parties proceed to mediation/arbitration as quickly as possible. The U.S. Supreme Court has noted that once an arbitration agreement is pronounced valid and enforceable by the court, the arbitration must proceed expeditiously.[1] This case will be stayed pending the outcome of the arbitration.

The question remaining is whether this court can order a preliminary injunction to maintain the status quo during arbitration. The U.S. Supreme Court has said that the clear

---

[1] *See, e.g., Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 22 (1983); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404 (1967).

congressional intent of the Federal Arbitration Act was "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible."[2] Several courts have held that "once a determination is made that a controversy is arbitrable under the Arbitration Act, the [c]ourt cannot do anything further on the merits save compel arbitration and stay the proceedings pending arbitration."[3] The court in *Thomson* noted that granting a preliminary injunction would "deeply involve the [c]ourt in the factual issues of the case."[4] In *Merrill Lynch, Pierce, Fenner & Smith v. Hovey*[5], the Court of Appeals for the Eighth Circuit decided that a preliminary injunction was inappropriate in an arbitrable case where the parties did not specifically provide for it in their agreement. The parties in this case did not provide in any way for a preliminary injunction.

The court hereby grants in part Defendants' motion (Doc. #22) and orders the parties to submit to mediation/arbitration under the terms and conditions of the arbitration clause of their agreement. All proceedings before this court will be stayed during the pendency of the arbitration. Consistent with the stay, the court declines to hear Plaintiff's Motion for Preliminary Injunction (Doc. #28), without taking a position on the merits of the motion.

DATED this 1st day of June, 2016.

BY THE COURT:

DAVID SAM
United States District Judge

---

[2] *Id.* at 22.
[3] *Merrill, Lynch, Pierce, Fenner & Smith, inc. v. Thomson*, 574 F.Supp. 1472, 1478 (E.D. Mo. 1983).
[4] *Id.* at 1478
[5] 726 F.2d 1286 (8th Cir. 1984).