**Brian W. Steffensen (3092)**
**STEFFENSEN ❖ LAW ❖ OFFICE**
PO Box 2279
Salt Lake City, Utah 84110
Telephone (801) 866-3707
Facsimile (866) 221-7980
brianwsteffensen@gmail.com
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Darrell L. Deem, et al.<br><br>            Plaintiffs,<br>vs.<br><br>Tracey Baron, et al.<br><br>            Defendants. | **Emergency Ex Parte Motion to Set Aside Order re Mediation**<br><br>Civil No.  2:15-CV-755<br><br>Judge David Sam |

   This Court entered an order granting the Plaintiffs' motion for scheduling order re mediation without giving the defendants the time allowed under the FRCP to respond.  If the Court had not acted so precipitously, the defendants would have been able to show that:

   (a) defendants have not in fact refused to schedule a mediation,

   (b) but rather it has been the plaintiffs who refuse to confirm a mediation date before Judge Newsome on August 8, 2016,

   ( c) there is no compelling reason to push to have a mediation before August 8th, except the plaintiffs' personal desire to do so, and

   (d) the defendants' counsel has had a long planned vacation in Montana from July 4th

through July 17th – making it impossible to do a mediation before July 18, 2016.  (Counsel is with some difficulty drafting this motion in a family cabin in Montana)

Defendants hereby ask this Court to set aside and vacate said order based upon the following facts and argument.

## STATEMENT OF FACTS

1. The defendants informed the plaintiffs that the defendants wanted to mediate this matter before a mediator with experience in bankruptcy and real estate given the unique business model and facts of this matter.

2. The defendants recommended Judge Newsome of California.  The Plaintiffs agreed.

3. A date of June 24, 2016 was initially agreed upon.

4. However, due to the illness of the defendants' prior accountant (cancer), the necessary updates to accounting were not being timely completed and a shift in accounting firms was required.

5. Defendants advised the plaintiffs of this problem and that a delay of about a month would be needed to get the accounting completed.  See Email attached hereto as Attachment 1.

6. JAMS in California indicated that Judge Newsome would be available early in August.  See Attachment 2.

7. Defendants indicated that they wanted to go ahead on Judge Newsome' first available date – August 8, 2016.  JAMS sent plaintiffs an email seeking to confirm this latest date.

(See emails attached hereto as Attachment 3) If Plaintiffs had responded confirming that date, the mediation would have immediately been set up for August 8th.

8. However, Plaintiffs refused to agree to reschedule to August 8 and insisted on proceeding on June 24th. Defendants objected because this case is all about accounting and time needed to be taken to get the accounting accurately updated for use at the mediation. See emails attached hereto as Attachment 4.

9. On June 9, 2016, Defendants confirmed that they were prepared to proceed with Judge Newsome on August 8th or 9th and that this date should be confirmed before Judge Newsome's calendar filled up. See Attachment 5

10. Plaintiffs refused to agree to proceed with Newsome on August 8th or 9th, insisting that someone in Utah be found for the month of July. Defendants responded that (a) a mediator with significant bankruptcy and bankruptcy litigation experience is necessary to deal with the unique issues in this case, (b) none of the Utah mediators had that experience, ( c) the accounting was not done and was necessary to have an effective mediation, (d) defendants' attorney, Brian Steffensen, would be out of town for much of July and unavailable, and (e) dates should be firmed up soon with Judge Newsome because Steffensen was out of town from mid to late August also. See Attachments 6 and 7.

11. Plaintiffs then filed their motion for a mediation scheduling order which failed to fully

advise the Court of the foregoing – and in fact misrepresented the facts:

| Plaintiffs' Statement | Defendants' Response |
|---|---|
| "The parties have attempted to reach an agreement [as to a mediation date] but have been unable to do so." | This is only because the Plaintiffs refused to confirm the August 8th date with Judge Newsome.  See Attachments 2-4   This falsely suggests that the defendants have refused to cooperate in trying to set a mediation date, when the plaintiffs have been the ones who refused to confirm a date for Judge Newsome on August 8th. |
| " They reached agreement at one point for mediation on June 24, 2016, but Defendants now refuse to proceed on that date." | It is true that defendants indicated that due to the illness of their accountant and change of accounting firms, the June 24th date would not work. But, the defendants immediately agreed to mediate on the next available date for Judge Newsome - August 8th.  The plaintiffs refused to confirm this date.  Again, this falsely implies that the defendants are unwilling to set any dates for mediation, when it was the plaintiffs who refused to confirm the August 8th date. |

| | |
|---|---|
| "Plaintiffs have offered to mediate with any mediator chosen by Defendant who is in the State of Utah so long as mediation takes place by mid July, 2016, but this offer has been rejected. " | The defendants did insist that a mediator with extensive relevant bankruptcy and bankruptcy litigation experience be selected – and none of the Utah mediators suggested by plaintiffs had any such experience.  The defendants also stated that they could not do the mediation early in July because (a) the accounting would not be done and (b) attorney Steffensen had a family vacation scheduled in Montana for that entire time period (July 4th through July 17th).  The Defendants then reaffirmed their offer to mediate with Judge Newsome on August 8th.  The Plaintiffs refused.<br>   Defendants' positions were entirely reasonable and would have led to a date and time set for a mediation before a properly experienced mediator, with full and complete accounting completed – but the plaintiffs refused to confirm the August 8th date. |
| "Defendants now insist on a date in August.  Even if Plaintiffs agree to the August date, Defendants refuse to give any assurance that they will not push the date out further. " | Judge Newsome could not do it until August 8th.  Defendants immediately indicated that they would do it on that date.  If the Plaintiffs had not refused to agree to this date, the mediation long ago would have firmly been set for this date.   This statement by the plaintiffs is essentially a fraud upon this Court because it implies that the defendants were not willing to proceed with the August 8th date.  The defendants pressed over and over for the August 8th date.  The plaintiffs refused. |

| | |
|---|---|
| " Once mediation is concluded, the contract also provides for non-binding arbitration so, if the current trend continues, this process will take an inordinate amount of time to complete." | The plaintiffs drafted the agreement which provided for non binding mediation, then non binding arbitration before litigation could be commenced. Federal Law requires that this procedure – which the plaintiffs themselves selected and inserted in the agreements – be followed. Plaintiffs can not complain about this procedure taking time when they were the ones who established it.<br>   Further, the plaintiffs wasted a lot of time by filing this lawsuit in violation of the binding mediation/ arbitration clauses. The plaintiffs can not complain about the delay in this case given the 9 month delay that their precipitous filing caused.<br>   Finally, the defendants have not drawn this out. The plaintiffs are the ones who insist on dates and mediators which make no sense.<br>   The defendants have been willing - and insisting on – confirming a firm August 8th date for mediation for over a month. The delay in getting a mediation date set has been caused entirely by the plaintiffs.<br>   This statement unfairly and inaccurately suggests that blame for the delay in setting up mediation should be placed upon the defendants when the plaintiffs are the ones who have refused to confirm the August 8th date. |

12. A few days after the Motion was filed, and without giving the defendants any opportunity to respond to the same, the Court granted the motion and signed an Order requiring mediation to be complete before July 18th. See Court docket.

13. Plaintiffs acknowledged in their motion that Steffensen told them that he had a vacation

set for July and represented to the Court in their motion that they would work with Steffensen's vacation schedule. However, plaintiffs sought and obtained an Order requiring the mediation to be complete by July 18th – which is impossible because of Steffensen's long planned vacation to Montana (July 4th through 17th).

14. After the Court issued its Order, Plaintiffs submitted suggested dates for mediation during this time period to defendants, Steffensen responded that he was unavailable on every one of those suggested dates. See Attachment 8.

15. Plaintiffs' response was that if the defendants would not confirm a mediation date on one of the dates – even though Steffensen is unavailable and they knew before they filed the motion that Steffensen would be unavailable – plaintiffs will seek sanctions. See Attachment 9. Clearly, the Plaintiffs representation that they would accommodate Steffensen's family vacation was not accurate or made in good faith.

# ARGUMENT

## I. The Defendants' Due Process Rights Were Violated

The FRCP gives a party against whom a motion has been filed not less than fourteen days to file their opposition thereto.

The plaintiffs did not file a motion to shorten this time.

The Court did not grant a motion to shorten the time for response.

The plaintiffs did not show that there was any emergency that required immediate

consideration of their motion.

The Court just summarily and precipitously granted the motion.

This was grossly unfair and violated the defendants' rights under the Rules to due process.

It led to the Court issuing an Order which is impossible for the defendants to obey given Steffensen's long planned and acknowledged July vacation plans.

## II.   The Plaintiffs' Motion was Actually Without Merit and Should Have Been Denied.

The Plaintiffs' motion strongly implied that the defendants have refused unreasonably to set a date for mediation.

The emails attached hereto demonstrate that this is absolutely not the truth.

The problem with the defendants' prior accountant's illness is real.  The plaintiffs obviously know about this issue, because in their motion they state that a year ago the accountant was diagnosed with cancer.  Plaintiffs imply that since a year has passed since that cancer diagnosis, the illness could not at this time be a cause for the accountant to be unable to complete the required accounting.   This is a patently false suggestion/ conclusion.  Once a person is diagnosed with cancer, they go through an often extended and very difficult serious of treatments and thereafter suffer the often debilitating side-effects of those treatments.  Just because the initial diagnosis was made a year ago does not mean that this individual is not – now – suffering such that she is unable to complete this work.  She is suffering and she was unable to complete

the work.

The need to shift to a new accounting firm was and is entirely understandable.

The need for updated and accurate accounting information is self-evident.

The need for a mediator with appropriate and relevant bankruptcy and bankruptcy litigation experience is also self-evident. There will likely be legal issues about which the parties disagree. A mediator who knows this arcane area of the law will be necessary to advise the parties accurately as to the applicable legal principles and their application to the facts of this dispute. A generalist can not provide such critically important advice. A mediation before a generalist under such circumstances would almost certainly be a total waste of time.

Finally, the delay to August 8th was due to Judge Newsome's schedule.

The defendants immediately tried to confirm Judge Newsome's next earliest available date for the mediation – August 8th. The defendants have not deviated from that position.

On the other hand, the plaintiffs – without any real justification except for their personal desire to get to mediation sooner, have refused to confirm the August 8th date.

The actions of the defendants as seen from the emails are proof that the defendants want as much as the plaintiffs to get this matter before a qualified mediator as soon as possible in an attempt to get this matter resolved once and for all.

The parties sit here today without a confirmed mediation date because the plaintiffs have refused to agree to the next available date for Judge Newsome - without any real reason for so

refusing.

## III. The Court's Order is Impossible to Obey and Must be Set Aside

As shown above, the Court has issued an order without waiting for input from the defendants which the defendants can not obey given Counsel's family vacation.

The Order should in fairness be set aside and vacated.

There was nothing wrong with the August 8th mediation date – except that the plaintiffs just did not want to wait that long.

## IV. The Court Does Not Have Jurisdiction to Issue the Order

Once this Court ordered that this matter had to go to mediation and then arbitration before it could be litigated – and stayed this case until that was completed, this Court ceased to have jurisdiction over this dispute until such time as those prerequisites to ligation have been satisfied.

Respectfully, this Court did not have jurisdiction to entertain plaintiffs' motion and to issue the scheduling order requested.

The true facts – as shown in the emails – show that the defendants have not in fact refused to mediate or to schedule a mediation.

If the plaintiffs had not stubbornly refused to confirm that August 8th mediation date before Judge Newsome, mediation in this matter would have been firmly scheduled.

For these reasons, the Court should set aside and vacate its order requiring mediation by July 18, 2016.

Dated this __9th__ day of _____July_____, 2016

**Steffensen ❖ Law ❖ Office**

*/s/ Brian W. Steffensen*

**Certificate of Service**

I hereby certify that on the __9th___ day of ___July_____, 2016, that I caused a true and correct copy of the foregoing instrument to be efiled with the Court which in turn served a copy thereof on all counsel of record.

*/s/ Brian W. Steffensen*

11