**Brian W. Steffensen (3092)**
**STEFFENSEN ❖ LAW ❖ OFFICE**
PO Box 2279
Salt Lake City, Utah 84110
Telephone (801) 866-3707
Facsimile (866) 221-7980
brianwsteffensen@gmail.com
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**STATE OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| Darrell L. Deem, et al.<br><br>     Plaintiffs,<br>vs.<br><br>Tracey Baron, et al.<br><br>     Defendants. | **Defendants' Emergency Ex Parte Motion to Set Aside Order re Lifting the Stay**<br><br>Civil No.  2:15-CV-755<br><br>Judge David Sam |

The Defendants move the Court for an Order setting aside and vacating the order lifting the stay herein because:

(a) Judge Lunnen of the Fourth District Court in American Fork just ruled that the Bankruptcy Stay applied to that action – and thereby to this action;

(b) The effect of which Ruling is that the Order he signed declaring that the mediation requirement had been satisfied is null and void because it violated the

Automatic Stay; likewise, this Court's Order lifting the stay is also null and void.

## STATEMENT OF FACTS

1. After this Court issued its Order staying this action until the parties had mediated in good faith, the Defendants caused a Chapter 11 bankruptcy to be filed with respect to three of the homes which are the subject of the Plaintiffs' claims herein.

2. The Defendants notified the Plaintiffs of this bankruptcy filing and also stated that it was the intent of the Defendants to file a series of Chapter 11 bankruptcies which would ultimately deal with all of the claims by the plaintiffs with respect to the various homes at issue herein.

3. The Defendants notified the Plaintiffs that the Oregon bankruptcy counsel believed that the filing of that Chapter 11 Bankruptcy operated as a stay of the Plaintiffs' actions on their alleged claims.

4. The Plaintiffs then filed a complaint in the Fourth Judicial District Court for the State of Utah, asking that Court to set a deadline for mediation.

5. On September 6, 2016, the Defendants filed a "Notice of Bankruptcy Filing – Errata" giving notice to the Fourth District Court of the first Oregon

       Chapter 11 Bankruptcy Filing.

6. The then assigned judge, Judge Low, never ruled explicitly that the Bankruptcy Stay did not apply, but nevertheless proceeded to hold hearings in that case and issued rulings which established a deadline for mediation to take place.

7. The Parties were prepared to mediate on or before Judge Low's deadline, but the mediator abruptly cancelled the mediation on the Thursday before the scheduled Monday mediation.

8. On February 13, 2017, the Defendants filed a "Second Notice of Bankruptcy Filing Affecting These Parties" – which gave notice of the filing of a second Chapter 11 bankruptcy in Oregon Bankruptcy Court – dealing with approximately ten more homes.

9. On that same day, the Plaintiffs filed a motion in the Fourth District Court seeking an order declaring the mediation/ arbitration requirement of the parties' contracts satisfied – this even though no mediation had actually taken place due to no fault of either party.

10. The Defendants objected to the submission of the Motion to Declare

        Mediation Satisfied on the grounds that the Automatic Stay in Bankruptcy applied and barred the Fourth District Court from ruling on that motion.

11. The new assigned judge, Judge Lunnen, apparently unaware of the issues surrounding the applicability of the Automatic Stay in Bankruptcy, signed an Order which deemed the mediation requirement satisfied.

12. At a scheduling/ status conference held on March 16, 2017, the Fourth District Court heard preliminary argument from the Parties on the issue of the applicability of the Automatic Stay in Bankruptcy. The Court then declared that whether or not the Bankruptcy Stay applied in that Fourth District Court case was of paramount importance. Judge Lunnen then directed the parties to submit written memoranda on that issue.

13. On March 30, 2017, the parties submitted their written memoranda on the issue of the applicability of the Automatic Stay in Bankruptcy to this case. A copy of the Defendants' memorandum is attached hereto as Exhibit A.

14. After reviewing the parties' memoranda, the Court was persuaded by the Defendants' arguments and issued a minute entry that the automatic stay did apply to that Fourth District Court case

15. The Defendants have submitted a proposed Order with respect to that ruling, which is attached hereto as Exhibit B. That Order has not yet been signed.

16. Meanwhile, the Plaintiffs took Judge Lunnen's Order re mediation and filed it with a motion to lift the stay in this case.

17. The Court just issued its order lifting the stay.

18. This Motion asks this Court to vacate that Order lifting the stay.

# ARGUMENT

## I. Judge Lunnen's Order Declaring the Mediation/ Arbitration Requirement Satisfied Is Null and Void Because it Violated the Automatic Stay Arising As a Result of the Oregon Chapter 11 Bankruptcies

Now that Judge Lunnen has ruled that Defendants were correct in their assertion that the Oregon Chapter 11 Bankruptcies do stay all actions by the Plaintiffs down here in Utah to collect on their loan agreements, by operation of Federal Bankruptcy Law, Judge Lunnen's Order declaring that the mediation/ arbitration requirement was satisfied is null and void.

The Tenth Circuit Court so found when it ruled that "it is well established that any action taken in violation of the stay is void and without effect." ELLIS v.

5

CONSOLIDATED DIESEL ELEC. CORP. 894 F.2d 371 (10th Cir. 1990)

This means that the mediation/ arbitration requirement has not been satisfied.

Which is in fact the truth.

Judge Low ordered the parties to mediate. Defendants participated in selecting the mediator and setting the mediation date. The Defendants submitted materials to the mediator setting forth the Defendants' positions. The Defendants' counsel had preliminary telephone conferences with the mediator.

The mediator then stunned the parties by declaring on the Thursday before the Monday on which the Mediation had been scheduled – that the mediation was cancelled.

No mediation occurred.

So, how in the world can the Plaintiffs argue that the mediation and arbitration requirement was satisfied?  They can't in good faith.

Further, even if the "mediation requirement" were satisfied, the next step is non-binding arbitration. There have been no efforts toward conducting such an arbitration.

It was and is a lie, therefore, for the Plaintiffs to argue to Judge Lunnen and now to this Court that the mediation and then arbitration requirements of the parties' agreements have been satisfied.

Consequently, the Order lifting the Stay should be immediately vacated.

## II. Pursuant to Judge Lunnen's Ruling, the Bankruptcy Stay Also Applies to This Case and Bars Any Action Herein

The legal analysis set forth in the Defendants' memorandum re the Bankruptcy Stay was sound and persuaded Judge Lunnen to rule that the Bankruptcy Stay applied to the litigation down here in Utah.

One of the reasons that is true is the fact that the Oregon Bankruptcy Judge declared that the Plaintiffs' actions down here in Utah did violate the automatic stay.

That legal analysis also explains why this Court and any action in this Federal lawsuit is also stayed as a result of the Bankruptcy Stay.

Defendants incorporated herein their arguments set forth in their memorandum attached hereto as Exhibit A on this issue.

However, pursuant to the Rooker-Feldman doctrine, Judge Lunnen's state

court order declaring that the bankruptcy stay applies to the Plaintiffs' efforts to pursue their claims down here in Utah is binding upon this Court.

For either, or both, reasons, this Court is barred from proceeding herein due to the Automatic Stay.

The Order lifting the Stay violated the Automatic Stay and, pursuant to Tenth Circuit law, is void ab initio.

It should be vacated.  This matter is still stayed.

Dated this __14th__ day of April, 2017.

**Steffensen ❖ Law ❖ Office**

*/s/ Brian W. Steffensen*

### Certificate of Service

I hereby certify that on the __14th__ day of ___April_____, 2017, that I caused a true and correct copy of the foregoing instrument to be efiled with the Court which in turn served a copy thereof on all counsel of record.

*/s/ Brian W. Steffensen*