# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL L. DEEM, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> TRACEY BARON, et. al., <br><br> Defendants. | **MEMORANDUM DECISION** <br><br> **AND ORDER** <br><br><br> 2:15-CV-00755-DS <br><br> District Judge David Sam |

This is a contract case, which was stayed pending mediation and arbitration. Following this court's order lifting the stay (Dkt. No. 46), a status report and scheduling conference was set. In response, Defendants filed three "emergency" motions: (1) Emergency Motion to Set Aside the Order (Dkt. No. 48), (2) Emergency Motion to Continue Scheduling Conference (Dkt. No. 54), and (3) Emergency Motion for Defendants to be Excused from Appearing at the Scheduling Conference (Dkt. No. 55). The status conference was held on April 26, 2017, and the defendants appeared by telephone. Following oral argument, the court requested supplemental briefing and took the matter under advisement. After careful consideration of the supplemental briefing, the court hereby denies the Motion to set aside the Order Lifting the Stay, and holds that the Oregon bankruptcy stay applies only to those parties in this case who have filed bankruptcy, not the non-debtor parties.

Defendant argues that this court did not have jurisdiction to lift the stay of litigation because of the court's previous ruling that it could not hear the plaintiffs' claims until mandatory mediation had been conducted. This court did find it appropriate to stay the case pending

mediation and arbitration as required in the contract, but that ruling does not deprive this court of jurisdiction over the matters now before it. *See N-Tron Corp v. Rockwell Automation, Inc.,* 2010 U.S.Dist. LEXIS 14130 (S.D. Ala. 2010), at p. 3 (holding that complying with a dispute resolution clause is not a condition precedent to filing a lawsuit, and failure of the parties to comply does not render the court without subject matter jurisdiction)

Defendants argues that under the Rooker-Feldman doctrine, this court does not have jurisdiction to reconsider and overrule the state court judge's order. Rooker-Feldman is a narrow rule of law that requires the existence of a judgment and other circumstances not present here, that does not apply to this case.

Although mediation has not been completed and non-binding arbitration has not even been attempted, the court agrees that Plaintiffs have "exhausted the process, and have completed all that they could reasonably be expected to do in this regard." Dkt. No. 64, at 3. After nearly a year of trying to accomplish mediation and arbitration, the parties finally scheduled mediation with Judge Newsome, an experienced mediator. Prior to the scheduled mediation, Judge Newsome emailed the parties, stating that in his personal opinion, "the parties in this case are at a hopeless impasse," and that "It would not be fair for me to accept money to go forward with a mediation that I think has absolutely no chance of being fruitful." Dkt. No. 44, Exhibit C. While no attempt has been made to conduct non-binding arbitration, this court has no reason to believe that the parties would be any more successful at that than they have been with the mediation. Therefore the court holds that the stay was properly lifted and will remain lifted.

The court also holds that the Oregon Bankruptcy stay applies only to the parties to this action who have filed bankruptcy. There are currently three bankruptcies which could

conceivably relate to this matter: that of Crimson Investments, LLC (a party to this action); that of Turning Leaf Homes IV, LLC (not a party to this action); and Turning Leaf V, LLC (unclear whether or not it is a party to this action).

It is undisputed that the Bankruptcy stay applies automatically to parties to this action who have filed bankruptcy. Collier on Bankruptcy ¶ 362.03[3][d]. Except in unusual circumstances, however, the stay does not apply to parties who have not filed bankruptcy. Courts apply a fact-specific analysis to determine whether a Section 362 stay applies to non-debtors as well as debtors. Courts have held that the automatic stay does not protect a partner of a partnership, (*Patton v. Bearden,* 8 F.3d 343 (6th Cir. 1993)), corporate shareholders (Collier on Bankruptcy 362.03[3], p. 5 (15th 2015)), or guarantors (*Credit Alliance Corp. v. Williams,* 851 F.2d 119). Under certain circumstances, courts have applied the automatic stay to an action against a debtor's insurers. *See MacArthur Co. v. Johns-Manville Corp.,* 837 F.2d 89, 92 (2d Cir. 1988). Although an automatic stay may, on occasion, be applied to parties not in bankruptcy, such application is rare and requires special circumstances. There has been no showing that this case fits into the rare exceptions to this rule.

In determining whether the stay applies to non-debtors, courts also analyze the closeness of the relationship between debtor and non-debtor. The non-debtor must prove that its interests are so closely related to the debtor party's that a judgment against the non-debtor will in effect be a judgment against the debtor:

> In order to invoke the automatic stay as to actions against a non-debtor, the party seeking to do so must show that there is such identity between the debtor and the non-debtor that the debtor may be said to be the real party defendant and that the judgment against the non-debtor will in effect be a judgment or findings against the debtor. *Arnold v. Garlock, Inc.,* 278 F.3d 426, 436 (5th Cir. 2001); *GATX*

*Aircraft Corp v. M/V Courtney Leigh,* 768 F.2d 711, 717 (5th Cir. 1985); *Reliant Energy Servs., Inc. v. Enron Can. Corp.,* 349 F.3d 816, 825 (5th Cir. 2003).
*In re Xenon Anesthesia of Texas, PLLC,* 510 B.R. 106, 111-12 (Barkr.S.D.Tex. 2014).

The court in *Pavers & Road Builders District Council Welfare Fund v. Core Contracting of NY, LLC,* 536 B.R. 48, 50 (E.D.N.Y. 2015) held that "the automatic stay, by its terms, protects only debtors under the Bankruptcy Code . . . (a bankruptcy petition 'operates as a stay . . . of . . . the commencement or continuation . . . [of an] action or proceeding *against the debtor . . .*') 11 U.S.C. § 362 (a)(1) (emphasis added)." When the defendants in that case asserted that the automatic stay should apply to non-debtors as well because of an *alter ego* claim, the court developed a two-tier analysis to determine whether a Section 362 stay should apply to a non-debtor party. First, the bankruptcy court should determine whether the debtor and non-debtor corporations are *alter egos*. Second, the bankruptcy court must then determine if their interests are so intertwined that the automatic stay must also apply to the non-debtor corporation. For two corporations to be "alter egos" of each other, they must demonstrate a relationship that is more than "mere majority or complete stock control." *See A. H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986). The court in *Queenie, Ltd. V. Nygard Int'l,* 321 F.3d 282. 287 (2d Cir. 2003) cited the *Robins* case in holding, "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate," the automatic stay applies to *alter egos*.

Once the court determines that a corporation is an alter ego, the court must go on to determine whether the interests of the debtor and non-debtor corporations are so intertwined that a failure to apply the Section 362 stay to the non-debtor corporations will harm the debtor's estate. The *Pavers* court noted that the debtor could then make a motion to the bankruptcy court

to enjoin the district court from proceeding in the action against the non-debtor if "it would prejudice other creditors of the debtor in a way the Bankruptcy Court would consider unfair." *Pavers,* at 53. If the bankruptcy court, in its discretion, chose not issue an injunction, the district court could resolve the pending litigation against the non-debtor.

Under *Pavers***,** a bankruptcy court will issue an injunction if it "is necessary to protect the debtor's estate or to effectuate its reorganization." *Id.* at 52. *Pavers* cites an example of where extending the stay to non-debtors would serve to protect the debtor: "it may be necessary to extend the automatic stay . . . to protect the non-debtor entities, for not only may they be *alter-egos,* but they may be holding the assets that should be used to satisfy all of the debtor's creditors." *Id.*

> Just because two entities are alter egos does not make them both debtors under the Bankruptcy Code. It simple means they are liable for each other's debts. If the nondebtor entity wants that protection, it need only file its own petition.

*Id.* at 51.

The facts of this case do not support application of the stay to non-debtors. Defendants have not offered evidence concerning the intertwining of the LLCs, nor the control of one over another. It does not appear that they control each other, are the alter ego of one another, or share any of the same assets or management, so it cannot be said that a judgment against one would be like having a judgment against the other as is required for application of the stay. There is no evidence that they are "virtually the same entity" as is required.

As Plaintiffs state in their brief, it appears that the defendant is "seeking bankruptcy protection for all of his companies without submitting all of his assets to bankruptcy supervision. He seeks a selective, one-sided approach to bankruptcy. . . . He seeks to stop all creditors from

proceeding in any fashion against him or any of his assets through application of the bankruptcy rules, but does not want those same bankruptcy rules to apply to himself." Defendant insists that the Oregon Bankruptcy Court's comment that "you have to file a motion that they have violated the automatic stay if they keep doing it," means that the bankruptcy stay automatically applies to all of the defendants in this action, including the non-debtor defendants. This court does not agree. The automatic stay is automatic as applied to a debtor, as the statute says. But as the *Pavers* court held, "As to non-debtors, it is relief that is available, but it is not automatic." *Pavers* at 53. This action will therefore continue as to the non-debtors, unless the bankruptcy court orders otherwise.

The court hereby finds the following motions to be moot: the defendants' Emergency Motion to Continue Scheduling Conference (Dkt. No. 54) and Emergency Motion for Defendants to be Excused from Appearing at the Scheduling Conference (Dkt. No. 55). The court also denies the Motion to Set Aside the Order Lifting the Stay (Dkt. No. 48), and holds that the Oregon bankruptcy stay applies only to those parties in this case who have filed bankruptcy.

DATED this 15th day of June, 2017.

BY THE COURT:

_David Sam_

DAVID SAM
United States District Judge