Steven W. Shaw, Esq. (11143)
CANNON LAW ASSOCIATES
Attorney for Plaintiffs
8619 S. Sandy Pkwy., Ste. 111
Sandy, UT 84070
Telephone:  (801) 255-7475
Facsimile:  (801) 255-7526
Email: steve@shawlaw.biz
File Reference No. 217061

## UNITED STATES DISTRICT COURT

## STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Darrell L. Deem, as an individual and on behalf of his Roth IRA #14459, David G. Law, as an individual and on behalf of his Roth IRA #11396, Janine W. Law, as an individual and on behalf of her Roth IRA #12075, DJ Property Solutions, LLC, a Utah limited liability company, Deem Realty Funding, Inc., a Utah corporation, Deem Investment Company, a Utah corporation,<br><br>                    Plaintiffs,<br>v.<br><br>Tracey Baron, an individual, Michelle Baron, an individual, Big Blue Capital, LLC, an Oregon limited liability company, Turning Leaf Homes, LLC an Oregon limited liability company, Turning Leaf Advisors, LLC, an Oregon limited liability company, RenX Group, LLC, an Oregon limited liability company, RenX Group II, LLC an Oregon limited liability company, Crimson Investment Group, LLC, an Oregon limited liability company, and Does I - X, inclusive, | **THIRD AMENDED COMPLAINT**<br><br>Case No. 2:15-CV-755-DS<br><br>Before the Honorable David Sam |

|  |  |
|---|---|
| Defendants. | |
| | |
| Tracey Baron, et al. | |
| Counter Claimants, | |
| v. | |
| Darrell L. Deem, David G. Law, Janine W. Law, DJ Property Solutions, LLC, Deem Realty Funding, Inc., Deem Investment Company, Equity Trust Company, Steven W. Shaw, Sia Rezvani, Warren Allen, LLP, Does 1-50, | |
| Counter Defendants. | |

## JURISDICTION

1.     This Court has diversity jurisdiction and venue over the parties in that the Plaintiffs are located in the State of Utah and the Defendants are located in the State of Oregon.

2.     This matter exceeds the jurisdictional minimum of this Court in that the amount in controversy is well in excess of $1,000,000.00.

## GENERAL ALLEGATIONS

3.   Plaintiff, DARRELL L. DEEM, is an individual and is now, and at all times relevant hereto was, a resident of Salt Lake County, State of Utah.  He sues as an individual and on behalf of his Roth IRA #14459.

4.   Plaintiff, DAVID G. LAW, is an individual and is now, and at all times relevant hereto was, a resident of Utah County, State of Utah.  He sues as an individual and on behalf of his Roth IRA #11396.

5.    Plaintiff, JANINE W. LAW, is an individual and is now, and at all times relevant hereto was, a resident of Utah County, State of Utah.  She sues as an individual and on behalf of her Roth IRA #12075.

6.    Plaintiff, DJ PROPERTY SOLUTIONS, LLC is now, and at all times relevant hereto was, a Utah limited liability company with its principal offices located in Utah County, State of Utah.

7.    Plaintiff, Deem Realty Funding, Inc., is now, and at all times relevant hereto was, a Utah corporation, with its principal offices located in Utah County, State of Utah.

8.    Plaintiff, Deem Investment Company, is now, and at all times relevant hereto was, a Utah corporation, with its principal offices located in Utah County, State of Utah.

9.    Defendant, TRACEY BARON, is an individual and is now, and at all times relevant hereto was, a resident of Clackamas County, State of Oregon.

10.    Defendant, MICHELLE BARON, is an individual and is now, and at all times relevant hereto was, a resident of Clackamas County, State of Oregon.

11.    Defendant, BIG BLUE CAPITAL, LLC, is now, and at all times relevant hereto was, a Limited Liability Company, organized and existing under the laws of the State of Oregon, with its principal place of business in Clackamas County, State of Oregon.

12.    Defendant, RENX GROUP, LLC, is now, and at all times relevant hereto was, a Limited Liability Company, organized and existing under the laws of the State of Oregon, with its principal place of business in Clackamas County, State of Oregon.

13.    Defendant, RENX GROUP II, LLC, is now, and at all times relevant hereto was, a Limited Liability Company, organized and existing under the laws of the State of Oregon, with its

principal place of business in Clackamas County, State of Oregon.

14. Defendant, TURNING LEAF ADVISORS, LLC, is now, and at all times relevant hereto was, a Limited Liability Company, organized and existing under the laws of the State of Oregon, with its principal place of business in Clackamas County, State of Oregon.

15. Defendant, TURNING LEAF HOMES, LLC, is now, and at all times relevant hereto was, a Limited Liability Company, organized and existing under the laws of the State of Oregon, with its principal place of business in Clackamas County, State of Oregon.

16. The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES I through X, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiffs will ask leave to amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a Doe are legally responsible in some manner for the events herein referred to and caused damage and injury proximately thereby to Plaintiff.

17. At all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants, and was, at all times, acting within the scope and purpose of said agency and employment, and each Defendant has ratified and approved the acts of the remaining Defendants.

18. Defendant Tracey Baron, stands in a fiduciary or quasi-fiduciary relationship with plaintiffs by reason of the agreements in which they, and each of them, agreed to act for the benefit of Plaintiffs.

19.    By reason of the acts and omissions of defendants hereinafter alleged, and as a proximate cause thereof, plaintiffs have suffered general, special and consequential damages in an amount to be determined according to proof at trial.  An outline of the transaction and parties relating to said transactions which constitute the acts and omissions complained of are set forth in Exhibit A to this Third Amended Complaint, which Exhibit is attached hereto and incorporated herein as though set forth at length.

20.    By reason of the acts and omissions of defendant Tracey Baron hereinafter alleged, were willful,  malicious  and  oppressive  and  were undertaken in disregard of their fiduciary and quasi-fiduciary obligations and with a conscious disregard for the rights, feelings, interests and health of plaintiffs with the intent to vex, injure and annoy plaintiffs such as to constitute oppression, fraud and/or malice.

<u>FIRST CAUSE OF ACTION</u>
(Accounting)

21.  Plaintiffs incorporate herein by reference as if fully set forth each and every allegation of the preceding paragraphs of this Complaint.

22.  In or about 2014, and at various times thereafter those defendants, and each of them, entered  into  various  agreements  with  plaintiffs  as  outlined  in  Exhibit A, wherein the named Defendants accepted the obligation to manage various real estate projects and then divide the profits therefrom with Plaintiffs as agreed, depending on the project, and all as specified on Exhibit A.

23.  Subsequently, most of said projects resulted in profits in the form of sale proceeds and/or rents.  Defendants, and each of them, or some of them, depending on the project, all as outlined in

Exhibit A, have not given to Plaintiffs and Plaintiffs have not received an accounting of the profits, losses and/or expenses associated with said projects despite requests therefore from Plaintiffs. Plaintiffs are informed and believe and bases on said information and belief allege that said Defendants have retained said profits and refused to distribute them to Plaintiffs as agreed.

24.   Plaintiffs now wish to settle their affair with said Defendants, and each of them, but are being denied access to the records relating to said agreements and profits and are hence, unable to determine their share of the profits with specificity.

25.   In an accounting by the parties, there will be found amounts owed to Plaintiffs well in excess of $1,000.000.00.

26.   An accounting is necessary to show the amount due to Plaintiff from Defendants, and the amounts due would be shown by an accounting.

27.   Prior to the commencement of this action, plaintiffs demanded of defendants, access to the records of said company in order to do an accounting, but defendants have not been permitted access.

WHEREFORE, plaintiffs pray judgment against defendants and each of them, as hereinafter set forth.

<u>SECOND CAUSE OF ACTION</u>
(Breach of Contract)

28.     Plaintiffs incorporate herein by reference as if fully set forth each and every allegation of the preceding paragraphs of this Complaint.

29.     Beginning in 2013 and continuing through 2014, Plaintiffs and Defendants Michelle

Baron, and Tracey Baron entered into various agreements as outlined in Exhibit A with respect to the acquisition and development of certain real property as set forth in Exhibit A.

30.     All of the conditions to be performed on the part of plaintiffs under the provisions of the aforementioned agreements have been performed, waived or excused.

31.     Said  Defendants  had  a duty to perform all provisions of the aforementioned agreement but have failed to do so in that they have withheld information and reports to Plaintiffs as required under said agreement and have failed to provide profits derived from the same, all in default and in breach of said agreement.

32.     As a direct and proximate result of the breach of contract by said Defendants, and each of them, plaintiffs have been injured in a sum representing amount unpaid, and payable and due plaintiffs pursuant to said contracts, together with legal interest thereon from the date said payments should have been made under the terms of said agreement.

33.     As a further direct and proximate result of the breach of contract by said Defendants, Plaintiffs have suffered and will continue to suffer general, special and consequential damages in an amount to be determined according to proof at trial.

WHEREFORE, plaintiffs pray judgment against defendants and each of them, as hereinafter set forth.

<u>THIRD CAUSE OF ACTION</u>
(Quantum Meruit)

34.     Plaintiffs incorporate herein by reference as if fully set forth each and every allegation of the preceding paragraphs of this Complaint.

35.    By reason of the acts and omissions of defendants heretofore alleged, Defendants as indicated on Exhibit A, and each of them, made representations which were reasonably understood by Plaintiffs to be an expectation that they would receive compensation from said Defendants.  The parties, by their conduct, have formed a relationship which is contractual in nature, even though an enforceable contract may never have been created.

36.    Said expectation was reasonable on the part of Plaintiffs.

37.    Plaintiffs relied on said representations to their detriment and incurred costs and expenses by reason thereof.

38.    Said reliance was reasonable.

39.    Said Defendants had a duty to provide compensation to Plaintiffs and have failed to do so, all in default and in breach of their understanding and expectations.

40.    As a direct and proximate result of said conduct by said Defendants, and each of them, plaintiffs have been injured in a sum representing amount unpaid, and payable and due plaintiffs pursuant to said contracts, together with legal interest thereon from the date said payments should have been made under the terms of said agreement.

41.    As a further direct and proximate result of said conduct by said Defendants, Plaintiffs have suffered and will continue to suffer general, special and consequential damages in an amount to be determined according to proof at trial.

WHEREFORE, plaintiffs pray judgment against defendants and each of them, as hereinafter set forth.

<u>FOURTH CAUSE OF ACTION</u>

(Unjust Enrichment)

42.    Plaintiffs incorporate herein by reference as if fully set forth each and every allegation of the preceding paragraphs of this Complaint.

43.    By reason of the acts and omissions of defendants as set forth in Exhibit A, heretofore alleged, Defendants, and each of them made representations which were reasonably understood by Plaintiffs to be an expectation that they would receive compensation from said Defendants. Said acts and omissions of Defendants, and each of them, evidence an obligation imposed by law to do justice even though it is clear that no promise was ever made or intended.

44.    The acts of Plaintiffs were reasonable.

45.    Said Defendants had a duty to provide compensation to Plaintiffs and have failed to do so, all in default and in breach of their understanding and expectations.

46.    As a direct and proximate result of said conduct by said Defendants, and each of them, plaintiffs have been injured in a sum representing amount unpaid, and payable and due plaintiffs pursuant to said contracts, together with legal interest thereon from the date said payments should have been made under the terms of said agreement.

47.    As a further direct and proximate result of said conduct by said Defendants, Plaintiffs have suffered and will continue to suffer general, special and consequential damages in an amount to be determined according to proof at trial.

WHEREFORE, plaintiffs pray judgment against defendants and each of them, as hereinafter set forth.

<u>FIFTH CAUSE OF ACTION</u>

(Detrimental Reliance)

48.     Plaintiffs incorporate herein by reference as if fully set forth each and every allegation of the preceding paragraphs of this Complaint.

49.   By reason of the acts and omissions of defendants as set forth in Exhibit A, heretofore alleged, said Defendants, and each of them made representations which were reasonably understood by Plaintiffs to be an expectation that they would receive compensation from said Defendants.

50.     The Plaintiffs relied on said representations and said reliance on said representations of said Defendants by Plaintiffs was reasonable.

51.     By reason of said representations, said Defendants had a duty to provide compensation to Plaintiffs and have failed to do so, all in default and in breach of their understanding and expectations.

52.     As a direct and proximate result of said conduct by said Defendants, and each of them, plaintiffs have been injured in a sum representing amount unpaid, and payable and due plaintiffs pursuant to said contracts, together with legal interest thereon from the date said payments should have been made under the terms of said agreement.

53.     As a further direct and proximate result of said conduct by said Defendants, Plaintiffs have suffered and will continue to suffer general, special and consequential damages in an amount to be determined according to proof at trial.

WHEREFORE, plaintiffs pray judgment against defendants and each of them, as hereinafter set forth.

SIXTH CAUSE OF ACTION

(Constructive Trust)

54.     Plaintiffs incorporate herein by reference as if fully set forth each and every allegation of the preceding paragraphs of this Complaint.

55.   By reason of the acts and omissions of defendants as set forth in Exhibit A, heretofore alleged, said Defendants, and each of them held funds rightfully belonging to Plaintiffs.

56.   Said defendants invested said funds belonging to Plaintiffs in various items and parcels of real estate.

57.   Because said investments were made with the funds belonging to Plaintiffs, said investments were made, by operation of law, on behalf of Plaintiffs and for their benefit.

58.   Said actions constitute a constructive trust for the benefit of Plaintiffs and all proceeds from said investments are made for the benefit of, and on behalf of Plaintiffs.

59.   Plaintiffs request that the Court acknowledge the existence of said construction trust and declare any and all proceeds of the same to be the property of Plaintiffs.

WHEREFORE, plaintiffs pray judgment against defendants and each of them, as hereinafter set forth.

SEVENTH CAUSE OF ACTION
(Conversion)

60.     Plaintiffs incorporate herein by reference as if fully set forth each and every allegation of the preceding paragraphs of this Complaint.

61.     By reason of the acts and omissions of defendants as set forth in Exhibit A, heretofore alleged, Defendants, and each of them held funds rightfully belonging to Plaintiffs.

62. Said Defendants have converted said funds to their own use without the consent of Plaintiffs and without the intent to deliver said funds, nor the investments procured by said funds to Plaintiffs.

63. Said Defendants have refused to surrender said property, on demand to Plaintiffs, who are entitled to lawful possession thereof.

64. Said actions constitute a conversion of said funds belonging to Plaintiffs.

65. As a direct and proximate result of said conduct by said Defendants, and each of them, plaintiffs have been injured in a sum representing amount unpaid, and payable and due plaintiffs pursuant to said contracts, together with legal interest thereon from the date said payments should have been made under the terms of said agreement.

66. As a further direct and proximate result of said conduct by said Defendants, Plaintiffs have suffered and will continue to suffer general, special and consequential damages in an amount to be determined according to proof at trial.

67. By reason of the acts and omissions of defendants hereinafter alleged, and each of them, were willful, malicious and oppressive and were undertaken in disregard of their fiduciary and quasi-fiduciary obligations and with a conscious disregard for the rights, feelings, interests and health of plaintiffs with the intent to vex, injure and annoy plaintiffs such as to constitute oppression, fraud and/or malice.

WHEREFORE, plaintiffs pray judgment against defendants and each of them, as hereinafter set forth.

<u>EIGHTH CAUSE OF ACTION</u>

(Breach of Fiduciary Duty)

68.    Plaintiffs incorporate herein by reference as if fully set forth each and every allegation of the preceding paragraphs of this Complaint.

69.    By reason of the acts and omissions of Defendant Tracey Baron, heretofore alleged, said Defendants, and each of them stand in a fiduciary relationship with Plaintiffs.

70.    Said fiduciary relationship includes the duty of full disclosure to Plaintiffs and the duty to handle their funds with care and to guard against injury or damage to Plaintiffs.

71.    Said Defendants, and each of them have breached said duty in failing to provide Plaintiffs with information and reports concerning their assets and investments and in injuring and damaging Plaintiffs by not providing them with the profits from their investments.

72.    As a direct and proximate result of said conduct by said Defendants, and each of them, plaintiffs have been injured in a sum representing amount unpaid, and payable and due plaintiffs pursuant to said contracts, together with legal interest thereon from the date said payments should have been made under the terms of said agreement.

73.    As a further direct and proximate result of said conduct by said Defendants, Plaintiffs have suffered and will continue to suffer general, special and consequential damages in an amount to be determined according to proof at trial.

74.    By reason of the acts and omissions of defendants hereinafter alleged, and each of them, were willful, malicious and oppressive and were undertaken in disregard of their fiduciary and quasi-fiduciary obligations and with a conscious disregard for the rights, feelings, interests and health of plaintiffs with the intent to vex, injure and annoy plaintiffs such as to constitute oppression, fraud

and/or malice.

## NINTH CAUSE OF ACTION
(Fraud in the Inducement - Repayment)

75.     Plaintiffs incorporate herein by reference as if fully set forth, each and every

allegation of the Third Amended Complaint of Plaintiffs.

76.     At various times between December 14, 2012 and January 20, 2015, Defendant

Tracey Baron borrowed money from Plaintiffs on the specific dates and in the exact amounts

shown on Exhibit A, attached hereto and incorporated herein by reference.  Promissory Notes

were executed incident to each of said loans in which Tracey Baron made representations on his

own behalf and on behalf of the borrowing entities named in said Promissory Notes.

77.     In addition to all other representations made with respect to said loans Tracey

Baron, on behalf of himself and said entities, made the statement, as contained within said

promissory notes, that the sums borrowed would be repaid in full pursuant to the terms of each

respective promissory note.

78.     Said statements were false in that Tracey Baron, at the time said statements were

made, Tracey Baron, neither personally, nor through said entities, intended to repay said sums

borrowed in full.

79.     Said statements were material and important because Plaintiffs would not have

made such loans had they known that there was no intention of repaying said loans in full.

80.     Said statements were knowingly false in that Tracey Baron knew at the time said

loans were made that, rather than repay said loans in full, he would utilize various stratagems to

falsely increase expenses, manipulate accounting, and utilize the legal system to avoid, prevent, obstruct, delay and obfuscate, his duty and the duties of said entities to repay said loans in full.

81.     Said efforts to utilize such stratagems on the part of Tracey Baron to falsely increase expenses, manipulate accounting, and utilize the legal system where done with intentional, knowing, and reckless disregard for the truth and for the legal rights of Plaintiffs.

82.     Tracey Baron intended that Plaintiffs rely on his false statements in that he intended for Plaintiffs to lend the sums indicated in Exhibit A and Tracey Baron knew and was reasonably certain that Plaintiffs would not lend said sums if they knew that the representations stated above were false.

83.     Plaintiffs did, in fact, rely on said false statements of Tracey Baron in that the Plaintiffs did make said loans with the expectation that they would be repaid in full.  Said reliance was reasonable in that, at the time, Plaintiffs had no substantial reason to believe that said statements were false.

84.     By reason of said reliance by Plaintiffs have suffered damages as a direct and proximate result of said conduct by said Defendants, and each of them, plaintiffs have been injured in a sum representing amounts unpaid, and payable and due plaintiffs pursuant to said Promissory Notes, together with legal interest thereon from the date said payments should have been made under the terms of said agreements.

85.     By reason of said false statements and reliance thereon by Plaintiffs, the same have suffered damages as a direct and proximate result of said conduct by said Defendants, and each of them, in that Plaintiffs have incurred attorney fees in an amount to be determined at trial

according to proof.

86.     The acts and omissions of defendant Tracey Baron herein alleged, were willful, malicious and oppressive and were undertaken in disregard of his obligations and with a conscious disregard for the rights, feelings, interests and health of plaintiffs with the intent to vex, injure and annoy plaintiffs such as to constitute oppression, fraud and/or malice.

WHEREFORE, plaintiffs pray judgment against defendants and each of them, as hereinafter set forth.

<u>TENTH CAUSE OF ACTION</u>
(Fraud in the Inducement - Trust Guaranty)

86.     Plaintiffs incorporate herein by reference as if fully set forth, each and every allegation of the Third Amended Complaint of Plaintiffs.

87.     At various times between December 14, 2012 and January 20, 2015, Defendant Tracey Baron borrowed money from Plaintiffs on the specific dates and in the exact amounts shown on the Exhibit A, attached hereto and incorporated herein by reference.  Promissory Notes were executed incident to each of said loans in which Tracey Baron made promises on his own behalf and on behalf of the borrowing entities named in said Promissory Notes.

88.     In addition to all other promises made with respect to said loans Tracey Baron, on behalf of himself and said entities, made the statement, as contained within said promissory notes, that the sums borrowed were guaranteed by the Elizabeth Steiner Trust as set forth more particularly as follows:

... the loaned funds are guaranteed by the Elizabeth Steiner Trust, Jeffery A. Long Trustee pursuant to the revolving line of credit made available to

[Borrower] on April 4, 2012. Borrower hereby expressly represents that said line of credit is validly existing, contains a reserve amount available to provide the security promised herein and that Lender may directly take under the line of credit upon demand and submission of evidence of an uncorrected default. Supplemental Loan Agreement, Section 2. Default and Acceleration.

The above language existed in the Supplemental Loan Agreements dated, May 9, 2013 (3415 Crescent Drive), May 9, 2013 (21255 NE Shore Drive), July 22, 2013, July 23, 2013, September 16, 2013, September 17, 2013, September 20, 2013, October 10, 2013 (other), October 10, 2013 ( 13360 NE Denbrook Road), November 30, 2013, December 2, 2013, January 10, 2014, January 11, 2014, January 13, 2014, January 21, 2014, February 11, 2014, April 29, 2014 (7582 N Burlington Ave), April 29, 2014 (12761 SW 133rd Ave), April 29, 2014 (18825 NE Hovt Court), May 1, 2014, May 16, 2014, July 10, 2014, July 11, 2014, July 24, 2014, August 18, 2014 (640 East Main St), August 18, 2014 (3522 Summit Pointe Court.), August 18, 2014 (3530 Summit Pointe), August 18, 2014 (16394 SW Hoops Court), September 9, 2014, September 10, 2014, September 11, 2014, September 16, 2014, and October 10, 2014,

89.     Said statements were false in that Tracey Baron, neither personally, nor through said entities, had authority to make such statements, nor did said Trust actually guarantee payments as stated.

90.     Said statements were material and important because Plaintiffs wanted said guarantees in order to protect themselves from harm and from damages in the event of default. This desire influenced their lending decisions.

91.     Said statements were knowingly false in that Tracey Baron knew at the time said loans were made that, he did not have authority to guarantee said loans on behalf of said trust and

also, Tracey Baron knew that said guarantees did not exist.

92.    Said statements were made intentionally, knowingly, in recklessly disregard for the truth and for the legal rights of Plaintiffs.

93.    Tracey Baron intended that Plaintiffs rely on his false statements in that he intended for Plaintiffs to lend the sums indicated in said exhibits and Tracey Baron knew and was reasonably certain that Plaintiffs would not lend said sums if they knew that the representations stated above were false.

94.    Plaintiffs did, in fact, rely on said false statements of Tracey Baron in that the Plaintiffs did made said loans with the expectation that they would be guaranteed.  Said reliance was reasonable in that, at the time, Plaintiffs had no substantial reason to believe that said statements were false.

95.    By reason of said reliance by Plaintiffs have suffered damages as a direct and proximate result of said conduct by said Defendants, and each of them, plaintiffs have been injured in a sum representing amounts unpaid, and payable and due plaintiffs pursuant to said promissory notes, together with legal interest thereon from the date said payments should have been made under the terms of said agreements.

96.    By reason of said false statements and Plaintiff's reliance thereon, Plaintiffs have suffered damages as a direct and proximate result of said conduct by said Defendants, and each of them, plaintiffs have incurred attorney fees.

97.    The acts and omissions of defendant Tracey Baron herein alleged, were willful, malicious and oppressive and were undertaken in disregard of their obligations and with a

conscious disregard for the rights, feelings, interests and health of plaintiffs with the intent to vex, injure and annoy plaintiffs such as to constitute oppression, fraud and/or malice.

WHEREFORE, plaintiffs pray judgment against defendants and each of them, as hereinafter set forth.

## <u>ELEVENTH CAUSE OF ACTION</u>
(Extortion)

98.     Plaintiffs incorporate herein by reference as if fully set forth, each and every allegation of the Third Amended Complaint of Plaintiffs.

99.     At various times and various manners between December 14, 2012 and November 1, 2017, Defendant Tracey Baron caused there to be communications between himself and Plaintiffs in which Tracey Baron communicated to Plaintiffs that Plaintiffs had allegedly committed a crime or offense  relating to the handling or mishandling of IRA accounts and violations of the U.S. Tax Code, including, but not limited to the following:

> And then when I am done with the Self Directed IRA custodian I am gonna send the package I have assembled with all of your emails, docs and agreements to the IRS and file a complaint there about how these investors in my company's with their self directed IRAs are challenging my expenses and salaries and ask for a ruling on why you aren't a prohibited person? Or ask if there is a distinction between individual properties within the same company or me since I own them all.
> Or you can agree to take the real estate and my improvements and go away.
> October 15, 2015.

*     *     *     *     *

> How are you going to be able to explain the expenditure real numbers that you changed that resulted in your IRA being over funded - you could go to jail over stuff like this - my actual numbers are booked on my tax returns. If you change these you are showing the intent to commit tax fraud and when you effect other people like my

family these changes can become criminal. I know you don't like my numbers but it could be criminal in nature if the result is over a certain dollar amount. You just cannot change the numbers ever because if it causes you to put more money into your tax shelter - you can never make those decisions - all you can do it fire me if you don't like my numbers. Go to Just Answer and you will see I am right. Never ever ever ever can you change the expenses or do anything in your IRA that causes you to funnel more money into it. There could be a correlation between this and the delays. This is intentional and illegal and criminal tax fraud David. Do you understand - for both you and Darrell. Looks worse for you because you did all of the talking. I just need you to understand David your remedy for you not liking my numbers is never hiring me again -

If you fight this it will be worse because it's your Ira benefiting - this is a transaction that you will be arrested for if discovered. Ask your CPA or Attorney - we are analyzing every angle here - I could call the police now if I came forward - and you would be picked up. That could be what the hold up is David - do you see how deep this is - you are not the owner of the property Michelle and I are - not you - so what makes you think that you can change my expenses??
October 24, 2015.

*   *   *   *   *

Remember this, with what you have done with me since we met, if I turned it over it would be enough to bring you down to cause an investigation. I tell you this to scare you so you stop. Somebody could arrange a deal for whistle blowing.
October 17, 2015

100.    Said communications were made with the intent to extort pecuniary advantage from Plaintiffs in favor of Defendants, or to induce action or inaction on the part of Plaintiffs against their will in that Defendant Tracey Baron intended for his statements to induce Plaintiffs to withdraw their demands for payment, cease their efforts in court for payment, and abandon claims and moneys due to them from Tracey Baron and/or the other Defendants in this action.

101.    Defendants did, in fact, obtain that which they sought in this regard to a degree in that Plaintiffs did cease collection of funds owing to them from the sale of real property commonly

known between these parties as the "Oxbow" project, or, more specifically, from the sale of that real property known as 8965 Oxbow Terrace, Beaverton, Oregon 97008.

102.    By reason of said inducement Plaintiffs have suffered damages as a direct and proximate result of said conduct by said Defendants, and each of them, Plaintiffs have been injured in a sum representing amounts unpaid, and payable and due plaintiffs together with legal interest thereon from the date said payments should have been made under the terms of said agreements.

103.    By reason of said reliance by Plaintiffs have suffered damages as a direct and proximate result of said conduct by said Defendants, and each of them, Plaintiffs have incurred attorney fees.

104.    The acts and omissions of defendant Tracey Baron herein alleged, were willful, malicious and oppressive and were undertaken in disregard of their obligations and with a conscious disregard for the rights, feelings, interests and health of plaintiffs with the intent to vex, injure and annoy plaintiffs such as to constitute oppression, fraud and/or malice.

WHEREFORE, plaintiffs pray judgment against defendants and each of them, as hereinafter set forth.

## TWELFTH CAUSE OF ACTION
(Reformation of Deed)

105.    Plaintiffs incorporate herein by reference as if fully set forth, each and every allegation of the Third Amended Complaint of Plaintiffs.

106.    On or about December 16, 2013, Defendants Tracey Baron and Michelle Baron entered into a Joint Venture Agreement with Plaintiffs for the development of certain real property

commonly known as 18901 Hill Top Road, Lake Oswego, Oregon, 97035. A true copy of said Joint

Venture Agreement is attached hereto as Exhibit B.

107. Defendants have materially breached said agreement, *inter alia*, in the following

manner:

a. Renting said property without paying Plaintiffs their share of the income;

b. Failing to take out financing on the property within 60 days of purchase;

c. Filing a lien against said property and/or allowing a lien to be placed on said property;

d. Failing to make payments due to Plaintiffs as per said agreement;

e. Failing to pay Plaintiffs rents for occupancy of the property by Defendants and/or others;

f. Causing and/or allowing waste of the property;

g. Failing to insure said property;

h. Failing to pay Plaintiffs their share of profits from said property pursuant to said

agreement;

i. Failing to cooperating with Plaintiffs in recording a Warranty Deed in favor of Plaintiffs

once twelve months had passed without completion of the subdivision of the property in that

Defendants did provide a deed conveying full title to Plaintiffs but when the title company lost the

deed Defendants refused to provide a replacement deed;

j. Failing to provide Plaintiffs with property division documents from engineering;

k. Failing to pay property taxes;

l. Failure to provide proper updates on the progress of the project;

m. Making improper charges against the joint venture; and,

n. Initiating Bankruptcy proceeding involving the property.

108. By reason of said breaches Plaintiffs have suffered damages as a direct and proximate result of said conduct by said Defendants, and each of them, plaintiffs have been injured in a sum representing amounts unpaid, and payable and due plaintiffs pursuant to said joint venture, together with legal interest thereon from the date said payments should have been made under the terms of said agreements.

109. By reason of said breaches Plaintiffs have suffered damages as a direct and proximate result of said conduct by said Defendants, and each of them, plaintiffs have incurred attorney fees.

110. By reason of said breaches Plaintiffs are entitled to specific performance for conveyance of said real property to Plaintiffs, and to that end, Plaintiffs are entitled to reformation of the deed to said property to show Plaintiffs as the sole owners of said real property.

WHEREFORE, plaintiffs pray judgment against defendants and each of them, as here set forth.

1. For access to all of the business records of the various businesses and investments between the parties and any part of them;

2. For an accounting with respect to the same;

3. For payment of such sums which are due and owing from the same according to proof, and in any event in excess of $1,000,000.00;

4. For contract damages according to proof at trial, and in excess of the jurisdictional minimum and in any event in excess of $1,000,000.00, plus interest thereon at the applicable rate, together with attorneys' fees, and costs which are properly awardable;

5. For an award of general damages according to proof at trial;

6. For an award of special damages according to proof at trial;

7. For prejudgment interest on the damages alleged herein as permitted by law;

8. For fraud damages according to proof at trial;

9. For extortion damages according to proof at trial;

10. For reformation of deed according to proof at trial;

11. For attorneys' fees;

12. For punitive and exemplary damages according to proof;

13. For cost of suit; and,

14. For such other and further relief as the court deems proper.

Dated: November 30, 2017

CANNON LAW ASSOCIATES

 */s/ Steven W. Shaw*
8619 S. Sandy Pkwy., Ste. 111
Sandy, UT 84070

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, November 30, 2017, I caused a true and correct copy of the foregoing instrument to be efiled with the Court which in turn served a copy thereof on all counsel of record.

*/s/ Steven W. Shaw*

## <u>EXHIBIT INDEX</u>

## THIRD AMENDED COMPLAINT

Exhibit A:          Loan Summary

Exhibit B:          Hill Top Joint Venture Agreement