# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL L. DEEM, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> TRACEY BARON, et. al., <br><br> Defendants. | **MEMORANDUM DECISION** <br><br> **AND ORDER** <br><br><br> 2:15-CV-00755-DS <br><br> District Judge David Sam |

Before the court is Plaintiffs' Renewed Motion for Preliminary Injunction. Plaintiffs seek an order reflecting the following points:

- The court's approval is required for the sale or transfer of assets.

- Defendants are enjoined from committing waste or otherwise substantially altering said real estate in any way which would negatively impact its value without either the agreement of counsel or leave of the court.

- Defendants may not interfere with enforcement of the assignment of rents in the possession of Plaintiffs with reference to the real estate.

- Plaintiffs may have access to files, documents, surveys and work performed by 3J Consulting relative to the 18901 Venture (Hill Top Project), and may use existing documentation to preserve the value of said asset.

The Supreme Court has held that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008). As described below, these four requirements are met in this case.

Plaintiffs are likely to succeed on the merits. They have provided extensive documentation and analysis demonstrating that they have not been paid as agreed. Because the evidence indicates that payments have not been made, Plaintiff's have a good likelihood of success.

There is a strong likelihood that Plaintiffs will suffer irreparable harm if Defendants sell or lose their assets pending trial. Plaintiffs loaned money to the Defendants so that Defendants could acquire distressed properties and make those properties rentable and profitable. Since these are distressed properties to begin with, Plaintiffs are concerned that they may be lost to the banks unless Plaintiffs are kept in the loop on their status with the banks. Plaintiffs state the following: "We are not asking that Tracey make any payments. We are asking that we be given the opportunity to negotiate with the bank and make payments ourselves if we determine it is prudent to do so. Tracey is still fee [sic] to make payment on his own." ECF No. 94 at 12. Plaintiffs note that since Defendants have admitted that they don't care whether the assets are preserved, they cannot be harmed by an order allowing Plaintiffs to attempt to preserve them.

Mr. Baron has made threats in the past to waste or destroy the assets. Defendant argues that those threats were made years ago in response to justifiable frustration and anger over being cheated by Plaintiffs, but that his actions since then prove that he presents no danger to Plaintiffs. If Mr. Baron has no plans to waste or destroy assets, then he should not object to an order preventing him from doing so.

The contracts in question provide that a portion of all rents shall be paid to Plaintiffs. Plaintiffs have not received most of these rents. They have provided the affidavit of one tenant who states that he is aware of over $45,000.00 in rents being paid under the table on the property he is renting. He states that Mr. Baron insisted that all payments be made in cash without any receipts and that there be no written agreement. *See* Exhibit 11C, Affidavit of Ronald Stendahl, attached to the Affidavit of David Law (ECF No. 94, Exhibit 1AAA). Plaintiffs sent a letter to each property for which they have an assignment of rents, informing the occupant of the assignment, but they soon learned that Mr. Baron was threatening the tenants with eviction if they honored Plaintiffs' assignments. *See* Exhibit 2E to the Affidavit of David Law (Exhibit 1AAA). Plaintiffs note that this is not just a question of monetary damages. "It is a question of preserving the contractual basis for those damages. If the rents are not brought in, there are no damages for not paying Plaintiffs their portion of such rents. The claim for damages can only exist if the tenants remain in the properties." ECF No. 94 at 13.

The most valuable project that the parties undertook was the development of what they refer to as the 18901 Venture" which refers to 18901 Hill Top Road. This was a joint venture by the parties and not simply a loan. *See* Exhibit 3A, Joint Venture Agreement with Notes and Exhibit 8B Violations of 18901 Venture, both Exhibits to the Affidavit of David Law (Exhibit 1AAA). The Joint Venture Agreement contemplated that the Hill Top Road property would be subdivided and sold, and Mr. Baron employed the engineering firm of 3J Consulting to draw plans, obtain permits and perform other engineering projects. The contract with 3J Consulting is in the sole name of Tracey Baron personally. He refuses to allow Plaintiffs access to the work performed by 3J Consulting, and 3J Consulting refuses to proceed without his authorization. While Plaintiffs acknowledge that the loss here is monetary, and that they could hire a different

engineer and do all of the work themselves, they also assert that trying to go back and repeat the engineering work is likely to destroy the financial viability of the whole project.

While generally one pursuing a money action is not entitled to a preliminary injunction, an exception is when movant's cause of action is directed to a specific fund which is "the subject of the action." *See Ma v. Lien,* 198 A.D.2d 186, 604 N.Y.S.2d 84 (1993). Many cases hold that a monetary damages claim directed at a specific fund is viable as an irreparable injury worthy of an injunction because the property, not the value of the property, is the true subject of the action. *See* ECF No. 94 at 15-16 for specific examples. This is the case here. There would clearly be irreparable damage if the preliminary junction is not granted.

Defendants' opposition to the Motion for Preliminary Injunction fails to address the merits of the motion. Defendants base their opposition on two arguments: (1) that this motion conflicts with pending bankruptcies, and (2) that Plaintiffs have no chance of success on the merits.

Defendants summarily state that "[a]ll of the real estate subject to this lawsuit has been placed into various Chapter 11 Bankruptcies." ECF No. 114 at 1. Defendants object to Plaintiffs' request for an order from the court that would limit them, as Chapter 11 Debtors, from dealing with their properties, particularly the handling of rents received therefrom. While the court reaffirms its prior stance that this action does not affect properties that are currently in Chapter 11 Bankruptcies, it appears that only one subject property is still in bankruptcy. The Oregon Bankruptcy Court has granted relief from the automatic stay as to the Hill Top Project, so that Plaintiffs can continue this litigation. And as for the other properties, Plaintiffs note that all bankruptcies except one have been dismissed due to the misrepresentations and misreporting

of Tracey Baron. The Crimson Bankruptcy, the sole remaining bankruptcy, only held one property of interest to Plaintiffs, so Plaintiffs have chosen to ignore it. If Defendants disagree with this assessment, they are ordered to provide this court with proof that specific properties are still in the Chapter Eleven Bankruptcies and subject to the stay, and thus not subject to this order.

Defendants also argue that Plaintiffs cannot prevail on the merits. They argue, not that Plaintiffs' allegations are false, but rather, that Defendants' Counter Claims are so strong that they will overshadow Plaintiffs' claims. As proof of the strength of their Counter Claims they have provided only their actual Counter Claim, whereas Plaintiffs have provided hundreds of pages of documentary evidence and affidavits. The weight of the evidence indicates that Plaintiffs will likely succeed on the merits. But regardless, the equities balance in favor of granting the motion. The four requests that Plaintiffs make in this motion are not one-sided. Each of these orders is designed to preserve assets and maintain the status quo. This will help whoever prevails in this matter, even the Defendants. Defendants maintain that Tracey Baron has not harmed Plaintiffs and will not harm them, and that he continues to work hard to preserve the assets as best he can. If this is true, he should not object to this order, which helps to protect the assets pending the outcome of this case.

Finally, in a broad sense, it is in the public interest to allow Plaintiffs to prevent the properties from being foreclosed upon or the business developments from failing. Promoting the public's interest in commerce has been held to be a legitimate benefit for purposes of preliminary injunctions. Preliminary injunctions granted in merger and antitrust cases are examples of this. *United States v. Siemens Corp.,* 621 F.2d 499 (2d Cir. 1980); *cv. FTC v. Weyerhaeuser Co.,* 665 F.2d 1072 (D.C. Cir. 1981),; *United States v. Ingersoll-Rand,* 218 F.Supp. 530 (W.D. Pa. 1963).

## CONCLUSION

For the reasons stated above and in order to preserve the status quo and prevent waste until this matter can be adjudicated, this court hereby grants the motion for preliminary injunction and orders the following.

- Defendants are enjoined from transferring any parcel of real estate named in the agreements of the parties (expressly enumerated in the attachments to the Complaint) without either the agreement of counsel or leave of court. Plaintiffs must also be notified immediately of any potential involuntary transfer of the same real estate, and they are hereby given leave to communicate with the banks or other proper parties in order to take appropriate steps to avoid the involuntary transfer of the same.
- Defendants are enjoined from committing waste or otherwise substantially altering said real estate in any way which would negatively impact its value without either the agreement of counsel or leave of the court.
- Plaintiffs are permitted to enforce the assignment of rents in their possession without interference from Defendants. Defendants are enjoined from interfering in any way, including retaliatory efforts to evict tenants.
- Plaintiffs shall be given access to files, documents, surveys and all work performed or in the process of being performed or in the possession of the engineering firm of 3J Consulting relative to the 18901 Venture (Hill Top Project). Plaintiffs are allowed to use all existing documentation to perform any work needed to preserve the value of said asset and the funds expended in furtherance thereof. Plaintiffs are not allowed to alienate the property without court approval.

DATED this 11th day of January, 2018.

                              BY THE COURT:

                              *David Sam*

                              DAVID SAM
                              United States District Judge