UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL L. DEEM, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> TRACEY BARON, et. al., <br><br> Defendants. | **MEMORANDUM DECISION** <br><br> **AND ORDER** <br><br> 2:15-CV-00755-DS <br><br> District Judge David Sam |

Defendants have filed a motion to set aside and rescind the court's preliminary injunction. They argue that "on January 5, 2018, a new Chapter 11 bankruptcy was filed in Oregon covering essentially all remaining properties with respect to which the Plaintiffs lent any money," and that as a result the court's order granting the Plaintiffs a preliminary injunction is null and void. ECF No. 132 at 2, 6. For the following reasons, the court denies Defendants motion.

The court agrees with Plaintiffs that this motion appears to be another in a long series of attempts to delay this litigation. The court is out of patience with Defendants' "consistent pattern of delay in this case." ECF No. 107. The court has already addressed these same issues and has ruled that parties and properties not covered by the existing bankruptcy are not stayed. As the court noted in its June 15, 2017 Memorandum Decision and Order, "[i]t is undisputed that the Bankruptcy stay applies automatically to parties to this action who have filed bankruptcy." ECF No. 68 at 3. The court went on to hold that the stay does not apply to non-debtors, and that this action would "therefore continue as to the non-debtors, unless the bankruptcy court orders

otherwise." Id. at 6. This has not changed. Defendants have admitted in their own pleadings that Tracey Baron and other defendants are not in bankruptcy. They have also admitted that not all properties relating to this suit are in bankruptcy: "This new chapter 11 bankruptcy includes the approximately 29 properties (all but three of the remaining properties)." ECF No. 140 at 2.

Plaintiffs note that even if Defendants owned no properties, Plaintiffs could still proceed to judgment in this matter. Their loans were not secured by the properties. Plaintiffs "are looking to any and all assets of the defendants, as well as those assets which formerly belonged to the defendants and were transferred in violation of the Fraudulent Transfer Act." ECF No. 135 at 2. Plaintiffs have been careful to take action relative to the Preliminary Injunction and rents *only* on properties which were not in conflict with the bankruptcy. Plaintiffs also allege that the Hilltop Property, the most valuable property and the primary thrust of this litigation, is *not* listed in the bankruptcy. Unless Defendants can definitively prove otherwise to this court, the preliminary junction will stay in place.

The plaintiffs in this action are not named in the bankruptcy. The mailing matrix for Fite, LLC, attached to Defendant's Exhibit 1, lists none of the plaintiffs or plaintiff's attorney as persons who should be given notice of the bankruptcy. Also, this action is not listed as a debt of the bankruptcy estate. This is evidence that the bankruptcy stay does not apply.

Plaintiff has provided the court with a copy of the audio of a case management conference that was held on February 13, 2018 in the new bankruptcy. The judge expressed great concern and frustration with the Bankruptcy Schedules, and she and counsel for Mr. Baron agreed that the Bankruptcy Schedules were wrong and would all have to be re-filed. The judge identified numerous errors in the Schedules. Since the Schedules are wrong and unreliable, this

court cannot possibly determine what exactly is covered by the bankruptcy stay and what is not. Defendants have failed to establish that the bankruptcy stays this action or the court's Preliminary Injunction Order.

Defendants' motion is hereby denied.

DATED this 12th day of March, 2018.

BY THE COURT:

_____
DAVID SAM
United States District Judge