UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL L. DEEM, et. al.,<br><br>        Plaintiffs,<br><br>v.<br><br>TRACEY BARON, et. al.,<br><br>        Defendants. | **MEMORANDUM DECISION**<br><br>**AND ORDER**<br><br><br>2:15-CV-00755-DS<br><br>District Judge David Sam |

Defendants have filed a motion to quash service of Plaintiffs' notices of deposition and written discovery requests. Defendants have also moved for a protective order stating that they are not required to appear at the depositions nor respond to the improperly served written discovery. ECF No. 131. For the same reasons listed in the court's March 12, 2018 order, the court denies both motions. ECF No. 141.

As stated in the previous order, the court is out of patience with Defendants' "consistent pattern of delay in this case." ECF No. 107. The court has already addressed these same issues and has ruled that parties and properties not covered by the existing bankruptcy are not stayed. This has not changed. Defendants have admitted in their own pleadings that Tracey Baron and other defendants are not in bankruptcy. They have also admitted that not all properties relating to this suit are in bankruptcy.

Plaintiffs' loans were not secured by the properties, so they "are looking to any and all assets of the defendants, as well as those assets which formerly belonged to the defendants and were transferred in violation of the Fraudulent Transfer Act." ECF No. 135 at 2. Plaintiffs have

been careful to take action relative to the Preliminary Injunction and rents *only* on properties which were not in conflict with the bankruptcy. Plaintiffs also allege that the Hilltop Property, the most valuable property and the primary thrust of this litigation, is *not* listed in the bankruptcy, and Defendants have not demonstrated otherwise.

The plaintiffs in this action are not named in the bankruptcy. The mailing matrix for Fite, LLC, attached to Defendant's Exhibit 1, lists none of the plaintiffs or plaintiff's attorney as persons who should be given notice of the bankruptcy. Also, this action is not listed as a debt of the bankruptcy estate. This is *prima facie* evidence that the bankruptcy stay does not apply.

In the audio of a case management conference that was held on February 13, 2018 in the new bankruptcy, the judge expressed great concern and frustration with the Bankruptcy Schedules, and she and counsel for Mr. Baron agreed that the Bankruptcy Schedules were wrong and would all have to be re-filed. The judge identified numerous errors in the Schedules. Since the Schedules are wrong and unreliable, this court cannot possibly determine what exactly is covered by the bankruptcy stay and what is not. Defendants have failed to establish that the bankruptcy stays this action.

Defendants' Motion to Quash and for Protective Order (ECF No. 131) is hereby denied.

DATED this 14th day of March, 2018.

BY THE COURT:

DAVID SAM
United States District Judge