Steven W. Shaw, Esq. (11143)
Post Office Box 54840
Provo, Utah 84605
Tel 702-292-1624
steve@shawlaw.biz

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Darrell L. Deem, et al.,<br><br>           Plaintiffs,<br>v.<br><br>Tracey Baron, et al.,<br><br>           Defendants. | Case No. 2:15-CV-755-DS<br><br>**PLAINTIFF'S RULE 11 MOTION FOR SANCTIONS**<br><br>Before the Honorable David Sam |

I.

**STATEMENT OF PRECISE RELIEF SOUGHT AND GROUNDS FOR RELIEF**

Plaintiff's seek Rule 11 sanctions, and specifically, for an order striking the Answer or such pleading or pleading as may apply and entering judgment for Plaintiffs. This motion is made on the grounds that Defendants have presented frivolous pleadings to this court without evidentiary support and for the purpose of harassing, dely, and increasing the cost of litigation.

II.

**BACKGROUND**

In retrospect, it is apparent that there has been a pattern of delay, harassment and frivolous pleadings from the inception of this case. As with any pattern, it took time before the pattern was

manifest. The misconduct was less obvious at first, but has become more and more blatant as the case progressed. Not every motion was frivolous. Plaintiffs even stipulated to extensions of time at the beginning. Collectively, however, the shear volume of Defendants' motions show an attempt to delay and increase the cost of litigation. It is the totality of conduct which forms the pattern which is objectionable, not the individual instances (though many of the individual instances are obviously frivolous). A time line of abuses is provided here for the court's convenience.

|  | **CHRONOLOGY**<br>(This is a partial list of events) |
|---|---|---|
| 10/26/15 | Amended Complaint Filed | Docket # 1 |
| 11/17/15 | Second Amended Complaint Filed (No Change Other than That of a Different Attachment) | Docket # 12 |
| 11/30/15 | Plaintiffs "...Offer to Submit to Any Request for Mediation or Arbitration." Defendants Make No Response to this Offer. | Exhibit 1 |
| 1/15/16 | Defendants' Motion to Dismiss Due to Improper Venue - Later Denied | Docket # 13 |
| 1/15/16 | Defendants' Motion to Strike Due to Filing Amended Complaint Without Leave of Court - Later Denied | Docket # 14 |
| 2/11/16 | Defendants' Motion to Dismiss for Want of Indispensable Parties - Later Denied | Docket #19 |
| 3/1/16 | Defendants' Motion to Dismiss re for Want of Arbitration - Later Denied in Part and Granted in Part | Docket # 22 |
| 3/14/16 | Defendants' Motion for Extension of Time - Later Granted | Docket # 24 |
| 4/5/16 | Stipulated Motion for Extension of Time | Docket # 31 |
| 5/16/16 | All Parties Agree to Mediate on June 24, 2016 | Exhibit 2 |
| 5/25/16 | Defendants' Refuse to Mediate as Agreed | Exhibit 3 |

| 6/1/16 | This Court Orders Mediation | Docket # 35 |
| --- | --- | --- |
| 6/22/16 | This Court Orders Mediation by July 18, 2016 | Docket # 37 |
| 7/9/16 | Defendants' Motion to Set Aside Scheduling Order - Later Granted | Docket # 38 |
| 7/14/16 | Defendant Crimson Investment Group Files Bankruptcy | Exhibit 4 |
| 8/18/16 | After Months of Frustration Trying to Mediate, Plaintiffs File Separate Action to Compel Mediation.  Compliant Does Not Name Crimson Investment Group Due to Bankruptcy. | Exhibit 5 |
| 12/21/16 | State Court Orders Mediation | Exhibit 6 |
| 3/2/17 | State Court Orders Mediation and Arbitration Deemed Satisfied | Exhibit 7 |
| 3/12/17 | Plaintiff's Move for Lift of Stay in this Federal Case - Later Granted | Docket # 44 |
| 4/12/17 | This Court Orders Lift of Stay (Motion Was Not Opposed) | Docket # 46 |
| 4/14/17 | Defendant' Notice Two (2) More Bankruptcy Filings | Docket # 49 |
| 4/14/17 | Defendants' Emergency Motion to Set Aside Lift of Stay Order - Later Denied | Docket # 48 |
| 4/25/17 | Defendants' Emergency Motion to Continue - Later Denied | Docket # 54 |
| 4/25/17 | Defendants' Emergency Motion to Be Excused from Appearing - Later Deemed Moot | Docket # 55 |
| 6/1/17 | Defendants' Notice of Fourth (4th) Bankruptcy Filing | Docket # 65 |
| 6/16/17 | This Court Rules Bankruptcy Stay Does Not Apply to Parties Not in Bankruptcy. | Docket # 68 |
| 7/11/17 | Defendants' Frivolous Motion for a More Definite Statement - Later Denied | Docket # 69 |
| 7/21/17 | Defendants' Emergency Motion for Extension of Time - Later Deemed Moot | Docket # 72 |
| 8/24/17 | Plaintiff's Notice of Intent to Default | Docket # 85 |
| 8/31/17 | Plaintiff's Motion for Default - Later Denied | Docket # 86 |

| 9/1/17 | Defendants' File Answer - but Not until Forced to Do So by Plaintiff's Motion for Default | Docket # 87 |
| --- | --- | --- |
| 9/5/17 | Defendants' Motion to Strike Motion for Default - Later Deemed Moot | Docket # 89 |
| 9/28/17 | Defendants' Motion to Withdraw as Attorney - Later Granted | Docket # 93 |
| 11/3/17 | Plaintiff's Motion for Sanction for Failure to Comply with Order to Appear or Appoint Counsel - Later Deemed Moot | Docket # 99 |
| 11/6/17 | Defendants' Motion for Extension of Time - Later Denied | Docket # 103 |
| 11/22/17 | The Parties Are Finally Able to Hold the Initial Attorney Planning Meeting but Afterward, Defendants Fail to Sign the Report So it Is Finally Submitted Unilaterally | Docket # 117 |
| 1/10/17 | Defendants File Initial Disclosure - Late and Inadequate | Exhibit 8 |
| 2/9/18 | Defendants File Notice of Fifth (5th) Bankruptcy | Docket # 129 |
| 2/11/18 | Defendants' File Frivolous Motion to Quash Depositions - Later Denied | Docket # 131 |
| 2/12/18 | Defendants Fail to Appear for Depositions | Exhibit 9 |
| 2/12/18 | Defendants' Frivolous Motion to Set Aside Preliminary Injunction - Later Denied | Docket # 132 |
| 3/5/18 | Defendant Fail to Respond to Request for Documents | Exhibit 10 |
| 3/5/18 | Defendants Fail to Respond to Request for Admissions | Exhibit 11 |
| 3/13/18 | Defendants' Motion for Extension of Time - Later Moot | Docket #144 |
| 3/16/18 | Defendants' Frivolous Motion to Dismiss Filed in Violation of F.R.C.P. and Misrepresenting Facts | Docket #150 |
| 3/16/18 | Defendant Files Answer after Receiving Notice of Intent to Default. | Docket # 152 |
| 3/23/18 | Defendants' Motion for Enlargement of Time - Later Deemed Moot | Docket #156 |
| 4/4/18 | Defendants' Motion for Enlargement of Time - Later Denied | Docket # 160 |
| 4/10/18 | Defendants' Frivolous Motion to Disqualify Judge | Docket # 164 |

| 4/11/18 | Defendants' Frivolous Motion to Set Aside Lift of Stay | Docket # 165 |
| --- | --- | --- |
| 4/18/18 | Defendants' Motion for Enlargement of Time - later granted | Docket # 170 |
| 4/18/18 | Defendants' Emergency Motion for Extension of Time - later granted due to stipulation | Docket # 172 |
| 4/23/18 | Defendants' Emergency Motion for Extension of Time - later granted | Docket # 176 |

Some of these motions or actions can be seen in every case, but taken as a whole, they are atypical and display a pattern of bad faith, contemptible misconduct and a conscious and malicious disregard of the rules of procedure and the Orders of this Court.  Moreover, the collective actions of Defendants show every indication that this misconduct will not stop or abate in the foreseeable future unless this Court stops it.

III.

**DEFENDANTS' VOW TO DELAY AND INCREASE
THE COST OF LITIGATION CANNOT BE IGNORED**

Defendants have recently complained about the number of times Plaintiffs have mentioned the Defendants' vow to delay and increase the cost of litigation.  The instances are truly voluminous.  Unfortunately, the number of times that they have been relevant is also voluminous.  Nevertheless, in deference to the volume of references already in the record, Plaintiff will make minimal reference to them at this time.

One of the more memorable of these vows was, **"I'm going to tie this up until Darrell's dead and until you run out of f\*\*kin money**."  Exhibit 12, p. 4. (Emphasis added.)  It was part of a voice message of October 15, 2015.  Another such threat occurred on November 21, 2015 where Defendant wrote, "If you really want to litigate I will do that with you well past Darrell's life

Rule 11 Motion, Page 5

expectancy. **I am not afraid to tie this up for years and years** fighting the process." Exhibit 12, p. 20. (Emphasis added.) If these vows were ever relevant, they are relevant now because they are admissions of a party opponent of bad faith. Normally we must prove with circumstantial evidence the mental state of another. Here, Defendants have spared us this burden by coming out and declaring their intent. They have declared, on more than the two occasions cited here, that they possess the requisite mental state and that it is their express intent to delay this litigation and cause it to be excessively costs. In sum, they admit their intent to violate Rule 11. This must play heavily in this courts' decision.

IV.

**DEFENDANTS HAVE VIOLATED MULTIPLE ASPECTS OF RULE 11**

Rule 11 lists several ways in which a matter can be improperly presented to the court. First, it requires the attorney to have made reasonable inquiry before filing a pleading. Then it states that the rule is violated in the following instances.

(1) **it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation**. As mentioned, Defendants have admitted that it was their intent to file pleadings to delay in increase the cost of litigation. Moreover, this court has made prior findings to this effect and has sanctioned Defendants previously for their misconduct. One decision identifying Defendants' conduct a delay is the Order of March 14, 2018, ECF # 146. One decision imposing sanctions is the Order of March 22, 2018, ECF # 154. One would think that these might have been warnings to be headed by Defendants but they have filed seven motions in the five weeks since the last of these Orders was entered. Some of these have

legitimately related to a death in the family which is anything but intentional delay. The same cannot be said of the remaining motions.

(2) **the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.** The most flagrant violation of provision are the repeated motions which rely on the stay in bankruptcy. It is one thing to protect the record for appeal by noting one's objections or position. It is a much different matter to premise one's motion, time after time, in direct contradiction of the law of the case. Here, the motions that have been founded on the bankruptcy stay, since this court's detailed analysis and careful ruling on the subject, include the Motion to Quash, ECF # 131, Motion to Set Aside Preliminary Injunction, ECF # 132, Motion to Disqualify Judge, ECF # 164, and Motion to Set Aside Lift of Stay, ECF # 165. The issue has been argued in defense of still more motions. Defendants will contend that their position has support in existing law. That does not mean that the motion is not frivolous because once the court has ruled on an issue, it has been decided and becomes the law of the case, and should not generally be raised anew unless there has been a substantial change in circumstance. The law is fairly specific about when and how such motions are to be handled.

The Federal Rules do not provide for a motion for reconsideration as such, if the motion is filed within ten days of order is treated as a motion to alter or amend under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993). Otherwise, it is treated as a motion under Rule 60(b). All of the motions here were filed more than 10 days after the Courts' original ruling. Under Rule 60(b), a district court "may relieve a party" from the effects of an order for the

following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." F.R.C.P. 60(b). "The burden of establishing at least one of these 'exacting substantive requirements' is on the movant," and a determination of whether that showing has been made is within the district court's discretion. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1314 (S. D. Tex. 1994) [quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-75 (5th Cir. 1990), cert. denied, 510 U.S. 859 (1993)].

    Here, Defendants make no suggestion that any of these requirements are satisfied. The closest thing they have is that a new bankruptcy is filed with astonishing regularity. Even the new bankruptcies, however, did not warrant review of this courts' ruling because they did not change the facts upon which the ruling was based, namely, they left parties to this action that were not named in the bankruptcy, not the least of which were Tracey Baron, Darrell Deem, David Law and Janine Law. In the clear absence of the required basis for these repeated motions requiring review of the same issue, is cannot be said that these motions were anything else but frivolous. They were clearly frivolous when the first of these repeat motions was made and were unquestionable and unmistakenly frivolous when the fourth of these repeat motions was filed. This does not take into account the many times Defendants raised this issue at a defense to other motions and where the Court reiterated its opinion that the bankruptcy stay does not apply.

(3) **the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support** after a reasonable opportunity for further investigation or discovery. An example of this was Defenants' Motion to Strike / Dismiss Plaintiffs' Complaint Due to Fraud Upon this Court or At Least the New Claims That Baron Committed Fraud, ECF # 150. There, Defendants actually claimed that Plaintiffs had committed a fraud upon the court by pleading a cause of action for fraud in their Complaint, while they based their motion on a tortured interpretation of the Deposition of Darrell Deem. This was not simply aggressive lawyering, it was a representation concerning the testimony of Mr. Deem which Defendants had to have known was false, and the truth of which they attempted to hide by submitting only a portion of the discussion for the Courts' review. Moreover, this was not simply a matter of interpretation. The testimony, taken in full, was opposite that provided by Defendants.

Another example of a contention that had no evidentiary support was the contention in their brief on the bankruptcy stay in which they claimed that the bankruptcy judge had "expressly announced that this action is barred by the automatic stay ..." ECF # 49-1, p. 2. When the issue was examined and a recording of the bankruptcy hearing obtained, it showed that this contention was a complete fabrication. See Exhibit B to Plaintiffs' Brief re Bankruptcy Stay, ECF # 64.

V.

**SANCTIONS ARE AUTHORIZED AND WARRANTED**

Rule 11 provides that, "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, **the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule** or is responsible for the violation. Rule

11(c)(1). Since Defendants admitted their intent to delay and cause needless expense, and have clearly done so, Sanctions should be awarded.

VI.

### THE EVIDENCE SHOWN HERE ALSO SHOWS THAT THE MOTION TO DISQUALIFY IS FRIVOLOUS

Defendants recently filed a motion to disqualify the judge.  There, Defendants contend that the bias of this court is so extreme as to render a fair judgment impossible.  They claim that the bias in this case is of the nature and extent which the U.S. Supreme Court has said is so rare that it almost never exists.  In order to take such an unusual position, and to realistically claim that their position has a reasonable basis in fact, they must have very solid evidence of bias.  Moreover, their position is polarizing in that either they are right, and the judge is indeed biased, or they are wrong and the judge's rulings against them referencing frustration and a pattern of delay are well founded.  One or the other proposition is correct.  There is no middle ground.  Since this motion puts forward the evidentiary support for the judge's rulings, it serves also as support in opposition to disqualification.  In short, this motion to hold Defendants responsible for delay, and Defendants motion to hold the judge responsible for bias, are really two sides of the same coin.  Accordingly, Plaintiffs reference their Opposition to the Motion for Disqualification in support of this motion and contend that the Motion for Disqualification itself is further evidence of violation of Rule 11 because it is completely baseless.  Defendants offer nothing more in support of bias than the fact that the court has ruled against them and has tried to warn them that their delays will not be tolerated.

Dated:  May 23, 2018

                Respectfully Submitted,

                Law Office of Steven W. Shaw

                <u>*/s/ Steven W. Shaw*</u>
                Post Office Box 54840
                Provo, Utah 84605
                Tel 702-292-1624
                Email steve@shawlaw.biz

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, May 23, 2018, I caused a true and correct copy of the foregoing instrument to be efiled with the Court which in turn served a copy thereof on all counsel of record.

*/s/ Steven W. Shaw*

# EXHIBIT INDEX

### PLAINTIFF'S MEMORANDUM OF
### POINTS AND AUTHORITIES IN SUPPORT
### OF RULE 11 SANCTIONS

| | |
|---|---|
| Exhibit 1: | 11/30/15. Plaintiffs "...Offer to Submit to Any Request for Mediation or Arbitration." Defendants Make No Response to this Offer. |
| Exhibit 2: | 5/16/16. All Parties Agree to Mediate on June 24, 2016. Signed Mediation Contract. |
| Exhibit 3: | 5/25/16. Defendants' Refuse to Mediate as Agreed |
| Exhibit 4: | 7/14/16. Defendant Crimson Investment Group Files Bankruptcy |
| Exhibit 5: | 8/18/16. After Months of Frustration Trying to Mediate, Plaintiffs File Separate Action to Compel Mediation. Compliant Does Not Name Crimson Investment Group Due to Bankruptcy. |
| Exhibit 6: | 12/21/16. State Court Orders Mediation |
| Exhibit 7: | 3/2/17. State Court Orders Mediation and Arbitration Deemed Satisfied |
| Exhibit 8: | 1/10/17. Defendants File Initial Disclosure - Late and Inadequate |
| Exhibit 9: | 2/12/18. Defendants Fail to Appear for Depositions |
| Exhibit 10: | 3/5/18. Defendant Fail to Respond to Request for Documents |
| Exhibit 11: | 3/5/18. Defendants Fail to Respond to Request for Admissions |
| Exhibit 12A: | Bullying and Delay |
| Exhibit 12B: | Vows to delay and squander assets |