Stephen K. Christiansen (6512)
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
Telephone:  801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com

*Attorney for Defendants/Counterclaim Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DARRELL L. DEEM, et al.,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>vs.<br><br>TRACEY BARON, et al.,<br><br>    Defendants/Counterclaim Plaintiffs. | **SUR-REPLY IN OPPOSITION TO MOTION FOR AN ORDER TO SHOW CAUSE RE CONTEMPT**<br><br>Civil No. 2:15-cv-755-DS<br><br>Honorable David Sam |

  Defendant Tracey Baron submits this Sur-Reply in response to plaintiffs' Reply to Opposition to Motion for an Order to Show Cause Re Contempt (Dkt. 214). The Reply contains erroneous argument based on asserted facts that, if understood correctly, demonstrate that Mr. Baron is in full compliance with the Court's preliminary injunction order moving forward and that an Order to Show Cause is unnecessary.

  First, plaintiffs suggest that Mr. Baron has known about the "Firwood" property foreclosure since March 2018. This is not true. Plaintiffs submit a foreclosure report showing an address in Lake Oswego, Oregon, at 4040 Douglas Way, but they do not provide evidence establishing that Mr. Baron received the notice of the foreclosure that they attach. The address is

that of former counsel for Mr. Baron's company. Mr. Baron did not receive actual notice of this foreclosure.[1]

Second, plaintiffs suggest there are over 50 properties at issue in this case – a number Mr. Baron disputes. But they rightly acknowledge that no more than nine would potentially have been producing rents in the recent past, beyond those already disclosed, and thus the subject of any rent updates. With respect to the nine properties plaintiffs identify specifically, none has rents to report – except one where rents were indisputably paid to plaintiffs – and many were foreclosed out before the Court's preliminary injunction order issued: (1) 3415 Crescent West Linn, foreclosed in 2017; (2) 13602 SE 154th, rents paid by renters <u>to plaintiffs</u> as shown on plaintiffs' own accounting; (3) 18797 Blueridge Drive, no rents; (4) 444 Bridge St, foreclosed in January 2018; (5) 744 SE 164th, foreclosed in 2017; (6) 5631 SE Belmont St, no rents, notice of impending foreclosure provided to plaintiffs; (7) 2775 SW 107th, no rents; (8) 11334 Kimball Court, foreclosed in 2017; and (9) 9999 NE Worden Hill Road, plaintiffs' interest surrendered in 2015 when the option to purchase expired and the Bankruptcy Trustee was unwilling to renew it. None of these involves a violation of this Court's orders. Moreover, all of these could have been addressed through an email inquiry between counsel rather than through multiple filings with the Court that make assertions without underlying knowledge and that draw resources away from a resolution on the merits.

Third, Mr. Baron has not been interfering with the collection of rents as plaintiffs allege. He did not instruct the renter of the Blackbear property to pay rent "to me" on or after June 6,

---

[1] Mr. Baron advised the Court in his Opposition that some notices may have gone to prior counsel but, if they did, they were not forwarded on to him. (Dkt. 203, at 2, 4.) Plaintiffs present the Firwood foreclosure as if they just discovered it in connection with their Reply, but it was mentioned specifically in plaintiffs' moving papers as one of which they were already aware, as it is scheduled to take place in August 2018. (Dkt. 197, at 5; *see also* Ex. 1 hereto (exchange between counsel to this effect, verified as a true and correct copy by undersigned counsel)).

either orally or in a text. There is no communication shown involving the payment of rent. The "to me" appears to be a software indicator on the renter's phone indicating that the incoming text was "to me" – i.e., to the renter. It is not a response to a substantive question about the payment of rent. The substantive communication addressed the impending Blackbear foreclosure, with Mr. Baron responding, "My attorney is working on stopping the sale." This statement was accurate and appropriate. Mr. Baron's attorney in Oregon in fact was working to that end, and it is part of Mr. Baron's business to address and stop foreclosures of the properties if his companies have the notice, time, and resources to do so. There is nothing contemptuous – or even nefarious – about the conversation, not even close. Plaintiffs inaccurately characterize a communication about which they do not have firsthand knowledge.[2]

For these additional reasons, the OSC Motion should be denied.

DATED this 14th day of June, 2018.

STEPHEN K. CHRISTIANSEN, ATTORNEY AT LAW

By: _____/s/ Stephen K. Christiansen_____
Stephen K. Christiansen
*Attorney for Defendants/Counterclaim Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of June, 2018, I caused a true and correct copy of this pleading to be served electronically upon all counsel of record via the Court's CM/ECF system.

_____/s/ Stephen K. Christiansen_____

---

[2] The Reply, which is verified by plaintiff David Law as "legal counsel for Plaintiffs," purports to characterize a conversation between Mr. Baron and the Blackbear renter to which he was not a party. (Dkt. 214, at 8 & Ex. 4.) Defendants previously accounted for Blackbear rents to plaintiff. (*Id.* Ex. 2.)