# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL L. DEEM, et. al., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> TRACEY BARON, et. al., <br><br> Defendants/Counterclaim Plaintiffs. | **MEMORANDUM DECISION** <br><br> **AND ORDER** <br><br><br> 2:15cv755 DS <br><br> District Judge David Sam |

Plaintiffs have moved for Partial Summary Judgment on issues relating to contract, based on the grounds that no triable issue of fact remains for trial. ECF No. 229. This opinion will address only those narrow issues that are raised by the present motion: (1) failure of consideration, and (2) non-recourse.

As the court noted in its denial of Plaintiffs' prior motion for summary judgment on all causes of action (ECF No. 186), Rule 56(a) states: "The court shall grant summary judgment if the movant shows that there is *no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law" (emphasis added). In this case, the record is full of fact disputes on every major point. Plaintiffs' current motion lists seven statements of allegedly undisputed material facts, all of which Defendants dispute. Defendants' main dispute with most of the statements is that Plaintiffs do not cite to properly identified witness testimony or other evidence to support the assertions. The Local rules require the following:

> A motion for summary judgment must include the following sections and be supported by an Appendix of Evidence as follows:

> . . .
>
> > (3) <u>Statement of Undisputed Material Facts:</u> A concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law. Only those facts necessary to decide the motion should be included in this section. The moving party must cite *with particularity* the evidence in the appendix of Evidence that supports each factual assertion.

DUCivR 56-1(b)(3) (emphasis added). Plaintiffs fail to cite with particularity the evidence in their Appendix of Evidence that supports each factual assertion. Specifically, Plaintiffs fail to cite witness testimony or other evidence to support their assertions in five of their seven fact statements (1, 4, 5, 6, or 7).

With respect to fact statements 2 and 3, Plaintiffs allege (without identifying specific amounts) that certain monies were paid to the defendants and certain amounts were returned by the defendants to the plaintiffs. Plaintiffs point in the aggregate to numerous contracts, but their other citations do not contain witness testimony or other evidence "cite[d] with particularity" that supports each of these factual assertions.

Defendants dispute a number of Plaintiffs' other "undisputed material facts." Defendants dispute the inference argued by Plaintiffs that any individual defendant signed the subject loan contracts. Rather, each contract was entered into with an entity defendant and signed by a representative of that entity in his representative capacity. Defendants also dispute that any properties outside of Oregon are part of the ongoing issues in this case. Defendants note that Plaintiffs have admitted in a previous summary judgement motion that the amounts paid and received are disputed in this case.

**Failure of Consideration**

In the current motion for partial summary judgement, Plaintiffs argue that Defendants have no evidence to support their affirmative defense of failure of consideration,[1] and therefore, that the court should grant partial summary judgment with respect to that defense. Defendants' failure of consideration claim applies only to the Hilltop Joint Venture. As evidence in support of this affirmative defense, Defendants cite paragraph 3(k) of the Hilltop Joint Venture Agreement:

> k) Law and Deem are required to contribute no more than $110,000 towards development and partitioning of the anticipated lots. Any amounts required in excess of $110,000.00 shall be the responsibility of MBaron and TBaron.

ECF No. 229, Ex. #11, at 2. Defendant Tracy Baron states in his declaration that the intent of this section was for Plaintiffs Law and Deem to contribute the first $110,000 toward these costs, but no more. ECF No. 235-2, ¶3. He also states that Law and Deem acknowledged this obligation, but they expressly declined to fulfill it. *Id.,* ¶ 4. Defendants argue that this constitutes failure of consideration, so Plaintiffs' motion on this point should be denied.

Plaintiffs admit that they made no further funding relative to the Hill Top Property beyond the initial investment of $400,000. They argue that since the Hilltop Joint Venture Agreement is a fully integrated contract, the argument rests entirely on the interpretation of the agreement and is purely a question of law properly decided on summary judgment. They cite a different section of the Hilltop Joint Venture Agreement, which states, "Law's and Deem's primary role is to provide funding as needed and approved by all parties." ECF No. 230, Ex. #11,

---
[1] The affirmative defense asserted by Defendants is failure of consideration, not lack of consideration. *Gen. Ins. Co. of Am. V. Carnicero Dynasty Corp.,* 545 P.2d 502, 504 (Utah 1976) ("Where consideration is lacking, there can be no contract. Where consideration fails, there was a contract when the agreement was made, but because of some supervening cause, the promised performance fails.")

at 5, ¶7f. Plaintiffs argue that beyond the initial investment of $400,000, there is no evidence of any other funding which was approved yet left unfunded. Thus, according to Plaintiffs, there is no evidence of breach.

When considering summary judgment, the court must view all evidence in the light most favorable to the non-moving party. Viewing the Hilltop Joint Venture Agreement in that light, the court concludes that summary judgment is not appropriate on the failure of consideration issue. Paragraph 3k of the agreement could be interpreted to mean that Plaintiffs did indeed have a responsibility to provide further funding, thus creating a genuine dispute as to that material fact. Summary judgment on the failure of consideration issue is denied.

**Non-recourse**

Plaintiffs also seek summary judgment on the non-recourse issue. They cite paragraph 9 of the Supplemental Loan Agreements, which supplement the Promissory Notes (ECF. No. 229, Ex. #2, 3, 4, 5, 6, and 7). Paragraph 9 states that "[t]he loan is non-recourse in nature to the individual partners of the Borrower." This is the only reference anywhere to the question of non-recourse. The Hilltop Joint Venture Agreement makes no mention of anything being non-recourse, so this claim does not apply to it, but only to the Supplemental Loan Agreements.

Plaintiffs acknowledge that the agreements between the parties are non-recourse as to the individual partners of the borrowers. Plaintiffs argue that the language does not indicate that the loans are non-recourse with respect to the Borrower himself, but that they are non-recourse only with respect to those partners of the Borrower who are individuals as opposed to limited liability companies, corporations or partnerships. Plaintiffs claim that no individual partners have been sued. The only individuals sued are Tracey Baron and his wife, Michelle Baron, whom Plaintiff

asserts are Borrowers. According to Plaintiffs, there has never been any suggestion that Tracey and Michelle are partners, and thus the non-recourse language does not apply.

Plaintiffs' argument assumes, however, that Tracey Baron signed the agreements in his individual capacity. Defendants argue that he did not, but rather that he entered into the agreements on behalf of limited liability entities and signed as managing member of those entities. For example, one of the Supplemental Loan Agreements says that it is entered into by and between RenX Group, LLC and DJ Property Solutions, LLC and Deem Realty Funding, Inc. The agreement is signed by David G. Law, managing member of DJ Property Solutions and Tracy Baron, Managing Member of RenX Group, LLC. The other Supplemental Loan Agreements contain similar wording. Defendant Tracy Baron argues that no liability can be imposed against him as a non-party to the agreements or under the non-recourse language of the agreements: "The loan is non-recourse in nature to the individual partners of the Borrower." Defendants claim that the "Borrower" in each instance is an entity, and Mr. Baron is, at best, one of the "individual partners of the Borrower" who cannot be sued in his individual capacity for breach of the agreements, per the plain language of the agreements.

Summary judgment is not appropriate unless the movants can present to the court a material fact record that is undisputed. On the non-recourse issue, one of the critical material facts—the identity of the "Borrower"—is disputed. Plaintiffs have not carried their burden to establish an undisputed fact record, and summary judgment is not appropriate.

For the above reasons, the court hereby DENIES Plaintiffs' Motion for Partial Summary Judgment Relating to Contract Issues (ECF No. 229). SO ORDERED.

DATED this 11 day of February, 2019.

BY THE COURT:

DAVID SAM
United States District Judge