UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL L. DEEM, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>TRACEY BARON, et. al.,<br><br>Defendants. | **MEMORANDUM DECISION**<br><br>**AND ORDER**<br><br>2:15-CV-00755-DS<br><br>District Judge David Sam |

## INTRODUCTION

In 2009, Plaintiffs and Defendants began working together on real estate investments. Plaintiffs provided funds and Defendants performed the ground work. The relationship began to deteriorate in 2015 due to a number of disagreements. Plaintiffs filed suit in 2015. Defendants filed a counterclaim in 2017. In this motion for summary judgment, Plaintiffs "seek partial summary judgment on the tort issues of Defamation, Interference with Economic Relations and Abuse of Process." ECF No. 230 at 4. Although Plaintiffs allege that Defendants asserted these three claims as counterclaims, Defendants point out that there is currently no claim before the court for interference with economic relations.[1] Because there is no claim for relief so pleaded, this court need not render a decision on that claim. The court also notes that Plaintiffs have not

---

[1] *See* ECF No. 215, at 12. "Defendants' Counterclaim does not plead a claim for interference with economic relations. The Counterclaim uses the phrase, or something similar to it, on more than one occasion, but it does not purport to plead the elements of the claim as a separate cause of action. ECF No. 87, at 57, 62.

1

presented any evidence or argument to support summary judgment on the abuse of process claim, so this court's prior denial of summary judgment on this claim stands. The only remaining claim before the court is Defamation.

Although the plaintiffs do not seek relief on other grounds in their motion, they do brief a number of other claims and defenses: (1) rent skimming, (2) licensing violations, (3) tax code violations, (4) loan disclosure violations, (5) bankruptcy violations, and (6) violations of the Fair Debt Collection Act. Defendants have withdrawn the rent skimming, bankruptcy, and Fair Debt Collection Act claims, so the court will not address those claims. As to the remaining claims, Defendants first argue that Plaintiffs' motion fails to comply with the governing rules for identifying and arguing undisputed material facts. Second, Defendants argue that Plaintiffs failed to establish an undisputed fact record on which to base summary judgment. Finally, Defendants argue that Plaintiffs have not adequately met the requirements and are therefore not entitled to summary judgment as a matter of law.

**LEGAL STANDARD**

The moving party is entitled to summary judgment if there is no genuine issue as to any material fact and the moving party can prove all the elements of the claim as a matter of law. Fed.R.Civ.P. 56(a). "A fact is material for purposes of summary judgment if its determination might affect the outcome of the suit under the governing law." *Roberts v. Jackson Hole Mountain Resort Corp.*, 884 F.3d 967, 972 (10th Cir. 2018). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering summary judgment, the court must view all

evidence in the light most favorable to the non-moving party. *Commercial Union Ins. Co. v. Sea Harvest Seafood Co.*, 251 F.3d 1294, 1298 (10th Cir. 2001).

A party is permitted to move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or affirmative defense. *Celotex Corp.*, 477 U.S. at 322. However, in such case, the movant cannot simply make a conclusory assertion that the opposing party has no evidence; rather, the movant must identify specific issues and demonstrate the absence of evidence. See *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). The burden then lies on the non-moving party to establish the existence of a genuine issue of material fact pertinent to each element essential to its claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If there is a genuinely disputed material fact, the case must proceed to trial. However, if there is a lack of a genuinely disputed material fact, "[t]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## ANALYSIS

**A. Defamation and Slander**

Under Utah law, a statement is defamatory if it "impeach[es] an individual's honesty, integrity, virtue, or reputation and thereby exposes the individual to public hatred, contempt, or ridicule." *Cox v. Hatch*, 761 P.2d 556, 561 (Utah 1988) (citing Utah Code Ann. § 45–2–2(1)). The guiding principle in determining whether a statement may be considered defamatory is its tendency to damage a reputation. *Id*. A plaintiff pursuing defamation must prove the following elements: (1) the named defendant published statement(s) about the named plaintiff; (2) the

3

published statements were false, defamatory, and not subject to privilege; (3) the statements were published with the required degree of fault; and (4) the publication caused damage to the plaintiff. *West v. Thomson Newspapers*, 872 P.2d 999, 1008 (Utah 1994); *see also* Model Utah Jury Instruction CV1602. "Whether a statement is capable of sustaining a defamatory meaning is a question of law." *Id*.

A statement is defamation per se if the words used fit within one of the well-established categories. *Westmont Mirador, LLC v. Miller*, 362 P.3d 919 (Utah App. 2014). In order to rise to the level of defamation per se, "the defamatory words must charge criminal conduct, loathsome disease, conduct that is incompatible with the exercise of a lawful business, trade, profession, or office, or the unchastity of a woman." *Baum v. Gillman*, 667 P.2d 41, 43 (Utah 1983). Further, the statements "must be of such common notoriety that damage can be presumed from the words alone." *Id*. Under Utah law, damages are presumed if a statement is defamatory per se. *Farm Bureau Life Ins. Co. v. Am. Nat. Ins. Co.*, 505 F. Supp. 2d 1178, 1192 (D. Utah 2007). To determine whether a statement is libelous per se courts must look to whether the language used concerns a person (or his or her affairs) that "from its nature must, or presumably will as its natural and proximate consequence, cause pecuniary loss to the person about whom the statement is made." *Id*. However, "if a statement is capable of two interpretations, where one is slanderous and the other not, the statement is not slander per se." *Id*.

Defendants in this case filed a counterclaim against Plaintiffs alleging defamation and slander. In Plaintiffs' Motion for Summary Judgment, Plaintiffs make three arguments in favor of summary judgment on the defamation claim. First, Plaintiffs argue that "Defendants have not offered evidence of any kind concerning the alleged defamation." ECF No. 230 at 8. Second, Plaintiffs argue that they have not "communicated with any of Defendants 'important stake

4

holders' in any fashion, let alone defamatorily or slanderously." *Id.* at 9. Finally, Plaintiffs argue that truth is a complete defense and is considered privileged communication, and that even if they have communicated with important stake holders, Defendants have failed to allege "that such communications were not truthful." *Id.*

In their opposition to the motion, Defendants dispute Plaintiffs' allegations with exhibits identifying specific statements and their falsity. These statements include "that one or more of the defendants committed fraud, stole money from the plaintiffs, could not be trusted, was taking money from others 'under the table,' and would be going to jail if he acted to 'pressure' tenants…" ECF No. 236, at 4-5. These statements considered in the light most favorable to the nonmoving party, may fit within the boundaries of defamation per se as stated in *Baum* because these words seem to charge Defendants with criminal conduct and/or conduct incompatible with the exercise of lawful business. Defendants have sufficiently established the existence of disputed material facts with regard to the defamation claim.

Defendants also challenge Plaintiffs' assertion of privilege, arguing that Plaintiffs did not invoke a privilege other than truth. They also assert that there is no applicable privilege in the present case pursuant to MUJI 2d CV1608, comm. note (identifying privileges in Utah law).

Defendants' Opposition is particularly persuasive in regard to the motion's failure to comply with governing rules. *See* ECF No. 236 at 7-9). Defendants dispute the accuracy of Plaintiffs allegation regarding privilege. Privilege is an affirmative defense for which Plaintiffs bear the burden at trial. *Zoumadakis v. Uintah Basin Med. Ctr., Inc.*, 122 P.3d 891, 893 (Utah App. 2005). Plaintiffs claim privilege as an assertion of undisputed fact when it is more accurately considered an assertion of law. *See* MUJI 2d CV1608.

5

### B. Licensing

Defendants allege in their counterclaim that their contracts with Plaintiffs are void because they were made in violation of Oregon Revised Statutes Ann. § 86A.103. Plaintiffs suggest that they are briefing a no-evidence motion on the licensing issue. They admit that they are not licensed mortgage brokers, and thus contend that no facts are in dispute concerning this claim. Plaintiffs base their licensing discussion on purported assertions of fact, however, not on "no evidence." ECF No. 230 at 12-13. They concede they are not licensed brokers. *Id.* at 12. But then they allege that they "do not have any expectation of compensation," that they "do not handle mortgage type loans," that they "are not in the business of making loans secured by an interest in real estate," that they "do not maintain a place of business within the state of Oregon and do not solicit borrowers in the state," that they "used their own funds for their own investments and are not engaged in the business of making loans secured by an interest in real estate." *Id.* at 12.

Defendants point out that this is not a "no-evidence" motion. This is a motion based on alleged facts for which there is no support given in the Plaintiffs' statement of facts. Also, Plaintiffs concede facts that show an absence of an undisputed fact record: they say they were involved in "two loans that were secured" and three instances where David Law received a small payment for work he did incident to loan creation." ECF No. 230 at 13. Plaintiffs have themselves created a fact dispute and are in effect advancing trial argument.

According to Defendants, the provisions of the Oregon Revised Statutes Part 86A require parties in the plaintiffs' position to be licensed by the State of Oregon. *See* ORS § 86A.100(3)(b)(C), (5)(b)(F). The contracts plaintiffs invoke in this case were made with one or

### B. Licensing

Defendants allege in their counterclaim that their contracts with Plaintiffs are void because they were made in violation of Oregon Revised Statutes Ann. § 86A.103. Plaintiffs suggest that they are briefing a no-evidence motion on the licensing issue. They admit that they are not licensed mortgage brokers, and thus contend that no facts are in dispute concerning this claim. Plaintiffs base their licensing discussion on purported assertions of fact, however, not on "no evidence." ECF No. 230 at 12-13. They concede they are not licensed brokers. *Id.* at 12. But then they allege that they "do not have any expectation of compensation," that they "do not handle mortgage type loans," that they "are not in the business of making loans secured by an interest in real estate," that they "do not maintain a place of business within the state of Oregon and do not solicit borrowers in the state," that they "used their own funds for their own investments and are not engaged in the business of making loans secured by an interest in real estate." *Id.* at 12.

Defendants point out that this is not a "no-evidence" motion. This is a motion based on alleged facts for which there is no support given in the Plaintiffs' statement of facts. Also, Plaintiffs concede facts that show an absence of an undisputed fact record: they say they were involved in "two loans that were secured" and three instances where David Law received a small payment for work he did incident to loan creation." ECF No. 230 at 13. Plaintiffs have themselves created a fact dispute and are in effect advancing trial argument.

According to Defendants, the provisions of the Oregon Revised Statutes Part 86A require parties in the plaintiffs' position to be licensed by the State of Oregon. *See* ORS § 86A.100(3)(b)(C), (5)(b)(F). The contracts plaintiffs invoke in this case were made with one or

more Oregon residents or companies, relate to Oregon real estate, and involved funds going into Oregon. The licensing requirement applies to residential mortgage transactions where the subject transaction is one "in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained in property upon which four or fewer residential dwelling units are planned or situated." ORS § 86A.100(8). Plaintiffs assert that this describes the Hilltop property deal.

Defendants' Opposition is particularly persuasive regarding the motion's failure to comply with governing rules. *See* ECF No. 236 at 7-9. Defendants' correctly state that the motion fails to cite with "particularity" pursuant to DUCivR 56-1(b)(3). Plaintiffs' statement of undisputed material facts consists of only eight facts—four of which are unsupported by any evidentiary citation. ECF No. 230 at 6-7. The other facts refer generally with no "particularity" in citation as required by the rule. Moreover, at first blush the motion seems to rely on those eight "undisputed material facts" yet Plaintiffs cite and discuss other items of evidence throughout the discussion. It is unclear which facts Plaintiffs rely on throughout the motion. This falls short of the summary judgment standard which requires that "the movant must identify specific issues and demonstrate the absence of evidence." *McKnight*, 149 F.3d at 1128.

Moreover, the record remains "full of fact disputes on every major point" as previously stated in this Court's Memorandum Decision and Order denying Plaintiffs' previous Motion for Summary Judgment. ECF No. 226. The motion and opposition are themselves filled with factual disputes. Rule 56(a) states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The law can only be applied once the facts are found. Plaintiffs' motion fails to meet this standard with regards to the Licensing claim.

### C. Tax Code

Defendants allege that Plaintiffs violated 26 U.S.C. § 4975(c)(1)(D) and in doing so, exposed Defendants to liability under 26 U.S.C. § 4975(a)-(b). Plaintiffs assert that there were no violations of the tax code and that even if there were violations, Defendants would not share in any culpability. Plaintiffs cite a report by a tax attorney in support of this argument. Plaintiffs next argue that the contract itself is not illegal because it was "capable of being performed in a legal manner" and "a lawful contract is not rendered illegal by illegal acts committed in the performance of that contract." (Mot. at 14). Finally, according to Plaintiffs, there are no factual issues because enforceability is to be decided by the court.

First, Defendants argue that Plaintiffs improperly present legal conclusions to the court. Next, Defendants maintain that they have offered evidence that Plaintiffs' transactions violated 26 U.S.C. § 4975(c)(1)(D) exposing Defendants to liability under 26 U.S.C. § 4975(a)-(b).

Defendants' Opposition is again persuasive in regard to the motion's failure to comply with governing rules. (See Opp. at 7-9). Defendants' correctly state that the motion fails to cite with "particularity" pursuant to DUCivR 56-1(b)(3). Plaintiffs' statement of undisputed material facts consists of only eight facts—four of which are unsupported by any evidentiary citation. (Mot. at 6-7). The other facts refer generally with no "particularity" in citation as required by the rule. Moreover, at first blush the motion seems to rely on those eight "undisputed material facts," yet Plaintiffs cite and discuss other items of evidence throughout the discussion. It is unclear which facts Plaintiffs rely on throughout the motion. The motion falls short of the summary judgment standard which requires that "the movant must identify specific issues and demonstrate the absence of evidence." *McKnight*, 149 F.3d at 1128. Further, Plaintiffs cite to the court a

"report" prepared by "a partner in a prominent nationwide tax firm" in support of their position. This was not laid out in the summary judgment facts; the witness was not properly identified for trial or in connection with this summary judgment motion; and he purports to be giving the court a legal opinion.

Moreover, the record remains "full of fact disputes on every major point" as previously stated in this Court's Memorandum Decision and Order denying Plaintiffs' previous Motion for Summary Judgment (ECF No. 226). The Motion and Opposition are themselves filled with factual disputes. Rule 56(a) states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The law can only be applied once the facts are found. Plaintiffs' motion fails to meet this standard with regard to the tax claim.

### D. Loan Disclosures

Defendants claim in their Answer and Counterclaim that the contracts were illegal because Plaintiffs did not comply with disclosure laws such as the Truth-in-Lending Act (TILA), 15 U.S.C. § 1601 *et seq.,* and Regulation Z, 12 C.F.R. § *et. Seq.* These statutes and regulations require disclosures in connection with consumer credit transactions. "The term 'consumer credit transaction' means any transaction in which credit is offered or extended to an individual for personal, family, or household purposes." 15 U.S.C. § 1679a(2).

Plaintiffs argue in their motion for summary judgment that these disclosure laws have no application because they apply only to consumer loans and the loans in this case were not consumer loans. These loans were made to businesses, not consumers. Moreover, TILA only applies to credit transactions involving secured real estate, or those in excess of $25,000.00. 15

U.S.C. § 1603(3). Here, the real estate was not secured (except 2) and the amounts were under $25,000.00. Plaintiffs note that while the Hilltop property was over this amount, the Hilltop transaction was a Joint Venture, not a consumer credit transaction. *See* ECF No. 230. Exhibit 11. Plaintiffs assert that Defendants offer no proof that these are consumer loans. In fact, Defendants attempted to discharge these loans in the Chapter 11 business bankruptcies.

In their opposition to the summary judgment motion, Defendants address only the arguments regarding the Hilltop transaction, which leads the court to conclude that Defendants concede that the disclosure laws do not apply to any of the other loans. And regarding the Hilltop transaction, Defendants simply state that "the plaintiffs loaned money to defendants in connection with a transaction for the purchase and sale of the Baron family household but did not give disclosures in connection therewith." Although the Joint Venture Agreement does say that Tracey and Michelle Baron would occupy the home as their primary residence, the stated purpose of the joint venture agreement was "facilitating a mutually beneficial venture opportunity under which the parties will cooperate to purchase and rehabilitate/remodel residential properties as well as subdivide land where possible for their mutual benefit." ECF No. 230. Exhibit 11. This was clearly a joint business transaction, and not a "consumer credit transaction," which by definition is "any transaction in which credit is offered or extended to an individual for personal, family, or household purposes." 15 U.S.C. § 1679a(2).

The court grants the Motion for Summary Judgment with respect to the Loan Disclosures claim.

### E. Unlawful Trade Practices

In their Answer and Counterclaim, Defendants claim that Plaintiffs violated the Oregon Unlawful Trade Practices Act. Plaintiffs argue in their summary judgment motion that Oregon's Unlawful Practice Act does not apply because first, there was no deceptive practice and second, the Act is directed at "consumer problems." (ECF No. 230 at 16). Moreover, Plaintiffs allege that the Utah statutes addressing deceptive trade practices (False Advertising, Truth in Advertising, and Motor Vehicle Act) are likewise inapplicable because "there are no advertising or motor vehicle violations alleged" and the "allegations are supported by neither facts or law." (ECF No. 230 at 16).

Defendants argue that they have presented evidence that Plaintiffs violated the section of the Oregon Unlawful Trade Practices Act that states: "[a] person engages in an unlawful trade practice if in the course of the person's business, vocation or occupation the person: (1) Employs any unconscionable tactic in connection with selling, renting or disposing of real estate, goods or services, or collecting or enforcing an obligation . . . ." ORS § 646.607(1). Defendants argue that the plaintiffs violated this section by going to third parties and falsely alleging that the defendants are crooks who steal money, cheat, commit fraud, and cannot be trusted. Plaintiffs allegedly did this while attempting to collect rent monies that they believed they were owed as a result of their agreements with Defendants. Defendants also assert that Plaintiffs' actions violate the Utah Truth in Advertising Act, which makes it an unfair trade practice in the course of a person's business, vocation or occupation to "disparage the goods, services, or business of another by false or misleading representation of fact." Utah Code §13-11a-3(1)(h). Viewing the evidence in the light most favorable to the defendants, the court finds that there is a genuine issue

of material fact pertinent to the Unlawful Practices Act claim.  Therefore, summary judgment on this claim is not appropriate.

## CONCLUSION

Based on the above and for good cause appearing, the court hereby denies in part and grants in part Plaintiff's Motion for Partial Summary Judgment Relating to Certain Tort and Statutory Violation Issues (ECF No. 230). The court denies Plaintiffs' claims for defamation, licensing violations, tax code violations, and Unlawful Practices Act. The court grants only Plaintiffs' claim with respect to loan disclosure violations.   So ordered.

DATED this 27th day of February, 2019.

BY THE COURT:

_____
DAVID SAM
Senior Judge
United States District Court