Stephen K. Christiansen (6512)
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
Telephone:  801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com

*Attorney for Defendants/Counterclaim Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL L. DEEM, et al.,<br><br>        Plaintiffs/Counterclaim Defendants,<br><br>vs.<br><br>TRACEY BARON, et al.,<br><br>        Defendants/Counterclaim Plaintiffs. | **DEFENDANTS' MOTION TO CONTINUE TRIAL**<br><br>Civil No. 2:15-cv-755-DS<br><br>Honorable David Sam<br><br>**<u>EXPEDITED HEARING REQUESTED WITH RELATED MOTIONS: MARCH 7, 2019, AT 1:00 PM</u>** |

## INTRODUCTION

Defendants move to continue the trial date in this case. They file this motion in the alternative to their motion seeking to exclude all plaintiffs' evidence at trial.

The grounds for this motion are threefold. First, plaintiffs did not timely disclose evidence for trial and defendants would be prejudiced by plaintiffs' untimely disclosures of numerous witnesses and thousands of pages of documents. Second, plaintiffs have themselves complained of what they say are defendants' discovery defaults and untimely disclosures; while defendants disagree, a continuance would allow a complete cure. Third, and most importantly, defendants simply need the time to fully and fairly present their case. Despite best efforts, and

especially in light of the volume of the documentation in this case, defense counsel cannot be prepared by the trial date to properly present the defendants' case.

For these reasons, if the Court does not exclude plaintiffs' evidence in its totality, the Court should grant the defendants a continuance of approximately 60 days to adequately prepare their case for trial. Assuming plaintiffs do not make additional document disclosures beyond the thousands of pages already untimely disclosed, defendants will not seek a further continuance.

## ARGUMENT

The decision whether to continue a trial is a discretionary one to be made by the district court based on "the circumstances of the individual case." *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). The Court of Appeals will not disturb that decision unless it was "arbitrary or unreasonable and materially prejudiced the [moving party]." *Id.* The relevant factors to be considered include:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that [movant] might suffer as a result of the district court's denial of the continuance. . . . No single factor is determinative and the weight given to any one may vary depending on the extent of the [movant's] showing on the others.

*Id.* (quotations and citation omitted). Each of these factors will be addressed after brief discussion of the grounds for the motion.

*First*, defendants have moved *in limine* to exclude plaintiffs' witnesses and exhibits, which were not timely disclosed. (Dkt. 257.) The instant continuance motion is made in the alternative to that motion in limine and is based on the same grounds. Defendants incorporate by reference their argument set forth therein, in addition to all arguments set forth herein.

*Second*, plaintiffs have themselves moved *in limine* to exclude defendants' principal witnesses (the Barons), other witnesses, and certain documents. (Dkt. 254, 255, 256.) Notably, plaintiffs claim they would be prejudiced because they have not had the chance to take the Barons' depositions; do not know what other witnesses will say; and are just now receiving documents that were not previously in existence. Defendants have responded to each of those motions and incorporate their response set forth therein, in addition to all arguments set forth herein. But these issues can be worked out with a continuance, including the Barons' depositions, for which they have made and do make themselves fully available in Salt Lake City.

*Third*, defense counsel is not ready for trial, despite every effort being made to be ready. There are thousands and thousands of pages of documents. They were not timely disclosed as of the repeatedly extended pretrial disclosure date of February 21, 2019. Defense counsel gave and gave and gave extensions to plaintiff's counsel – even though plaintiffs did not reciprocate – and plaintiffs still did not timely comply. This is true even though the time extensions cut deeply into anticipated trial preparation time. Defendants simply are not ready to present their case, despite counsel's every effort. They have not assimilated the thousands upon thousands of pages of documents nor fully prepared their witnesses to be able to address them and respond to them and the other evidence (if it were admitted). They do not have time to review the documents to agree to admission, as the Court has requested, nor even to make Rule 26(a)(3) objections – there simply is not enough time – and would have to take the thousands of pages of documents one at a time and make objections during trial. There is no way the trial could even be conducted in one week or probably even two. Defendants need additional time to prepare and present, and they ask for 60 days – assuming no additional disclosures from plaintiffs at this late date.

The Tenth Circuit's factors articulated in *Rogers* cut in favor of granting this one final trial continuance.

First, defense counsel has been diligent. He has worked tirelessly since he came onto this case to get up to speed, address numerous motions, respond to all discovery, meet all deadlines, facilitate a mediation, engage in settlement discussions, and work in a professional manner with plaintiffs' counsel. This has been true even though he has met with strong resistance from the plaintiffs at every step of the way. He has also been very giving to the plaintiffs, granting every requested extension, working with plaintiffs' counsel under the difficult circumstances of his losing his spouse, not opposing after-the-fact extensions or seeking preclusive sanctions when plaintiffs have repeatedly missed deadlines, granting and honoring informal extensions even when plaintiffs did not document them with the Court, avoiding petty disputes, working out issues through counsel as the Court had urged, stopping the flow of motions to the Court over every issue, and changing the dynamics of this case from one of animosity and spiteful adversarial combativeness to one of cooperation and working toward a common procedural goal of getting this case tried. He has done this solo and despite a heavy caseload on other matters. Most importantly for this factor, he has done all this hand-in-hand with his clients, who have walked with him lockstep in accomplishing these goals and should receive the benefit of those efforts. He cannot be accused in this case of anything but the utmost diligence.

Next, the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance favors the defendants. They simply need the time to adequately prepare the case. They will do so diligently and without delay. They will not seek any further continuance. The continuance will undoubtedly accomplish its purpose.

The inconvenience to the plaintiffs, their witnesses, and the Court resulting from the continuance is not overly prejudicial. This case has been pending four years and is on the brink of trial; 60 days more will not be unduly prejudicial. Defendants stipulated to allowing out-of-state witnesses to appear by video feed, so witness travel and accommodation cost is not a significant consideration. Plaintiffs are here locally and would not be put out travel-wise. The bankruptcy stay has been lifted as to Michelle Baron to allow this case to be tried, and that will not change. Defendants cooperated twice and did not object when plaintiffs needed a trial continuance under the circumstances then facing plaintiffs, even after plaintiffs had insisted there be no more continuances.

The need asserted for the continuance favors the defendants. The case should be heard fully and on its merits, with all parties having the opportunity to put their best foot forward. Defendants simply are not in a position to do so. Defendants put substantial time, effort, and resources into urging, arranging, preparing for, and participating in a mediation. Because of the parties' and the mediator's schedules, that mediation did not take place until February 20, 2019. Defendants did everything they could possibly do to attempt an amicable resolution of this case. Those efforts failed, but they were resources spent in a valiant effort to resolve this dispute without court intervention that took time away from trial preparation and led ultimately to plaintiffs' failure to timely provide pretrial disclosures and defendants' inability to be fully prepared on the trial front.

Lastly, the harm the defendants will suffer if the Court denies the continuance weighs in favor of granting the motion. Defendants will be hamstrung at trial if the continuance is denied. Defendants do not have the funds to hire a team of lawyers, or even to keep up on the legal bills of their current attorney. Their attorney is doing everything he can to have this case ready but is

only one person and simply cannot do it. A trial on the merits should represent a chance for each side to present their case in its best light, with their attorney in command of all the facts, documents, and issues, prepared for examination, cross-examination, and argument. The defendants simply are not there and cannot get there in the remaining four days before trial. They have not even been able to review the 6,000+ pages of documents that were disclosed after the deadline. They reluctantly ask the Court's indulgence for one final continuance and will not ask for more. The request on this front is need-based and in the interests of justice. In the world of litigation, 60 days will be here in no time and the case will be ready to be tried fully and on all fronts.

Under the Tenth Circuit's rubric, no single continuance factor is determinative and the weight given to any one factor may vary depending on the extent of the movant's showing on the others. *See Rogers*, *supra*. Here, all factors favor the brief continuance requested in this motion.

## CONCLUSION

For the reasons set forth herein, and in the alternative to defendants' motion in limine to exclude plaintiffs' evidence at trial (Dkt. 257), the Court should grant this motion and continue the trial for 60 days. In light of the mass of documentary evidence plaintiffs indicate they intend to present, with which defense counsel is not conversant, the Court should examine with counsel how much time will be needed for the re-set bench trial, which may exceed the one-week estimate previously made.

## REQUEST FOR EXPEDITED HEARING

Defendants respectfully request that this motion be heard with the motions in limine that are currently set for an expedited hearing before the Court on March 7, 2019, at 1:00 p.m.

DATED this 7th day of March, 2019.

        STEPHEN K. CHRISTIANSEN, ATTORNEY AT LAW

By:    /s/ Stephen K. Christiansen
      Stephen K. Christiansen
      *Attorney for Defendants/Counterclaim Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of March, 2019, I caused a true and correct copy of this pleading to be served electronically upon all counsel of record via the Court's CM/ECF system.

      /s/ Stephen K. Christiansen