MARK A. LARSEN (3727)
LISA C. RICO (8901)
LARSEN & RICO, PLLC
170 S. Main St., Suite 1150
Salt Lake City, UT 84101
Telephone: (801) 364-6500
mlarsen@larsenrico.com
lrico@larsenrico.com

*Attorney for Plaintiffs/Counterclaim Defendants*

---

# UNITED STATES DISTRICT COURT

# STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL L. DEEM, *et al.*,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>TRACEY BARON, *et al.*,<br><br>Defendants/Counterclaim Plaintiffs. | Case No. 2:15-CV-755-DS<br><br>**RULE 12(b)(1) & (6) MOTION TO DISMISS COUNTERCLAIM FOUNDED ON INTERNAL REVENUE CODE and OREGON MORTGAGE BANKER VIOLATIONS**<br>(Oral Argument Requested)<br><br>Judge David Sam |

Pursuant to Fed. R. Civ. P. 12(b)(1) & (6), Counterclaim Defendants move the Court to dismiss the Counterclaim to the extent it is based on Counterclaim Defendants' purported violations of federal tax law or Oregon's Mortgage Banker Statutes (ORS § 86A.100, *et al.*) because this Court lacks subject-matter jurisdiction over them and they fail to state a claim upon which relief can be granted:

**MOTION TO DISMISS COUNTERCLAIM
FOUNDED ON INTERNAL REVENUE CODE or OREGON MORTGAGE BANKER
VIOLATIONS**

    **A. Internal Revenue Code Violations.**

Counterclaim Plaintiffs do not have standing to pursue any portion of the Counterclaim containing claims based on violation of the Internal Revenue Code "(IRC)" or its associated regulations. Counterclaim ¶¶ 73, 118, 143, 147 (Dkt. #87). The allegations essentially are that the Counterclaim Defendants used their Self Directed IRAs in a manner that violated sections of the IRC and its associated regulations, primarily IRC §§ 219, 408 & 4975.

For example, in Paragraph 188(e), the Counterclaim alleges: "That due to the Tax law governing IRAs, and the Deem/Law Counter Defendants' numerous and varied violations thereof, the parties' agreements involving the handling of advances from and payments to the IRAs were and are null and void due to illegality and are unenforceable . . . ." The Eighth Claim for Relief (Counterclaim ¶¶ 142-49) appears to be based on an allegation that the "Tax law and regulations governing IRAs provided that the IRAs were required to pay all or at least their pro rata share of all expenses associated with their ownership of real property." Counterclaim ¶ 143.

There is no statute granting a private right of action to any private party for another citizen's violation of an Internal Revenue Code or a regulation promulgated under that Code. Because it is clear that the statutes in question do not expressly create a private right of action, such a right exists only if it arises by implication. There is no implied private right of action. First, the Counterclaim Plaintiffs are not "one of the class

2

for whose especial benefit the statute was enacted."  Second, there is no legislative intention to create any such remedy for the Counterclaim Plaintiffs.

The Counterclaim provisions based on a violation of tax law fail to state a claim for relief and should be dismissed with prejudice.

**B.  Oregon Mortgage Banker Violations.**

"'Mortgage banker' does not include: A person that makes a loan secured by an interest in real estate with the person's own moneys for the person's own investment and that is not engaged in the business of making loans secured by an interest in real estate." ORS § 86A.100(b)(C).  There is no allegation in the Counterclaim that the Counterclaim Defendants are engaged in the business of making loans secured by an interest in real estate.

Further, and just as importantly, there is no allegation in the Counterclaim that Counterclaim Defendants "directly or indirectly secured by a mortgage or deed of trust or any lien interest on real estate and that is created with the consent of the owner of the real property," the definition of a "Mortgage banking loan" under ORS § 86A.100(4).

There are two categories of transactions: (1) the Joint Venture Agreement; and (2) forty-seven loans, consisting of Promissory Notes and related documents, but no mortgages or trust deeds.  The Counterclaim admits that the structure of the Joint Venture Agreement does not involve a loan secured by a trust deed or mortgage.  Oregon's Mortgage Banker Statutes (ORS § 86A.100, *et al.*) does not apply to co-tenants who purchased the property jointly.

3

The purported violations of Oregon's Mortgage Bank Lender Statute do not state a cause of action and should be dismissed.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**A. Internal Revenue Code Violations.**

Counterclaim Plaintiffs do not have a private right of action for Counterclaim Defendants' purported violations of the Internal Revenue Code or regulations. In order to establish standing, Counterclaim Plaintiffs must demonstrate (1) they have suffered a concrete and particularized injury in fact, (2) traceable to the Counterclaim Defendants' act(s), and (3) likely to be redressed by a favorable decision by the court. *Bennett v. Spear*, 520 U.S. 154, 167, 137 L. Ed. 2d 281, 117 S. Ct. 1154 (1997); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992).

Standing takes three forms: constitutional standing, prudential standing, and statutory standing.

> The Supreme Court's "standing jurisprudence contains two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement, . . . and prudential standing which embodies 'judicially self-imposed limits on the exercise of federal jurisdiction.'" *Newdow*, 542 U.S. at 11 (*quoting Allen v. Wright*, 468 U.S. 737, 751, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)). To have Article III standing, "[t]he plaintiff must show that the conduct of which he complains has caused him to suffer an 'injury in fact' that a favorable judgment will redress." *Id.* at 12. The prudential standing doctrine encompasses various limitations, including "the general prohibition on a litigant's raising another person's legal rights." *Allen*, 468 U.S. at 751. "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). . . .
>
> The question of prudential standing is often resolved by the nature and source of the claim. *Id.* "Essentially, the standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a

right to judicial relief." *Id.* In some situations, an implied right of action may exist. *Id.* at 501. "Moreover, Congress may grant an express right of action to persons who otherwise would be barred by prudential standing rules." *Id.*

*Wilderness Soc'y v. Kane Cty.*, 632 F.3d 1162, 1168-69 (10th Cir. 2011).

There is no statute granting a private right of action to any private party for another citizen's violation of the IRC.[1] In the absence of an express private right of action in a given statute, there is a presumption that Congress did not intend to confer one. Accordingly, the party claiming an implied right of action bears a "heavy burden."

*Olmsted v. Pruco Life Ins. Co.*, 283 F.3d 429, 433 (2d Cir. 2002).

> Since it is clear that the statutes in question do not expressly create a private right of action, such a right exists only if it arises by implication. In *Cort v. Ash*, 422 U.S. 66, 45 L. Ed. 2d 26, 95 S. Ct. 2080 (1975), the Supreme Court listed four factors to guide judicial determination of whether a private right of action can be implied from a federal statute:
>
>> First, is the Plaintiff "one of the class for whose especial benefit the statute was enacted," -- that is, does the statute create a federal right in favor of the Plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the Plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law.
>
> *Cort*, 422 U.S. at 78 (emphasis in original) (citations omitted).
>
> In its more recent application of the *Cort* analysis, the Court has made increasingly clear that congressional intent, not judicially supplied policy considerations, is to be the basis of such a decision. *See, e.g., California v. Sierra Club*, 451 U.S. 287, 293, 297, 68 L. Ed. 2d 101, 101 S. Ct. 1775 (1981); *Transamerica Mortgage Advisors v. Lewis*, 444 U.S. 11, 15-16, 62 L. Ed. 2d 146, 100 S. Ct. 242 (1979); *Touche Ross & Co. v. Redington*, [**29] 442 U.S. 560, 575-76, 61 L. Ed. 2d 82, 99 S. Ct. 2479

---

[1] The False Claims Act is an example of a federal statute granting a private right of action. 31 USCS § 3730(b).  These private causes of action are often referred to as "qui tam actions."

(1979). This emphasis has caused the Court to focus on the first two *Cort* factors; only if they are met does the inquiry turn to the last two factors. *See California v. Sierra*, 451 U.S. at 298; *Touche Ross*, 442 U.S. at 574-76.

*Boisjoly v. Morton Thiokol, Inc.*, 706 F. Supp. 795, 806 (D. Utah 1988).  First, the Counterclaim Plaintiffs are not "one of the class for whose especial benefit the statute was enacted."  Some of them are not even taxpayers, but rather are limited liability companies, which are pass-through entities.  Second, there is no legislative intention to create any such remedy for the Counterclaim Plaintiffs.  The analysis need go no further.

### B.  Oregon Mortgage Banker Violations.

Counterclaim Defendants are not "Mortgage bankers" as that term is defined in ORS § 86A.100(b)(C).  There is no allegation in the Counterclaim that the Counterclaim Defendants are engaged in the business of making loans secured by an interest in real estate.

Also, there is no allegation in the Counterclaim that Counterclaim Defendants "directly or indirectly secured by a mortgage or deed of trust or any lien interest on real estate and that is created with the consent of the owner of the real property," the definition of a "Mortgage banking loan" under ORS § 86A.100(4).  None of the transactions at issue in this case are directly or indirectly secured by a mortgage or deed of trust.

There are two categories of transactions: (1) the Joint Venture Agreement; and (2) forty-seven loans, consisting of Promissory Notes and related documents, but no mortgages or trust deeds.  The Counterclaim admits that the structure of the Joint

Venture Agreement does not involve a loan secured by a trust deed or mortgage.

Paragraph 45 of the Counterclaim states:

> It was never intended that the Deem/ Law Counter Defendants would go on title to Hilltop, only Michelle Baron. But, at the last minute, Law and Deem demanded that their names go on title with that of Michelle Baron in order to be able to get funding. Consequently, the closing had to be delayed while all of **the documents were changed to put David Law and David Deem on title as co-tenants in common with Michelle Baron on the Hilltop property**.

(Emphasis added.) Oregon's Mortgage Banker Statutes (ORS § 86A.100, *et al.*) does not apply to co-tenants who purchased the property jointly.

These allegations in the Counterclaim fail to state a claim for which relief may be granted. They should be dismissed with prejudice.

## **CONCLUSION**

Based on Defendants' lack of standing, the allegations in the Counterclaim based on violation of federal tax law should be dismissed with prejudice. The allegations in the Counterclaim based on Oregon's Mortgage Banker Statutes (ORS § 86A.100, *et al.*) fail to state a claim for which relief may be granted. They should be dismissed with prejudice.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to DUCivR 7-1(f), Counterclaim Defendants request oral argument on their Rule 12(b)(1) & (6) Motion to Dismiss Counterclaim Founded on Internal Revenue Code Violations.

Dated: May 20, 2019.

                         LARSEN & RICO, PLLC

                         /s/ Mark A. Larsen
                         _____
                         Mark A. Larsen
                         *Attorney for Plaintiffs/Counterclaim Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 20, 2019, a true and correct copy of the foregoing Rule 12(b)(1) & (6) Motion to Dismiss Counterclaim Founded on Internal Revenue Code and Oregon Mortgage Banker Violations was served upon the following parties of through the Court's electronic filing system:

>Stephen K. Christiansen
>311 So. State Street, Suite 250
>Salt Lake City, Utah  84111

>/s/ Mark A. Larsen
>_____