UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL L. DEEM, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> TRACEY BARON, et. al., <br><br> Defendants. | **MEMORANDUM DECISION** <br><br> 2:15-CV-00755-DS <br><br> District Judge David Sam |

Defendant RenX Group, LLC, moved the Court pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment to remove awards related to properties in Illinois that are outside the scope of the issues tried in this case. ECF 350.  Plaintiffs' case at trial related to properties in Oregon; however, the final judgment inadvertently included awards related to properties in Illinois of $6,216.00 each in favor of the Roth IRAs of Plaintiffs Janine W. Law and Darrell L. Deem and against RenX Group, LLC.

Plaintiffs argue that Defendants did not object to evidence on record pertaining to the Illinois property, and that such evidence was admitted and is on record.  They also argue that Defendants have not cited to any stipulation by Plaintiffs in the transcript or otherwise indicating that Plaintiffs agreed to exclude the Illinois property.

Plaintiffs' suit did originally include claims relating to properties in Illinois.  When Plaintiffs, before trial, presented exhibits including the Illinois properties to Defendants and requested a stipulation to admit them, Defendants responded: "Our substantive position is that the Illinois transactions are outside the scope of the deal with your clients, but I understand there

is a dispute about this and I don't see it as going to the admissibility of the documents." ECF 361, Ex. A.  Later, Plaintiffs' counsel advised Defendants' counsel by telephone that Plaintiffs would be dropping the Illinois properties from their trial claims.  Defendants' counsel communicated the same day to his clients: "Plaintiffs are dropping the Illinois properties out of their claims." ECF 361, Ex. B.

The court in its findings and conclusions noted that the business and properties were centered in Portland, Oregon.  ECF 306, p. 3, ¶3.  The testimony was directed that way; there was no testimony about damages for these Plaintiffs related to properties in Illinois. The Illinois property contracts remained of record, but they were not invoked or argued.  The court entered its judgment based on the testimony and related evidence focused on the Oregon properties and underlying transactions.  The award of damages based on an Illinois property was an inadvertent oversight.

Based on the above and for good cause appearing, the court hereby grants Defendants' motion (ECF 350) and amends the judgment in this case to remove the awards of $6,216.00 each to the Roth IRAs of Janine W. Law and Darrell L. Deem entered against RenX Group, LLC.

SO ORDERED.

DATED this   17th   day of July, 2020.

BY THE COURT:

DAVID SAM
United States District Judge