UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL L. DEEM, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> TRACEY BARON, et. al., <br><br> Defendants. | **MEMORANDUM DECISION** <br><br> 2:15-CV-00755-DS <br><br> District Judge David Sam |

Defendants Tracey Baron, Michelle Baron, RenX Group, LLC, and Turning Leaf Homes, LLC (collectively "Movants") have moved the court pursuant to Fed. R. Civ. P. 59(e) and 60(b)(6) to alter or amend or grant other relief from the judgment. Defendants assert that events have come to light since the closing of trial providing a basis for the court to vacate the judgment. Defendants allege specifically that wrongdoing and error by parties—including two of the Plaintiffs—involved in Oregon bankruptcy court proceedings related to the underlying properties, were the legal cause of harm complained of by the Plaintiffs. As described below, it is unclear exactly what wrongdoing and error occurred.  The court hereby denies Defendants' motion.

A Rule 59(e) motion properly "requests a substantive change in the district court's judgment." *Nelson v. City of Albuquerque*, 921 F.3d 925, 928 (10th Cir. 2019) (citation and quotations omitted). Such motions are committed to the sound discretion of the Court. *See id.* at 929. To file a Rule 59(e) motion based on additional evidence, the moving party must show either that the evidence is newly discovered or that, if it was available earlier, a diligent attempt

to discover the evidence was unsuccessful. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012).

"Rule 60(b)(6) allows federal courts to relieve a party from a judgment for any reason . . . 'that justifies relief,'" if it is not in subsections (1) through (5). *Johnson v. Spencer*, 950 F.3d 680, 700 (10th Cir. 2020). Such relief is extraordinary and reserved for exceptional circumstances. The district court has broad discretion under this rule. See *id*.

Defendants support their Rule 59(e) and 60(b)(6) Motion to Alter or Amend Judgment (ECF 357) with a declaration of Tracey Baron. Plaintiffs' object to the use of this declaration on the basis that it lacks relevance, that the statements are conclusory rather than factual, and that the declarant lacks the expertise to draw legal conclusions. The court agrees with this objection. Defendants argue that there was wrongdoing and error in the bankruptcy proceedings, yet they fail to explain what Order in that court was erroneous and why. They also fail to say why it was not the subject of an appeal or other relief in bankruptcy. Defendants claim that they took title to property free and clear of liens; however, this is a legal conclusion which Defendants are not qualified to make. Defendants also assert that Plaintiffs used "aggressive tactics" in bankruptcy, but they fail to explain what the aggressive tactics were or how such tactics constitute grounds for amending this judgment.

Defendants have not made an adequate showing that any evidence is newly discovered or that a diligent attempt at discovery failed. Defendants state in ¶ 11: "Only now have the Movants been able to obtain the information necessary to see exactly what took place in the bankruptcy court proceedings. Those events were what gave rise to all claims Plaintiffs advanced in this case." There is inadequate evidence offered concerning what it was that

happened in bankruptcy. Stating that Plaintiffs were "aggressive" or that there were "collateral attacks," is inadequate to explain what happened without stating what the attacks were, who made them, when they were made and how they justify amending the judgment in this case. Based on the foregoing, and for good cause appearing, the court **DENIES** Defendants' Rule 59(e) and 60(b)(6) motion to alter or amend (ECF No. 351).

The court reaffirms its judgment in favor of Michelle Baron as the equitable owner of the property located at 18901 Hill Top Road, Lake Oswego, Oregon 97035, with equitable rights of redemption and sole right of possession, subject to an equitable mortgage in favor of David G. Law and Darrell L. Deem for the total sum of $248,000 each ($496,000 total), to secure these amounts owed to them by Michelle Baron. Oregon follows the lien theory of mortgages. *Kerr v. Miller*, 977 P.2d 438, 444 (Ore. App. 1999). "[A] mortgage on real estate does not convey legal or equitable title or interest to the holder of the mortgage (mortgagee)." *Id*. "Instead, the mortgagee has only a lien on the property." *Id.* (citing ORS 86.010; *Land Associates v. Becker*, 294 Or. 308, 312, 656 P.2d 927 (1982)). A lienholder is not entitled to possession. If Plaintiffs want possession, they must pursue appropriate remedies in the Oregon courts.

SO ORDERED.

DATED this  20th  day of July, 2020.

BY THE COURT:

*David Sam*

DAVID SAM
United States District Judge