UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL L. DEEM, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> TRACEY BARON, et. al., <br><br> Defendants. | **MEMORANDUM DECISION** <br><br> 2:15-CV-00755-DS <br><br> District Judge David Sam |

Plaintiffs have filed two related post-judgment motions: (1) Plaintiffs' Motion to Amend Findings of Fact and Conclusions of Law (ECF 358); and (2) Plaintiffs' Motion to Amend or Alter Judgment (ECF 359). The second of these two motions is dependent on the first; i.e., the relief sought in Plaintiffs' Motion to Amend or Alter Judgment is expressly premised on the court's first granting Plaintiffs' Motion to Amend Findings of Fact and Conclusions of Law. Consequently, the court will address both motions jointly in this Memorandum Decision.

The purpose of a Rule 52(b) motion is "to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence." *Lyons v. Jefferson Bank & Tr.,* 793 F.Supp. 989, 991 (D. Colo. 1992) (Citing *Fontenot v. Mesa Petrolueum Co.,* 791 F.2d 1207, 1219 (5th Cir. 1986). Such a motion should not be employed, however, "to introduce new evidence that was available at the time of trial but was not proffered, to advance new theories, or to secure a rehearing on the merits." *Id.* Blessed with the acuity of hindsight, [a party] may now realize that it did not make its initial case as compelling as it might have, but it cannot charge the district court with responsibility for that failure through this Rule 52(b) motion.'" *Id.* (quoting

*Fontenot,* 791 F.2d at 1220. The court has specifically rejected claims repeated here. Post-judgment motions are not appropriate to revisit issues already addressed.

**A. Date on which the equitable mortgage was awarded**

Plaintiffs request that the court identify the specific date on which the equitable mortgage awarded to David Law and Darrell Deem began. They argue that this is necessary to define the rights of the equitable mortgage, particularly as against other lien holders. The start date is the date the equitable mortgage was created by the parties, which in this case is the date of the Joint Venture Agreement, December 16, 2013. ECF 367, Exhibit A. *See Hoxworth v. Blinder*, 170 B.R. 438, 442-44 (D. Colo. 1994), aff'd, 74 F.3d 205 (10th Cir. 1996) (Even though judicially recognized at a later date, equitable lien relates back to time it was created by conduct of the parties). The court grants this request and hereby amends the equitable mortgage on the Hilltop property to match the date of the Joint Venture Agreement ("JVA"), December 16, 2013.

**B. Property taxes paid by David Law**

To protect his interest in the Hilltop property, David Law paid property taxes in the amount of $13,145.56 and insurance in the amount of $2,396.21. ECF 306, p. 40 ¶ 43. The court awarded judgment in favor of David Law and against Tracey Baron and Michelle Baron for this amount. ECF 325, p. 4, ¶ 8. The court is not opposed to amending the judgment to include that amount in the equitable mortgage amount as requested by Plaintiffs.

**C. Federal Tax Liens**

Plaintiffs suggest that the value of any state or federal tax liens be included in their equitable mortgage. They point out that the court's ruling reflects only the monetary consideration of the breaches of contract without considering the equitable effect such breaches

have on maintaining Plaintiff's right in equity.  On December 16, 2013, Michelle and Tracey Baron promised in the JVA to pay insurance, property taxes, and to not permit further encumbrances. There remains an amount of $36,095.02 in delinquent and unpaid property taxes. ECF 306, p. 14, ¶ 54.  The court finds that it was error not to include one half of the outstanding property tax value ($18,047.63) to David Law's equitable mortgage and one half to Darrell Deem's equitable mortgage.

Thus, Michelle Baron's equitable ownership of the Hilltop property is hereby amended to be "[s]ubject to an equitable mortgage in favor of David G. Law in the sum of $281,589.40 and Darrell L. Deem in the sum of $266,047.63, for a total sum of $547,637.03, to secure these amounts owed to them by Michelle Baron."

### D.  Prejudgment interest

The court rejects Plaintiffs' request to add more prejudgment interest.  The court has twice determined the interest question that they are now raising. The law of the case doctrine "is designed to promote finality and prevent re-litigation of previously decided issues . . . ." *Rimbert v. Eli Lilly & Co.,* 647 F.3d 1247, 1251 (10th Cir. 2011). "When law of the case doctrine applies, three circumstances generally warrant departure from the prior ruling: (1) new and different evidence; (2) intervening controlling authority; or (3) a clearly erroneous prior decision which would work a manifest injustice." *Id.* None of the exceptions identified in Tenth Circuit case law applies to allow the court to revisit the prejudgment interest issue a third time.

The court determined in its findings and conclusions that no interest would be appropriate because the Hilltop JVA was not a loan agreement. The court specifically did not award interest on the amounts invested but instead ordered their return. Before entry of the judgement, the

Plaintiffs asked the court to reconsider this ruling. The court—specifically noting that the amounts underlying the equitable mortgage were an obligation in favor of Plaintiffs and awarding post-judgment interest—declined to award pre-judgement interest on the equitable mortgage amounts. ECF 325, p. 3, ¶ 6.  The issue has already been addressed and decided.  Plaintiffs do not point to new and different evidence, intervening controlling authority, or a clearly erroneous prior decision that would work a manifest injustice.

E.  **Contract damage determinations under the loan transaction agreements**

The court dealt thoroughly and exhaustively with the issue of contract damages for the Loan Transaction Agreements in its Findings of Fact and Conclusions of Law. ECF 306, pp. 25-31, ¶¶ 5-20; *id.* Pp. 57-58, ¶¶ 1-3, 6-7. Plaintiffs have shown no reason to disturb those findings and conclusions.  The court heard and considered all the evidence and properly applied the law.  Plaintiffs merely emphasize some items of evidence from the voluminous trial record over others, ignoring what the court actually reasoned in connection with this issue.  The court's findings and conclusions on damages accurately reflect the weight of the evidence at trial in light of the governing law.  Plaintiffs were awarded damages, and in fact received a substantial award of attorney fees based thereon. ECF 360.

F.  **False pretenses**

Plaintiffs' request that the court conclude that Tracey Baron and all entities under the Supplemental Loan Agreements ("SLAs") took monies under false pretense.  The court considered and rejected the non-contract claims based on the testimony and other evidence at trial and especially in light of the legal standard requiring proof by clear and convincing evidence. ECF 306, pp. 5-7, 44-48. Plaintiffs fail to address that standard when making their

argument. As the court stated in its findings and conclusions, "This case is a contract case first and foremost, and the Plaintiffs have not clearly and convincingly demonstrated otherwise." ECF 306, p. 46, ¶15-22, 53-62.

Plaintiffs argue that false pretenses related to alleged "personal guarantees" made by Tracey Baron. In their proposed findings and conclusions, however, Plaintiffs asked the court specifically to enter a finding that "Tracey Baron did *not* personally guaranty any of the Promissory Notes or Supplemental Loan Agreements." ECF 302, p. 26, emphasis added. Before entry of judgment, they did not ask the court to make any findings and conclusions related to fraud based on alleged personal guaranties. They can advance no post-judgment argument for the first time on this basis.

## Conclusion

Based on the above and good cause appearing, the court hereby grants in part and denies in part Plaintiffs' Motion to Amend Findings of Fact and Conclusions of Law (ECF 358) as follows. The court amends the equitable mortgage awarded to David Law and Darrell Deem on the Hilltop property to identify the start date as December 16, 2013. The court also amends the Plaintiffs' equitable mortgage to include an amount of $15,541.77 in property taxes paid by Mr. Law to protect his interest in Hilltop, and an amount of $36,095.02 in delinquent and unpaid property taxes. The court denies, however, any additional award of prejudgment interest. The court also denies Plaintiffs' request for additional contract damages under the loan transaction agreements.

Based on the above, the court hereby grants in part Plaintiffs' Motion to Amend or Alter Judgement (ECF 359), as follows:

      5. "[s]ubject to an equitable mortgage, in favor of David G. Law in the sum of $281,589.40 and Darrell L. Deem in the sum of $266,047.63, for a total sum of $547,637.03, to secure these amounts owed to them by Michelle Baron."

      6. Judgment . . . for the total sum of $281,589.40 for David G. Law and $266,047.63 for Darrell L. Deem each ($547,637.03 total).

      8. Omit

The court denies the remainder of Plaintiff's Motion.

The court orders defense counsel to prepare the amended judgment based on this ruling and the court's rulings in ECF 365 and ECF 366, and present it to Plaintiffs for approval before submitting it to the Court for final entry and resolution in full of this case, to assure the proper adjustment of the final amounts due and owing among the numerous different parties in this case.

SO ORDERED.

DATED this __3rd__ day of August, 2020.

                        BY THE COURT:

                        _____
                        DAVID SAM
                        United States District Judge